# Exhibit 1

Michael K. Jeanes, Clerk of Court
*** Electronically Filed ***
Lori Cummings
Filing ID 266053
11/17/2008 1:51:48 PM

1    Peter Strojnik, 006464
2    3030 North Central Avenue, Suite 1401
     Phoenix, Arizona 85012
3    Telephone: 602-524-6602
     Facsimile: 602-296-0135
4    e-mail: *Strojnik@aol.com*
     Attorney for Plaintiff
5

6              **IN THE MARICOPA COUNTY SUPERIOR COURT**

7                **IN AND FOR THE STATE OF ARIZONA**

8    CONSUMER PROTECTION              ) NO.  CV2008-018530
     CORPORATION, an Arizona          )
9    Corporation,                     )      **NOTICE OF SUBMISSION OF**
                                      )   **PLAINTIFF'S RULE 26.1 DISCLOSURE**
10                      Plaintiff,    )              **STATEMENT**
                                      )
11   vs.                              )
                                      )   (ASSIGNED TO HONORABLE JOSEPH HEILMAN)
12   RADISSON HOTELS                  )
13   INTERNATIONAL, INC., a Delaware  )
     Corporation; TROPICAL TRAVEL     )
14   MARKETING, INC., a Florida       )
     Corporation; LOUIS QUILES, an    )
15   individual; JANE DOE QUILES, an  )
     individual; DIGITALSPEED         )
16   COMMUNICATIONS, INC., a          )
     Pennsylvania Corporation; INNOVATIVE )
17   COMMUNICATIONS, INC., a          )
18   Pennsylvania Corporation; ADAM   )
     PASTERNACK a/k/a ADAM HARRIS     )
19   PASTERNACK, an individual; JANE  )
     DOE PASTERNACK, an individual;   )
20   DHM VACATIONS, LLC, a Florida    )
21   Limited Liability Company;       )
     DRIFTWOOD VENTURES, INC., a      )
22   Florida Corporation; DRIFTWOOD   )
     HOSPITALITY I, INC., a Florida   )
23   Corporation; DRIFTWOOD           )
24   HOSPITALITY MANAGEMENT, LLC,     )
     a Delaware Limited Liability Company; )
25   MAINGATE HOSPITALITY, LP, a      )
     Delaware Limited Partnership.     )

                              -1-

1                                               )

2                         Defendants.  )

                                          )

3 **TO DEFENDANTS AND THEIR ATTORNEYS OF RECORD:**

4         PLEASE TAKE NOTICE that Plaintiff CONSUMER PROTECTION CORPORATION

5 submitted its Rule 26.1 Disclosure Statement on November 17, 2008.

6

7 DATED THIS 17th Day of November, 2008.

8

9                                       **PETER STROJNIK, P.C.**

10

11

12                                   By: Peter Strojnik

13                                   Attorney for Plaintiff

14 Original e-Filed this 17th day of
November, 2008 with:

15

16 Clerk of the Court
Maricopa County Superior Court

17

18 PDF copies mailed this
17th Day of November, 2008 to:

19

20 Craig W. Phillips, Esq.
Lewis & Roca, LLP

21 40 North Central Avenue
Phoenix, Arizona 85004-4429

22 cphillips@lrlaw.com
Attorney for Defendant RHI

23

24 Amy R. Freestone, Esq.
Faegre & Benson, LLP

25 2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, Minnesota 55402-3901

1  afreestone@faegre.com
   Attorney for Defendant RHI
2
3  Joan S. Burke, Esq.
   Osborn Maledon
4  2929 North Central Avenue, 21st Floor
   Phoenix, Arizona 85012-2793
5  Jburke@omlaw.com
   Attorney for Driftwood Defendants
6
7  With a copy mailed to:

8  Louis Quiles
   Tropical Travel Marketing, Inc.
9  1450 Eden Drive
   Deltona, Florida 32725
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

Michael K. Jeanes, Clerk of Court
*** Electronically Filed ***
Lori Cummings
Filing ID 269628
11/24/2008 1:24:49 PM

OSBORN
MALEDON

A PROFESSIONAL ASSOCIATION
ATTORNEYS AT LAW

The Phoenix Plaza
21st Floor
2929 North Central Avenue
Phoenix, Arizona 85012-2793

P.O. Box 36379
Phoenix, Arizona 85067-6379

Telephone    602.640.9000
Facsimile    602.640.9050

1   Joan S. Burke, 013687
2   Mark P. Hummels, 023283
    OSBORN MALEDON, P.A.
3   2929 North Central Avenue, 21st Floor
    Phoenix, Arizona 85012-2793
4   (602) 640-9000
    E-mail:  jburke@omlaw.com
5   E-mail:  mhummels@omlaw.com
6   Attorneys for Driftwood Ventures, Inc., Driftwood
    Hospitality I, Inc., DHM Vacations, LLC, and
7   Driftwood Hospitality Management, LLC

8             IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

9              IN AND FOR THE COUNTY OF MARICOPA

10

11  CONSUMER PROTECTION CORPORATION,            )   NO. CV2008-018530
    an Arizona Corporation,                     )
12                                              )   **REPLY IN SUPPORT OF**
              Plaintiff,                        )   **MOTION TO DISMISS**
13                                              )
14       vs.                                    )
                                                )
15  RADISSON HOTELS INTERNATIONAL, a            )
    Delaware Corporation; TROPICAL TRAVEL       )
16  MARKETING, INC., a Florida Corporation;     )
    LOUIS QUILES, an individual; JANE DOE       )   (Assigned to the
17  QUILES, an individual; DIGITALSPEED         )   Hon. Joseph Heilman)
    COMMUNICATIONS, INC., a Pennsylvania        )
18  Corporation; INNOVATIVE                     )
    COMMUNICATIONS,  INC., a Pennsylvania       )
19  Corporation; ADAM PASTERNACK a/k/a          )
20  ADAM HARRIS PASTERNACK, an individual;      )
    JANE DOE PASTERNACK, an individual; DHM     )
21  VACATIONS, LLC, a Florida Limited Liability )
    Company; DRIFTWOOD VENTURES, INC., a        )
22  Florida Corporation; DRIFTWOOD              )
23  HOSPITALITY I, INC., a Florida Corporation; )
    DRIFTWOOD HOSPITALITY MANAGEMENT,           )
24  LLC, a Delaware Limited Liability Company;  )
25  MAINGATE HOSPITALITY, LP, a Delaware        )
    Limited Partnership,                        )
26                                              )
27            Defendants.                       )
                                                )
28

2347139

1    Defendants Driftwood Hospitality Management, LLC, Driftwood Ventures,

2  Inc., Driftwood Hospitality I, Inc. and DHM Vacations, LLC (collectively, "these

3  Defendants") submit this Reply in support of their Motion to Dismiss. Plaintiff's

4  Response in Opposition to Driftwood Defendants' Motion to Dismiss ("Response")

5  mischaracterizes the Motion to Dismiss ("Motion") and fails entirely to address or

6  distinguish the cited authority barring Plaintiff and Plaintiff's counsel from

7  representing the class described in the Complaint. These Defendants therefore

8  respectfully ask the Court to dismiss the class allegations and, accordingly, to dismiss

9  the Complaint for failure to meet the Court's jurisdictional threshold for amount in

10  controversy under A.R.S. § 22-201(B).

11  **I.    INTRODUCTION**

12    Counsel for Plaintiff now argues that a 1989 agreement he made with his wife,

13  entitling her to hold separate property, resolves any conflict of interest created by Mr.

14  Strojnik representing a plaintiff's class for which his wife would effectively serve as

15  class representative. (Response at 5.) This argument is entirely without merit. As a

16  matter of law and legal ethics, Mr. Strojnik may not serve as class counsel while his

17  wife owns and controls the named Plaintiff corporation. Mr. Strojnik, thus, cannot

18  prosecute this Complaint as a class action and the class allegations should be

19  dismissed.

20    Contrary to the many mischaracterizations included in the Response, these

21  Defendants do not seek to disqualify Plaintiff's counsel from representing Plaintiff or

22  its officer/shareholder (counsel's wife). Plaintiff's discussion of cases addressing the

23  attempted interference with a client's choice of counsel is therefore a red herring. The

24  issue before the Court is not whether Plaintiff is entitled to select its own counsel, but

25  whether Mr. Strojnik and his wife may represent absent class members in the roles,

26  respectively, of class counsel and Plaintiff class representative. Such roles create

27  divided loyalties for both counsel and his wife that prevent either from adequately

28  representing the absent members of the class for which they seek certification. The

2

1   Response fails to distinguish the cited authorities holding that such a familial or

2   marital relationship creates a disqualifying conflict of interest.   Plaintiff's arguments

3   are without merit and these Defendants respectfully request that the Motion be

4   granted.

5   **II.    LEGAL ARGUMENT**

6            **A.    Plaintiff Does Not Deny the Numerous Overlapping Interests

7                    Between Plaintiff and Plaintiff's Counsel's Law Firm.**

8            The Response tacitly concedes that Mr. Strojnik is the sole incorporator of

9   Plaintiff Consumer Protection Corporation ("CPC"), an Arizona corporation that he

10  formed with his wife this past June.  The Response also concedes that Plaintiff's

11  counsel's law firm office is the corporate office of CPC, and that the fax at issue,

12  which caused CPC to bring this Complaint, was in fact sent to the fax number for Mr.

13  Strojnik's law firm.  Nonetheless, Mr. Strojnik insists that his law firm (*the recipient*

14  *of the fax in question*) retains a sufficiently independent identity from the Plaintiff

15  CPC (*which alleges that it, in fact, received the fax in question*), such that Mr.

16  Strojnik and CPC may adequately represent the putative class.  Mr. Strojnik argues

17  that his wife owns all the shares of CPC, that he will not share in any litigation

18  proceeds to CPC, and that he will not represent his wife in her capacity as the sole

19  director and shareholder of CPC.  (Response at 5-8.)  These arguments miss the point

20  and are, not surprisingly, unsupported by any relevant legal authority.

21          The cases relied upon by these Defendants do not turn on such subtle and slim

22  degrees of separation between a named plaintiff and putative class counsel as Plaintiff

23  urges.  Rather, the cases turn on the due process mandate that, for a court to fairly

24  adjudicate the rights of absent class members, it must ensure that the class

25  representative will be sufficiently aligned in interest with the plaintiff class to serve as

26  an independent check against the sometimes divergent personal interests of class

27  counsel. *Susman v. Lincoln Am. Corp.*, 561 F.2d 86, 89-91 (7th Cir. 1977).  That due

28  process mandate forces courts to recognize that, even when a plaintiff's counsel has

3

1   no direct stake in the litigation proceeds to the plaintiff, a close family or marital
2   relationship between a named plaintiff and plaintiff's counsel "create[s] an
3   unnecessary risk of conflict between the representative plaintiff and other class
4   members." *Kirby v. Cullinet Software, Inc.*, 116 F.R.D. 303, 310 (D. Mass. 1987)
5   (involving father-son relationship between named plaintiff and putative class
6   counsel). Where, as here, the named plaintiff is directed and controlled by a person
7   who is married to class counsel, and who thus has a financial stake in any legal fees
8   paid to class counsel, the conflict between the absent class members and the named
9   plaintiff is insurmountable. *See Stull v. Pool*, 63 F.R.D. 702, 704 (S.D.N.Y. 1974)
10  ("[T]he possible recovery of [named plaintiff married to putative class counsel] as a
11  member of the class is far exceeded by the financial interest she and her husband, as a
12  marital unit, might have in the legal fees engendered by this lawsuit. . . . [T]he clear
13  inherent conflict renders plaintiff an inappropriate representative of potential class
14  members whose interests must be protected under Rule 23(a)(4)."); *Zylstra v. Safeway*
15  *Stores, Inc.*, 578 F.2d 102, 104 (5th Cir. 1978) ("We are persuaded by the analysis of
16  the Third Circuit that attorneys who are partners or spouses of named plaintiffs, or
17  who themselves are members of the class of plaintiffs should be subject to a per se
18  rule of disqualification . . . and should not be permitted to serve as counsel for the
19  class.").

20          Class action lawsuits are intended to serve as a vehicle for pursuing claims of
21  class members through counsel, "not for . . . counsel to pursue their own goals
22  through those class members." *Ogden v. AmeriCredit Corp.*, 225 F.R.D. 529, 538
23  (N.D. Tex. 2005) (quoting *Berger v. Compaq Computer Corp.*, 257 F.3d 475, 484
24  (5th Cir. 2001)). Significantly, Plaintiff offers no legal authority refuting the widely
25  held conclusion that spouses may not serve as class counsel and class representative
26  in the same action.

27

28

4

1

2

3

4

   B.   Plaintiff's Counsel Cannot Rectify the Disqualifying Conflict of
        Interest by Simply Promising Not to Share in Any Money Judgment
        Obtained by His Wife in Her Capacity as Sole Shareholder of the
        Plaintiff Corporation.

5    Plaintiff's cramped view of what constitutes fair and adequate class

6  representation should give the Court pause.  To allow Plaintiff to maintain allegations

7  on behalf of absent class members, the Court would need to find adequate class

8  representation by *both counsel and the named plaintiff*.  But the named plaintiff

9  cannot adequately protect the putative class when its sole owner and managing

10 member is married to class counsel, whose legal fees from the litigation would likely

11 dwarf recovery (if any) to individual class members. *Stull*, 63 F.R.D. at 704.  Thus,

12 even *if* the apparent pledge by Plaintiff's counsel not to share in Plaintiff's recovery

13 were sufficient to ameliorate the conflict created for counsel by his shared interest in

14 the Plaintiff's recovery, that pledge does nothing to resolve the conflict presented by

15 the divided loyalties of the would-be class representative.  As class representative,

16 Mrs. Strojnik would be forced to weigh the value and timing of her husband's fee

17 award (a community interest) against the value of her recovery as sole shareholder of

18 the Plaintiff.  For this reason, Plaintiff's class allegations present an irreconcilable

19 conflict and should be dismissed as a matter of law.

20

21

   C.   Plaintiff's Proposed Remedies – Substitution of Plaintiff or
        Plaintiff's Counsel – Lack Merit.

22    Plaintiff submits that the Court should allow it to substitute in a new plaintiff

23 or new class counsel.  Although Plaintiff remains free to obtain new and independent

24 counsel, it has not made any formal attempt to do so and the Court has no obligation

25 or means to grant such a request without a named, and otherwise qualified, substitute

26 counsel with no disqualifying ties to Plaintiff.

27    Substitution of the Plaintiff, on the other hand, would be procedurally

28 improper.  This Complaint, on the facts alleged, must be judged for sufficiency

5

1   according to the parties now present before the Court.  *See, e.g., Fernandez v. Takata*

2   *Seat Belts, Inc.*, 210 Ariz. 138, 141 ¶¶ 12-13, 108 P.3d 917, 920 (2005) (where named

3   plaintiff in a purported class action lacked standing, court could not base standing on

4   alleged injuries to other members of the putative class).  The fact that a different plaintiff

5   might be permitted to bring a class action with similar or identical allegations provides no

6   fix for the disqualifying ethical disability facing *this* Plaintiff and *this* Plaintiff's counsel in

7   the case that is actually pending before the Court.

8   III.    CONCLUSION

9          For the foregoing reasons and those set forth in the Motion to Dismiss, these

10  Defendants respectfully request that the Court dismiss the Complaint.

11         DATED this 24th day of November, 2008.

12                                          OSBORN MALEDON, P.A.

13

14

15                                          By   /s/ Mark P. Hummels
                                                 Joan S. Burke
16                                               Mark P. Hummels
                                                 2929 North Central Avenue, 21st Floor
17                                               Phoenix, Arizona  85012-2793

18
                                            Attorneys for Driftwood Ventures, Inc.,
19                                          Driftwood Hospitality I, Inc., DHM Vacations,
                                            LLC, and Driftwood Hospitality Management,
20                                          LLC

21

22

23

24

25

26

27

28

6

1   Electronically filed this 24th day of
2   November, 2008.

3   COPY of the foregoing mailed
    this 24th day of November, 2008 to:
4

5   Peter Strojnik
    Peter Strojnik, P.C.
6   3030 North Central Avenue, Suite 1401
    Phoenix, Arizona 85012
7   Attorney for Plaintiff

8
    Craig W. Phillips
9   John Rawicz
    Lewis and Roca LLP
10  40 North Central Avenue
11  Suite 1900
    Phoenix, Arizona  85004-4429
12  Attorneys for Defendant Radisson Hotels
13           International Inc.

14
    /s/ Brenda Wendt
15

16

17

18

19

20

21

22

23

24

25

26

27

28

**LEWIS**
**AND**
**ROCA**
—— **LLP** ——
**L A W Y E R S**

40 North Central Avenue
Phoenix, Arizona 85004-4429
Telephone: (602) 262-5311
Craig W. Phillips, State Bar No. 009245
Robert G. Schaffer, State Bar No. 017475
Telephone (602) 262-5311
Fax (602) 734-3795
E-mail: cphillips@lrlaw.com
E-mail: rschaffer@lrlaw.com

F I L E D
11-14-08    3:00pm
MICHAEL K. JEANES, Clerk
By L Muhammad
Deputy

Attorneys for Defendant
Radisson Hotels International, Inc.

IN THE MARICOPA COUNTY SUPERIOR COURT

IN AND FOR THE STATE OF ARIZONA

| | |
|---|---|
| CONSUMER PROTECTION CORPORATION, an Arizona corporation, | No. CV2008-018530 |
| Plaintiff, | **ORDER RE:  PRO HAC VICE ADMISSION OF DAVID SNIEG** |
| vs. | (Assigned to the Honorable Joseph Heilman) |
| RADISSON HOTELS INTERNATIONAL, INC., a Delaware Corporation; TROPICAL TRAVEL MARKETING, INC., a Florida Corporation; LOUIS QUILES, an individual; JANE DOE QUILES, an individual; DIGITALSPEED COMMUNICATIONS, INC., a Pennsylvania corporation; INNOVATIVE COMMUNICATIONS, INC., a Pennsylvania corporation; ADAM PASTERNACK a/k/a ADAM HARRIS PASTERNACK, an individual; JANE DOE PASTERNACK, an individual; DHM VACATIONS, LLC, a Florida Limited Liability Company; DRIFTWOOD VENTURES, INC., a Florida Corporation; DRIFTWOOD HOSPITALITY I, INC., a Florida Corporation; DRIFTWOOD HOSPITALITY MANAGEMENT, LLC, a Delaware Limited Liability Company; MAINGATE HOSPITALITY, LP, a Delaware Limited Partnership. | |
| Defendants. | |

. . .

. . .

1987282.1



1      Based upon the Motion for Admission Pro Hac Vice of David Snieg and the

2  consent to appear as local counsel by Craig W. Phillips, it is hereby ordered that David

3  Snieg be admitted pro hac vice as co-counsel for defendant Radisson Hotels International,

4  Inc. in the above-entitled matter.

5

6      DATED this _12th_ day of _November_, 2008.

7

8

9                             The Honorable Joseph Heilman

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1987282.1

LEWIS
AND
ROCA
—LLP—
LAWYERS

40 North Central Avenue
Phoenix, Arizona 85004-4429
Telephone: (602) 262-5311
Craig W. Phillips, State Bar No. 009245
Robert G. Schaffer, State Bar No. 017475
Telephone (602) 262-5311
Fax (602) 734-3795
E-mail: cphillips@lrlaw.com
E-mail: rschaffer@lrlaw.com

FILED
11-14-08   3:00pm
MICHAEL K. JEANES, Clerk
By L. Muhammad
Deputy

Attorneys for Defendant
Radisson Hotels International, Inc.

IN THE MARICOPA COUNTY SUPERIOR COURT

IN AND FOR THE STATE OF ARIZONA

CONSUMER PROTECTION
CORPORATION, an Arizona corporation,

Plaintiff,

vs.

RADISSON HOTELS INTERNATIONAL,
INC., a Delaware Corporation; TROPICAL
TRAVEL MARKETING, INC., a Florida
Corporation; LOUIS QUILES, an
individual; JANE DOE QUILES, an
individual; DIGITALSPEED
COMMUNICATIONS, INC., a
Pennsylvania corporation; INNOVATIVE
COMMUNICATIONS, INC., a
Pennsylvania corporation; ADAM
PASTERNACK a/k/a ADAM HARRIS
PASTERNACK, an individual; JANE DOE
PASTERNACK, an individual; DHM
VACATIONS, LLC, a Florida Limited
Liability Company; DRIFTWOOD
VENTURES, INC., a Florida Corporation;
DRIFTWOOD HOSPITALITY I, INC., a
Florida Corporation; DRIFTWOOD
HOSPITALITY MANAGEMENT, LLC, a
Delaware Limited Liability Company;
MAINGATE HOSPITALITY, LP, a
Delaware Limited Partnership.

Defendants.

No. CV2008-018530

**ORDER RE: PRO HAC VICE
ADMISSION OF
AMY R. FREESTONE**

(Assigned to the Honorable Joseph
Heilman)

. . .

. . .

1987299.1

LEWIS
AND
ROCA
——LLP——
L A W Y E R S

1       Based upon the Motion for Admission Pro Hac Vice of Amy R. Freestone and the

2    consent to appear as local counsel by Craig W. Phillips, it is hereby ordered that Amy R.

3    Freestone be admitted pro hac vice as co-counsel for defendant Radisson Hotels

4    International, Inc. in the above-entitled matter.

5

6       DATED this _12th_ day of _November_, 2008.

7

8

9                       The Honorable Joseph Heilman

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

2

MICHAEL JEANES. CLERK
BY K. Sullivan DEP
FILED
08 NOV 10 AM 11: 28

1 | Peter Strojnik, 006464
2 | 3030 North Central Avenue, Suite 1401
Phoenix, Arizona 85012
3 | Telephone: 602-524-6602
Facsimile: 602-296-0135
4 | e-mail: *Strojnik@aol.com*
Attorney for Plaintiff
5 |

6 | **IN THE MARICOPA COUNTY SUPERIOR COURT**

7 | **IN AND FOR THE STATE OF ARIZONA**

| | |
|---|---|
| 8 CONSUMER PROTECTION CORPORATION, an Arizona Corporation, | ) NO. CV2008-018530 ) |
| 9 | ) **PLAINTIFF'S RESPONSE IN OPPOSITION** ) **TO DRIFTWOOD DEFENDANTS' MOTION** |
| 10 Plaintiff, | ) **TO DISMISS** ) |
| 11 vs. | ) (Honorable Joseph Heilman) ) |
| 12 RADISSON HOTELS INTERNATIONAL, INC., a Delaware | ) (Oral Argument Requested) ) |
| 13 Corporation; TROPICAL TRAVEL | ) |
| 14 MARKETING, INC., a Florida Corporation; LOUIS QUILES, an | ) ) |
| 15 individual; JANE DOE QUILES, an individual; DIGITALSPEED | ) ) |
| 16 COMMUNICATIONS, INC., a | ) |
| 17 Pennsylvania Corporation; INNOVATIVE COMMUNICATIONS, INC., a | ) ) |
| 18 Pennsylvania Corporation; ADAM PASTERNACK a/k/a ADAM HARRIS | ) ) |
| 19 PASTERNACK, an individual; JANE DOE PASTERNACK, an individual; | ) ) |
| 20 DHM VACATIONS, LLC, a Florida | ) |
| 21 Limited Liability Company; DRIFTWOOD VENTURES, INC., a | ) ) |
| 22 Florida Corporation; DRIFTWOOD HOSPITALITY I, INC., a Florida | ) ) |
| 23 Corporation; DRIFTWOOD | ) |
| 24 HOSPITALITY MANAGEMENT, LLC, a Delaware Limited Liability Company; | ) ) |
| 25 MAINGATE HOSPITALITY, LP, a Delaware Limited Partnership. | ) ) |

-1-

1                          )

2           Defendants. )
                         )

## SUMMARY OF RESPONSE

Driftwood Defendants seek to disqualify counsel for Plaintiff because the Plaintiff corporation is owned by Plaintiffs counsel's wife as her sole and separate property.

Defendant Driftwood's theory seems to be that Consumer Protection Corporation is not an independent, free standing corporation free of Counsel's financial interest because Counsel is married to its principal shareholder. Driftwood defendants do not mention that the stock is owned by Counsel's wife's as her sole and separate property to which Counsel has no monetary, equitable, or community interest. Defendants' first faulty assumption regarding ownership necessarily leads to a faulty result. But Defendants make a second faulty assumption: They assume that just because Counsel represents the Plaintiff corporation, he must also represent the individual officers, directors and shareholders.

A lawyer for a corporation does not represent the officers or directors of the corporation. *Waid v. Eighth Judicial District Court of the State of Nevada*, 119 P.3d 1219, 121 Nev. 605 (Nev. 2005); Restatement (Third) of the Law Governing Lawyers § 131 cmt. b (2000); *Boyd v. Second Judicial District Court*, 51 Nev. 264, 269-70, 274 P. 7. 8-9 (1929) (dismissing challenge to disqualification of lawyer who had worked for company with its former officer from representing the officer against the company); *Bobbitt v. Victorian House, Inc.*, 545 F. Supp. 1124 (N.D. Ill. 1982); *BNYCP v. Superior Court (Parsons Corp.)*, 70 Cal. Rptr. 2d 419 (Ct. App. 1997); *Jesse v. Danforth*, 485 N.W.2d 63 (Wis. 1992) Therefore, Defendants' Motion is not well taken and should be denied.

-2-

Defendants also argue that counsel should be disqualified based on the "appearance of impropriety". But, as explained above, there is not such "appearance". In addition, appearance of impropriety is "too slender a reed" upon which to rest disqualification of counsel. *Sellers v. Superior Court*, 154 Ariz. 281, 289, 742 P.2d 292, 300 (App. 1987); accord, *Gomez*, infra.

Lastly, the appropriate remedy in this case is the substitution of Plaintiff or of counsel, not dismissal; therefore, Plaintiff alternatively pleads for leave to substitute Plaintiff or counsel counsel.

This response is more fully supported by the following Memorandum of Points and Authorities that is by this reference incorporated herein.

## MEMORANDUM OF POINTS AND AUTHORITIES

### 1) Background

Consumer Protection Corporation (CPC) was initially organized for the purpose of eradicating small cap securities fraud through pump and dump schemes. See, e.g., *Consumer Protection Corporation v. Joytoto et al*, US District Court for the District of Arizona (2:08-cv-1983 JAT); *Consumer Protection Corporation v. Medefile et al*, US District Court for the District of Arizona (2:08-cv-01853-PHX-ROS). CPC discovered that thinly capitalized publicly trading companies often use massive fax broadcasts to stir the securities market (pump) and when the stock price increases, the controlling shareholders dump the stock, leaving the innocent investor with a huge loss. Such activities violate not only Rule 10b-5, but also the Telephone Consumer Protection Act of 1991 and the Junk Fax Prevention Act of 2005 47 U.S.C. § 227 *et seq.* case ("TCPA").

But the stock promoters are not the most notorious offenders of the TCPA – the Florida timeshare companies are.  In its natural migration and evolution, Consumer Protection Corporation moved to protect the consumers from the Florida timeshare promoters. Driftwood defendants are but one of many Florida timeshare promoters flooding the United States with unsolicited, unwanted faxes. See, e.g. Exhibit A

Driftwood does not deny that it engaged its codefendant Tropical Travel (Louis Quiles) and Mr. Quiles does not deny that he broadcast the offending faxes all over the United States. No one disputes that Digitalspeed Communications, Inc.; Innovative Communications, Inc.; and Adam Harris Pasternack actually sent the faxes out, and no one denies that the removal number belongs to these defendants.  Instead, the Driftwood Defendants seek to remove counsel for "conflict of interest". *See* Motion at 4.

### 2) Facts Necessary for a Determination of Defendants' Motion

Defendants' argument lacks factual clarity.  Defendants make the (incorrect) assumption that Plaintiff and Plaintiff's counsel are one and the same.  In Section B at page 4, Defendants argue:

> **A Person Cannot Serve As Both Class Counsel And Class Representative Because His Conflict Of Interest Arising From Such A Dual Role Precludes Fair And Adequate Class Representation**. (Emphasis in original)

This argument could be persuasive if Counsel for Plaintiff had a community, partnership or other interest in the Plaintiff. *See Turoff v. May Co.*, 531 F. 2nd 1357, 1360(6th Cir. 1976) (Counsel cannot be both the attorney and the class representative in a class action suit); *Shields v. Valley Nat'l Bank of Arizona*, 56 F.R.D. 448 (D. Ariz. 1971) (Counsel sought personal relief in a proposed class action suit). However, as fully recorded with the Maricopa County Recorder

at 89-19443 (Exhibit B), Counsel is neither the Plaintiff; nor does he have any community interest in the Plaintiff. In 1989, Counsel and his Wife entered into an Agreement specifically providing that all property in Wife's name shall be hers and hers alone, with Counsel enjoying absolutely no interest or entitlement to property so held. The 1989 Agreement is clear:

AGREEMENT

    Peter Strojnik hereby agrees that his wife, Tanya Strojnik, may
and can taker property, money, funds, personally or realty in her own
individual name, and that any such money, funds, personally, realty, or
other property so taken in her own name shall then be forever her sole
and separate property to which Peter Strojnik shall have no entitlement
whatsoever, and to which the community of Peter and Tanya Strojnik
shall have no entitlement whatsoever.

    This Agreement supersedes and all prior agreements not consistent
herewith.

    Dated this 24th day of April, 1989.

                                        /s/ Peter Strojnik

Counsel has no direct, indirect, contingent, equitable, community, or any other interest in law or equity in the Plaintiff. Exhibit 3, Declaration of Counsel.

### 3) Standard for Disqualifying Opposing Counsel

The Court in *Xcentric Ventures, LLC v. Stanley*, No. CV-07-00954-PHX-NVW (D.Ariz. 07/27/2007) stated the standard of review:

> "The district court has the duty and responsibility of supervising the conduct of attorneys who appear before it." *Erickson v. Newmar Corp.*, 87 F.3d 298, 300 (9th Cir. 1996). However, in carrying out this duty it must be "solicitous of a client's right freely to choose his counsel and . . . wary of disqualification motions interposed for tactical reasons." *Jamieson v. Slater*, 2006 WL 3421788, at *3 (D. Ariz. Nov. 27, 2006) (internal quotation marks omitted). "Only in extreme circumstances should a party to a lawsuit be allowed to interfere with the attorney-client relationship of his opponent." *Alexander v. Super. Ct.*, 141 Ariz. 157, 161, 685 P.2d 1309, 1313 (1984). A motion from opposing counsel to disqualify an attorney based upon an alleged conflict of interest is therefore to be "view[ed] with suspicion." *Gomez v. Super. Ct.*, 149 Ariz. 223, 226, 717 P.2d 902, 905 (1986).

In *Research Corp. Techs. v. Hewlett-Packard Co.*, 936 F. Supp. 697 (D.Ariz. 1996), the

Court denied a similarly filed motion to disqualify opposing counsel noting that:

> The burden is on the moving party to show "sufficient reason why an attorney
> should be disqualified from representing [a] client," and, "whenever possible the
> courts should endeavor to reach a solution that is least burdensome upon the client
> or clients." *Alexander*, 141 Ariz. at 161, 685 P.2d at 1313. Disqualification can
> result in increased expenses, delay in resolution of the proceedings and deprivation
> of choice of counsel. See *SWS Financial Fund A v. Salomon Bros. Inc.*, 790 F.
> Supp. 1392, 1400 (N.D.Ill. 1992). Thus, "only in extreme circumstances should a
> party to a lawsuit be allowed to interfere with the attorney-client relationship of
> [an] opponent." *Alexander*, 141 Ariz. at 161, 685 P.2d at 1313.

The Arizona Supreme Court spoke on the subject vehemently:

> **We** [the Arizona Supreme Court] ... **view with suspicion motions by opposing
> counsel to disqualify a party's attorney based upon conflict of interest or
> appearance of impropriety** ... *Gomez v. Superior Court*, 149 Ariz. 223, 226, 717
> P.2d 902, 905 (Ariz. 1986) (Emphasis supplied)

The Court should not "...permit Canon 9 to be manipulated for strategic advantage on

the account of an impropriety which exists only in the minds of imaginative lawyers".

*Alexander v. Superior Court*, 141 Ariz. 157, 165, 685 P.2d 1309, 1317 (1984). (citing from

*Woods v. Covington County Bank, 537 F.2d 804, 819* (5th Cir.1976)).

### 4) Plaintiffs Attorney Does Not Represent The Shareholders, Officers Or Directors Of The Plaintiff.

Generally, the relationship of client and lawyer arises only when: (1) a person manifests

to a lawyer the person's intent that the lawyer provide legal services for the person; and the

lawyer manifests to the person consent to do so. Restatement (Third) Of The Law Governing

Lawyers § 14, quoted with approval by the Arizona Supreme Court in *Paradigm Insurance Co.*

*v. Langerman Law Offices, P. A.*, 200 Ariz. 146, 24 P.3d 593 (2001). Indeed, comment c to §

14 indicates that either intent or acquiescence may establish the relationship. As a practical

-6-

matter, "an attorney is deemed to be dealing with a client when 'it may fairly be said that because of other transactions an ordinary person would look to the lawyer as a protector rather than as an adversary.'" *In re Pappas*, 159 Ariz. 516, 522, 768 P.2d 1161, 1167 (1988) (quoting *In re Neville*, 147 Ariz. 106, 111, 708 P.2d 1297, 1302 (1985)).

A lawyer representing a corporate entity represents only the entity, not its officers, directors, or shareholders, and not any related entities such as parents, subsidiaries or sister companies. *Waid v. Eighth Judicial District Court of the State of Nevada*, 119 P.3d 1219, 121 Nev. 605 (Nev. 2005); Restatement (Third) of the Law Governing Lawyers § 131 cmt. b (2000); *Boyd v. Second Judicial District Court*, 51 Nev. 264, 269-70, 274 P. 7. 8-9 (1929) (dismissing challenge to disqualification of lawyer who had worked for company with its former officer from representing the officer against the company); *Bobbitt v. Victorian House, Inc.*, 545 F. Supp. 1124 (N.D. Ill. 1982); *BNYCP v. Superior Court (Parsons Corp.)*, 70 Cal. Rptr. 2d 419 (Ct. App. 1997); *Jesse v. Danforth*, 485 N.W.2d 63 (Wis. 1992)

Admittedly, there are difficulties in determining the existence of an attorney-client relationship when a lawyer represents a small entity with "extensive common ownership and management," such as a limited partnership. *See* Restatement (Third) of the Law Governing Lawyers § 14 cmt. f. Factors to consider in determining whether an entity lawyer also represents an individual partner include: (1) whether the lawyer affirmatively assumed the duty of individual representation; (2) whether the partner had independent representation; (3) whether the lawyer previously represented the partner on a personal basis; and (4) whether the evidence demonstrates the partner's reliance on or expectations of the lawyer's separate representation. *Hopper v. Frank*, 16 F.3d 92, 95 (5th Cir. 1994). Accord, *MacFarlane v.*

–7–

*Nelson*, No. 03-04-00488-CV (Tex.App. Dist.3 09/15/2005) If the lawyer knows that, contrary to his own intentions, a partner is relying on the lawyer to represent his personal interests as well as those of the partnership, then the lawyer must clarify his intentions. *See* Restatement (Third) of the Law Governing Lawyers § 14 cmt. f. However, an attorney-client relationship is not created with the individual partner simply because the partner discusses matters with the lawyer that are relevant to both the individual's and the partnership's interests. Id.

The Declaration of Peter Strojnik filed herewith clearly states that Plaintiff Corporation has no reason to believe that Strojnik represents corporate officers, directors or shareholders individually.

**CONCLUSION AND PRAYER FOR RELIEF**

Defendants' factual background is in error; consequently, Defendants conclusions are erroneous. In any event, the remedy of dismissal is not appropriate in a disqualification matter. If this court were to determine that Plaintiff's counsel cannot represent the class – which the Court is urged it should not do – then the appropriate remedy is a substitution of counsel, not a dismissal.

RESPECTFULLY SUBMITTED THIS 6th day of November, 2008

**PETER STROJNIK, P.C.**

Peter Strojnik
Attorney for Plaintiff

-8-

The original of the foregoing mailed this
7th day of November, 2008, to:

The Clerk of the Superior Court
201 West Jefferson
Phoenix, Arizona 85003

And copies to:

Honorable Joseph Heilman
Judge of the Superior Court
201 West Jefferson
Phoenix, Arizona 85003

And to:

Joan S. Burke, Esq.
Mark P. Hummels, Esq.
**OSBORN MELADON**
2929 N. Central Avenue, 21st Floor
Phoenix, Arizona 85012-2793
Attorney for Driftwood Defendants

And to

Craig W. Phillips, Esq.
John Rawitz, Esq.
**LEWIS & ROCA, LLP**
40 North Central Avenue, Suite 1900
Phoenix, Arizona 85004-4429
Attorney for Radisson Hotels International, Inc.

-9-

**EXHIBIT A**



## 11 DAY UNFORGETABLE VACATION .

Taken together or separate

### 5 Days and 4 Nights in

# ORLANDO

3 Days & 2 Nights in

Daytona Beach and Ft. Lauderdale

Plus: 3 Day 2 Night BAHAMAS Cruise



*2 Children Free with 2 Paid Adults!   **Bonus:**   ☼5 Day Cancun or 7 Puerto Vallarta

☼Mini Excursion 3/2 **LAS VEGAS**

ALL THIS FOR ONLY

# $99

PP based on Double Occupancy
Taxes Apply



*Ask about 2 Theme Park Tickets!

For the **FIRST 100** callers!

**NO BLACKOUT DATES!** Travel over MAJOR holidays!

Wholesale Vacation Corporate Department
Licensed – Bonded – Insured

## Toll Free : 1-800-469-1275    **Limited Availability**

To Remove Call 1-888-277-7346

−10−

**EXHIBIT B**

LAW OFFICES
PETER STROJNIK, P.C.
4411 SOUTH 40TH STREET, SUITE 1
PHOENIX, ARIZONA 85040



'AGREEMENT (XG)        89  194443

**AGREEMENT**

        Peter Strojnik hereby agrees that his wife, Tanya
Strojnik, may and can take property, money, funds, personalty
or realty in her own individual name, and that any such
money, funds, personalty, realty, or other property so taken
in her own name shall then be forever her sole and separate
property to which Peter Strojnik shall have no entitlement
whatsoever, and to which the community of Peter and Tanya
Strojnik shall have no entitlement whatsoever.

        This Agreement supercedes any and all prior
agreements not consistent herewith.

        Dated this 24th Day of April, 1989.

                                  Peter Strojnik

STATE OF ARIZONA    }
                  } ss.
County of Maricopa )

        SUBSCRIBED AND SWORN to before me this 24th day of
April, 1989.

                        Notary Public

My Commission Expires:
My Commission Expires July 1, 1990

RECORDED IN OFFICIAL RECORDS
OF MARICOPA COUNTY, ARIZONA
APR 28 '89 -12 00
HELEN PURCELL, County Recorder
FEE 9 — PGS 1    &G

-11-

**EXHIBIT 3**

**DECLARATION OF COUNSEL**

My name is Peter Strojnik.  I make this declaration under the penalty of perjury based on my information, knowledge and belief.

1.  I have been licensed to practice law in the State of Arizona since 1980.

2.  I have practiced law *pro hac vice* from New Jersey to California, from Miami to Oregon.

3.  I have been married to my wife Tanya for 33+ years.

4.  For reasons not germane here, Tanya and I agreed many years ago that any property in her name would be her sole and separate property.

5.  In fact, in 1989 I signed the agreement divesting myself of any interest in any property taken in Tanya's name:

AGREEMENT

      Peter Strojnik hereby agrees that his wife, Tanya Strojnik, may and can taker property, money, funds, personally or realty in her own individual name, and that any such money, funds, personally, realty, or other property so taken in her own name shall then be forever her sole and separate property to which Peter Strojnik shall have no entitlement whatsoever, and to which the community of Peter and Tanya Strojnik shall have no entitlement whatsoever.

      This Agreement supersedes and all prior agreements not consistent herewith.

      Dated this 24th day of April, 1989.

/s/ Peter Strojnik

6.  Tanya owns many entities in her sole and separate name, including the Plaintiff entity in the above captioned suit, Consumer Protection Corporation.

7.  I have no interest in any entities owned by Tanya, including in particular Consumer Protection Corporation.  My lack of interest includes lack of direct interest, indirect interest, contingent interest, equitable interest, community interest, or any other interest in law or equity.

      Executed this 7th day of November, 2008.

-12-

MICHAEL JEANES, CLERK
BY *K. Sullivan* DEP

FILED

08 NOV -6 PM 3: 04

Peter Strojnik, 006464
3030 North Central Avenue, Suite 1401
Phoenix, Arizona 85012
Telephone: 602-524-6602
Facsimile: 602-296-0135
e-mail: *Strojnik@aol.com*
Attorney for Plaintiff

## IN THE MARICOPA COUNTY SUPERIOR COURT

## IN AND FOR THE STATE OF ARIZONA

| | |
|---|---|
| CONSUMER PROTECTION CORPORATION, an Arizona Corporation, <br><br> Plaintiff, <br><br> vs. <br><br> RADISSON HOTELS INTERNATIONAL, INC., a Delaware Corporation; TROPICAL TRAVEL MARKETING, INC., a Florida Corporation; LOUIS QUILES, an individual; JANE DOE QUILES, an individual; DIGITALSPEED COMMUNICATIONS, INC., a Pennsylvania Corporation; INNOVATIVE COMMUNICATIONS, INC., a Pennsylvania Corporation; ADAM PASTERNACK a/k/a ADAM HARRIS PASTERNACK, an individual; JANE DOE PASTERNACK, an individual; DHM VACATIONS, LLC, a Florida Limited Liability Company; DRIFTWOOD VENTURES, INC., a Florida Corporation; DRIFTWOOD HOSPITALITY I, INC., a Florida Corporation; DRIFTWOOD HOSPITALITY MANAGEMENT, LLC, a Delaware Limited Liability Company; MAINGATE HOSPITALITY, LP, a Delaware Limited Partnership. | ) NO. CV2008-018530 <br> ) <br> ) **DECLARATION OF SERVICE ON** <br> ) **CORPORATE ENTITY LOCATED** <br> ) **OUTSIDE THE STATE OF ARIZONA** <br> ) <br> ) **[A.R.C.P. 4.2(h)]** <br> ) <br> ) **(Maingate Hospitality, LP)** <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

-1-

)
           Defendants. )
_____)

The undersigned hereby makes the following Declaration under the penalty of perjury under the laws of the State of Arizona:

1. My name is Peter Strojnik. I have personal knowledge of all statements made herein.

2. Defendant Maingate Hospitality, LP is a corporation known to be incorporated and located outside of the State of Arizona.

3. The summons and a copy of the First Amended Complaint, Civil Cover sheet and Certificate of Arbitration were dispatched to Defendant Maingate Hospitality, LP's registered agent – CT Corporation System - via Certified Return Receipt US Mail.

4. Such papers were in fact received by Defendant Maingate Hospitality, LP care of its registered agent on September 12, 2008 as evidence by the signed return receipt (Exhibit 1).

5. Defendant Maingate's registered agent forwarded said papers to Maingate on September 16, 2008.

6. The date of receipt by the party being served and the date of return of the receipt to the sender is September 12, 2008 and September 18, 2008.

RESPECTFULLY SUBMITTED THIS 5th day of November, 2008

**PETER STROJNIK, P.C.**

Peter Strojnik
Attorney for Plaintiff

-2-

**SENDER:** *COMPLETE THIS SECTION*

■ Complete Items 1, 2, and 3. Also complete
  Item 4 if Restricted Delivery is desired.
■ Print your name and address on the reverse
  so that we can return the card to you.
■ Attach this card to the back of the mailpiece,
  or on the front if space permits.

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____  ☐ Agent  ☐ Addressee

B. Received by ( *Printed Name* )   C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:  ☐ No

1. Article Addressed to:

Maingate Hospitality, LP
c/o Statutory Agent
CT Corporation System
1200 S. Pine Island Rd.
Plantation, FLa
33324

3. Service Type
☐ Certified Mail   ☐ Express Mail
☐ Registered   ☐ Return Receipt for Merchandise
☐ Insured Mail   ☐ C.O.D.

4. Restricted Delivery? (*Extra Fee*)   ☐ Yes

2. Article Number
   (*Transfer from service label*)   7008 0500 0001 9185 1166

PS Form 3811, February 2004    Domestic Return Receipt    102595-02-M-1540

UNITED STATES POSTAL SERVICE

First-Class Mail
Postage & Fees
USPS
Permit No. G-10

● Sender: Please print your name, address, and ZIP+4 in this box ●

Peter Strojnik, Esq.
PETER STROJNIK, P.C.
3030 North Central Avenue
Suite 1401
Phoenix, Arizona 85012

# EXHIBIT 1

MICHAEL JEANES, CLERK
BY K. Sullivan DEP
FILED

08 NOV -6 PM 3: 04

1 | Peter Strojnik, 006464
2 | 3030 North Central Avenue, Suite 1401
Phoenix, Arizona 85012
3 | Telephone: 602-524-6602
Facsimile: 602-296-0135
4 | e-mail: *Strojnik@aol.com*
Attorney for Plaintiff
5

6 | **IN THE MARICOPA COUNTY SUPERIOR COURT**

7 | **IN AND FOR THE STATE OF ARIZONA**

| | |
|---|---|
| 8 CONSUMER PROTECTION CORPORATION, an Arizona | ) NO. CV2008-018530 |
| 9 Corporation, | ) |
| | ) **NOTICE OF DEFAULT** |
| 10 Plaintiff, | ) |
| | ) **[A.R.C.P. 55(a)]** |
| 11 vs. | ) |
| | ) **(Maingate Hospitality, LP)** |
| 12 RADISSON HOTELS | ) |
| 13 INTERNATIONAL, INC., a Delaware Corporation; TROPICAL TRAVEL | ) (Assigned to Honorable Joseph Heilman) |
| 14 MARKETING, INC., a Florida | ) |
| Corporation; LOUIS QUILES, an | ) |
| 15 individual; JANE DOE QUILES, an | ) |
| individual; DIGITALSPEED | ) |
| 16 COMMUNICATIONS, INC., a | ) |
| 17 Pennsylvania Corporation; INNOVATIVE | ) Concurrently filed with Declaration of Service of |
| COMMUNICATIONS, INC., a | ) Maingate Hospitality, LP |
| 18 Pennsylvania Corporation; ADAM | ) |
| PASTERNACK a/k/a ADAM HARRIS | ) |
| 19 PASTERNACK, an individual; JANE | ) |
| 20 DOE PASTERNACK, an individual; | ) |
| DHM VACATIONS, LLC, a Florida | ) |
| 21 Limited Liability Company; | ) |
| DRIFTWOOD VENTURES, INC., a | ) |
| 22 Florida Corporation; DRIFTWOOD | ) |
| 23 HOSPITALITY I, INC., a Florida | ) |
| Corporation; DRIFTWOOD | ) |
| 24 HOSPITALITY MANAGEMENT, LLC, | ) |
| a Delaware Limited Liability Company; | ) |
| 25 MAINGATE HOSPITALITY, LP, a | ) |
| Delaware Limited Partnership. | ) |

-1-

)
Defendants. )
_____)

Defendant Maingate Hospitality, LP has failed to appear or otherwise defend within the statutory period. Therefore, pursuant to Rule 55 (a), Ariz. R. Civ. P., Plaintiff gives notice as follows:

1. No Defendants in this matter are infants or incompetent persons.

2. Defendant Maingate Hospitality, LP has been served via Certified Return Receipt mail pursuant to A.R.C.P. § 4.2(h) care of its registered agent CT Corporation System on September 12, 2008, and said papers were forwarded from CT Corporation System to Maingate Hospitality, LP on September 16, 2008 – an Affidavit of Service attesting to said fact is being concurrently filed herewith.

3. The Damages sought in the Complaint is not for a sum certain and therefore cannot be stated with particularity. However, punitive damages are being sought for the sum of $5,000,000.00 and statutory damages for the sum of $1,500.00 per proposed class member is being sought.

RESPECTFULLY SUBMITTED THIS 5th day of November, 2008

PETER STROJNIK, P.C.

Peter Strojnik
Attorney for Plaintiff

The original of the foregoing mailed
This 5th day of November, 2008 with the
Clerk of the Superior Court with copies to:

-2-

The Honorable Joseph Heilman
Maricopa County Superior Court
East Court Building – 814
101 East Jefferson
Phoenix, Arizona 85003

Maingate Hospitality, LP
C/o Its Registered Agent
CT Corporation System
1200 South Pine Island Road
Plantation, Florida 33324
*Via Certified Return Receipt U.S. Mail*

Craig W. Phillips, Esq.
Lewis & Roca, LLP
40 North Central Avenue
Phoenix, Arizona 85004
Attorneys for Defendants RHI

Amy R. Freestone, Esq.
Faegre & Benson, LLP
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, Minnesota 55402
Attorneys for Defendants RHI

Joan Burke, Esq.
Osborn Maledon, P.A.
2929 North Central Avenue, 21st Floor
Phoenix, Arizona 85012
Attorneys for Defendants Driftwood

Louis Quiles
Tropical Travel Marketing, Inc.
1450 Eden Drive
Deltona, Florida 32725

-3-

Michael K. Jeanes, Clerk of Court
*** Electronically Filed ***
10/30/2008 8:00 AM

SUPERIOR COURT OF ARIZONA
MARICOPA COUNTY

CV 2008-018530                                                10/29/2008

                                                   CLERK OF THE COURT
HONORABLE JOSEPH B. HEILMAN                              L. Muhammad
                                                            Deputy

CONSUMER PROTECTION CORPORATION          PETER STROJNIK

v.

RADISSON HOTELS INTERNATIONAL INC,       CRAIG W PHILLIPS
et al.

                                         COURT ADMIN-CIVIL-ARB DESK
                                         DEPUTY CT ADMINISTRATOR,
                                         COURTWIDE SERVICES
                                         DOCKET-CIVIL-CCC
                                         E-FILE CASE MANAGEMENT
                                         FILE ROOM-CSC

CASE DESIGNATED FOR PARTICIPATION
IN
THE COURT'S E-FILING PROGRAM

        The Superior Court is transitioning civil cases to an electronic filing system.  Pursuant to
Administrative Order 2007-140,

        IT IS ORDERED that all pleadings in this case shall be electronically filed.

        The filing parties are required to submit all proposed forms of orders in a Microsoft Word
format to allow the Judge to efficiently manage the Court's review and ruling process on a timely
basis.

        **IT IS ORDERED counsel shall not send paper copies to this division**.

        Additionally, PLEASE NOTE, this division prefers separate pleadings for each motion.

Docket Code 530                    Form V000A                              Page 1

SUPERIOR COURT OF ARIZONA
MARICOPA COUNTY

CV 2008-018530                                    10/29/2008

**IT IS ORDERED counsel shall not file pleadings containing combined motions**.

The electronic filing system will be available for use **beginning today** and mandatory eFiling will commence on **December 1, 2008 (30 days from today)**.  Filing by conventional means may continue until this mandatory date.  ALL FILINGS NOT EFILED AFTER THE MANDATORY DATE WILL NOT BE CONSIDERED BY THE DIVISION UNTIL PROPERLY EFILED.

**If service has not yet been completed as to some or all of the Defendants, then it is the Plaintiff's responsibility to forward this minute entry to later appearing parties.**

You may now choose to use the Clerk of Court hosted eFiling system, or one of the Court's qualified eFiling service providers to electronically file your pleadings. Please visit the following web site for more information on your options for eFiling.

**http://www.clerkofcourt.maricopa.gov**

To assist in the transition to eFiling, the Office of the Clerk of the Superior Court has prepared instruction and training concerning the eFiling system. All parties and attorneys of record in this case are strongly encouraged to study this material before the mandatory eFiling date. The web site address for training materials is:

**http://eventures.clerkofcourt.maricopa.gov/training.asp**

Additionally, please be sure to review the eFiling Guidelines set forth by Administrative Order 2007-140 at the following web site address:

**https://efiling.clerkofcourt.maricopa.gov/efilingguidelines**

Upon the mandatory eFiling date, all attorneys of record shall eFile all pleadings in accordance with the guidelines set forth in Administrative Order 2007-140. Self-represented parties or pro per litigants, and other case participants like Mediators, Arbitrators, and Special Discovery Masters are strongly encouraged to eFile all pleadings. If a self-represented party or other case participant chooses to file their pleading in paper, they shall include a notation just under the case number on the first page of the pleading that the case is an "EFILE CASE".

The eFiling system can be accessed from any computer that has an Internet connection. Free internet access terminals are available in the Superior Court Law Library, and other public locations such as most public libraries.

SUPERIOR COURT OF ARIZONA
MARICOPA COUNTY

CV 2008-018530                                          10/29/2008

Where filing fees may incur on an electronic filing, they may be paid by credit card at the time of filing if the filing party choose to use a qualified eFiling service provider. If the filing party chooses to use the Clerk of Court's hosted eFiling system, the filing party will be contacted by the Clerk's Office by phone for credit card payment. If we are unable to process payment by phone, the filing party will be billed by the Billing Unit of the Clerk of Superior Court.

eFiled Orders from the Court will be distributed to attorneys in the same manner each attorney has elected to receive Minute Entries from the Court. Attorneys may enroll with the Clerk of the Court to receive their Minute Entries electronically via e-mail. The Minute Entry Distribution Agreement form may be downloaded at:

**http://www.clerkofcourt.maricopa.gov/forms.asp**

**The filing parties are required to submit all proposed forms of orders in a Microsoft Word format to allow the Judge to efficiently manage the Court's review and ruling process on a timely basis**.

Motion practice: The movant determines the caption of the filing and all captions on subsequent related filings shall bear the same designation. For example, the filing of a motion captioned "Defendant's Motion for Summary Judgment on Negligence" shall result in any subsequent related filings referring to that title in the caption: "Plaintiff's Response to Defendant's Motion for Summary Judgment on Negligence." No response to a motion shall contain a separate motion, except in the case of a cross-motion bearing the same designation.

**HONORABLE JOSEPH B. HEILMAN**
**MARICOPA COUNTY SUPERIOR COURT**
**EAST COURT BUILDING**
**101 WEST JEFFERSON**
**8th FLOOR, COURTROOM 814**
**PHOENIX, AZ 85003**
**602-506-0292 TEL**

**Person Filing:**     **Joan Burke**
**Address:**     **2929 N Central Ave 21ST Floor**
**City, State, Zip:**     **Phoenix, AZ 85012**
**State Bar:**     **013687**

MICHAEL K. JEANES
Clerk of the Superior Court

By EVANGELINA PEREZ, Deputy
Date 10/29/2008 Time 05:03 PM
Description    Qty    Amount
--------    CASE# CV2008-018530 --------
CIVIL SEPARATE ANS   001    223.00
----------------------------------------
TOTAL AMOUNT        223.00
Receipt# 00010382135

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

## IN AND FOR THE COUNTY OF MARICOPA

| | | |
|---|---|---|
| Consumer Protection Corporation | ) | **CREDIT MEMO** |
| | ) | |
| vs | ) | |
| | ) | CASE NO. CV 2008-018530 |
| Radisson Hotels International | ) | |

RECEIVED FROM:    Joan Burke

PAYMENT FOR:    Driftwood Ventures Inc

**PAYMENT IS FOR THE FOLLOWING:**

    ☒ 105 CIVIL ANSWER/APPEARANCE FEE:

    ☐ 115 TRANSMITTAL FEE FOR CHANGE OF VENUE:

    ☐ 145 JUDGMENT DEBTOR EXAM FEE:

    ☐ 600 MULTI DOCUMENT FEE:

    ☐ OTHER:

AMOUNT OF DEPOSIT:    $223.00

**HOW PAID**

    ☐ CASH:

    ☒ CHECK    CHECK#    BANK NAME:

    ☐ MONEY ORDER//CASHIERS CHECK

    ☐ MASTER CARD    ☐ VISA

Docket Code
"CME"

OSBORN
MALEDON
A PROFESSIONAL ASSOCIATION
ATTORNEYS AT LAW

The Phoenix Plaza
21st Floor
2929 North Central Avenue
Phoenix, Arizona 85012-2793

P O Box 36379
Phoenix, Arizona 85067-6379

Telephone    602 640 9000
Facsimile    602 640 9050

1   Joan S. Burke, 013687
2   Mark P. Hummels, 023283
    OSBORN MALEDON, P.A.
3   2929 North Central Avenue, 21st Floor
    Phoenix, Arizona 85012-2793
4   (602) 640-9000
    E-mail: jburke@omlaw.com
5   E-mail: mhummels@omlaw.com
6   Attorneys for Driftwood Ventures, Inc., Driftwood
    Hospitality I, Inc., DHM Vacations, LLC, and
7   Driftwood Hospitality Management, LLC

8          IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

9          IN AND FOR THE COUNTY OF MARICOPA

10

11  CONSUMER PROTECTION CORPORATION,          )    NO. CV2008-018530
    an Arizona Corporation,                   )
12                                            )
                Plaintiff,                    )    **MOTION TO DISMISS**
13                                            )
                                              )
14          vs.                               )
                                              )
15  RADISSON HOTELS INTERNATIONAL, a          )
    Delaware Corporation; TROPICAL TRAVEL     )
16  MARKETING, INC., a Florida Corporation;   )    (Assigned to the
    LOUIS QUILES, an individual; JANE DOE     )    Hon. Joseph Heilman)
17  QUILES, an individual; DIGITALSPEED       )
    COMMUNICATIONS, INC., a Pennsylvania      )
18  Corporation; INNOVATIVE                   )
    COMMUNICATIONS, INC., a Pennsylvania      )
19  Corporation; ADAM PASTERNACK a/k/a        )
20  ADAM HARRIS PASTERNACK, an individual;    )
    JANE DOE PASTERNACK, an individual; DHM   )
21  VACATIONS, LLC, a Florida Limited Liability )
    Company; DRIFTWOOD VENTURES, INC., a      )
22  Florida Corporation; DRIFTWOOD            )
23  HOSPITALITY I, INC., a Florida Corporation; )
    DRIFTWOOD HOSPITALITY MANAGEMENT,         )
24  LLC, a Delaware Limited Liability Company; )
25  MAINGATE HOSPITALITY, LP, a Delaware      )
    Limited Partnership,                      )
26                                            )
27              Defendants.                   )
                                              )
28

2318544

1    Defendants Driftwood Hospitality Management, LLC, Driftwood Ventures,
2  Inc., Driftwood Hospitality I, Inc., and DHM Vacations, LLC (collectively, "these
3  Defendants"), respectfully move to dismiss the amended complaint with prejudice
4  pursuant to Rule 12(b)(6), Ariz. R. Civ. P., for failure to state a claim upon which
5  relief can be granted.  This motion seeks a ruling that Plaintiff may not serve
6  simultaneously as counsel and class representative, and that Plaintiff's individual
7  claim does not meet the Court's jurisdictional threshold for the amount at issue.  In
8  the alternative, if the Court concludes that it has concurrent jurisdiction, these
9  Defendants respectfully request that the Court decline jurisdiction to allow the case to
10  be filed in Justice Court as directed by the Arizona Legislature.  This Motion is
11  supported by the following memorandum.

12              **MEMORANDUM OF POINTS AND AUTHORIITIES**

13  **I.    INTRODUCTION**

14    This action involves a complaint brought by Consumer Protection Corporation,
15  an Arizona Corporation, alleging that the Consumer Protection Corporation received
16  an unsolicited fax on August 1, 2008, in violation of the federal Telephone Consumer
17  Protection Act ("TCPA") of 1991, 47 U.S.C. § 227.  (Amended Complaint ¶¶ 1, 20,
18  33 & Exhibit 1.)  The TCPA generally makes it unlawful to send an unsolicited
19  advertisement to any fax machine without the recipient's prior express invitation or
20  permission.  To resolve this motion, the Court need not address what company sent
21  the unsolicited fax, or whether the recipient gave permission to the sender.

22    The Amended Complaint and publically filed corporate documents show that
23  the Plaintiff and Plaintiff's counsel are one and the same.  The telephone number to
24  which the fax was sent (*see* Amended Complaint at Exhibit 1 upper left corner: "TO:
25  16022960135") is identical to the fax number listed for Mr. Strojnik's law firm (*see*
26  Amended Complaint at 1: "Facsimile: 602-296-0135").  As is explained more fully
27  below, the Consumer Protection Corporation was created by Plaintiff's counsel and
28

2

1  counsel's wife in June 2008. Counsel's wife is the sole director of the corporation
2  and the Plaintiff's corporate offices are also the offices of Plaintiff's counsel's law
3  firm.

4       Plaintiff alleges that it is entitled to statutory damages under the TCPA of
5  between $500 and $1,500 for the receipt of the unsolicited fax. (Amended Complaint
6  ¶ 19.) Plaintiff seeks class certification and designation as class representative, with
7  the class to be represented by Plaintiff's counsel. (Amended Complaint ¶ 42.)
8  Because conflicts of interest preclude a lawyer from acting as both class
9  representative and class counsel, Mr. Strojnik cannot prosecute this complaint as a
10  class action. The Consumer Protection Corporation's individual claim may be re-filed
11  in Justice Court.

12  **II.    LEGAL ARGUMENT**

13       **A.    Plaintiff's Individual Claim Fails to Meet the Court's Jurisdictional**
14       **Amount Because the Maximum Statutory Penalty Allowed Under**
15       **the TCPA Is $1,500**

16       Plaintiff's individual claim under the TCPA, standing alone, fails to meet the
17  statutory jurisdictional threshold for cases filed in Superior Court and instead should
18  be filed in Justice Court. The Arizona Legislature has granted exclusive original
19  jurisdiction to Justices of the Peace for "all civil actions when the amount involved,
20  exclusive of interest, costs and awarded attorney fees when authorized by law, is ten
21  thousand dollars or less." A.R.S. § 22-201(B). The Amended Complaint
22  acknowledges that Plaintiff's claim, under the TCPA, entitles Plaintiff to a recovery
23  of $500 to $1,500. (Amended Complaint ¶ 19.) Plaintiff's claim thus falls within the
24  exclusive jurisdiction of the Justice of the Peace under § 22-201(B).

25       If the Court concludes that, despite § 22-201(B), it has concurrent jurisdiction
26  pursuant to the Arizona Constitution, *see* Ariz. Const. art. 6, § 14(3) ("The superior
27  court shall have original jurisdiction of . . . [o]ther cases in which the demand or value
28  of property in controversy amounts to one thousand dollars or more, exclusive of

3

1  interest and costs."); *see State ex rel. Neely v. Brown*, 177 Ariz. 6, 9, 864 P.2d 1038,

2  1041 (1993), Martone, J., separately concurring (statutes purporting to vest exclusive

3  jurisdiction in Justice Court for cases involving a value of $1,000 or more result in

4  concurrent jurisdiction with Superior Court for such cases), these Defendants

5  respectfully request that the Court decline jurisdiction in deference to the Arizona

6  Legislature's direction in § 22-201(B) (Jurisdiction of civil actions) that such cases

7  should be filed in Justice Court.

8  **B.    A Person Cannot Serve as Both Class Counsel and Class
        Representative Because the Conflict of Interests Arising From Such
9        a Dual Role Precludes Fair and Adequate Class Representation**

10

11      Plaintiff cannot meet the Court's jurisdictional amount by asserting class

12  allegations because Plaintiff, as a matter of law, cannot be certified as the class

13  representative. As discussed in more detail under Section II(C) below, Plaintiff and

14  Plaintiff's counsel (and counsel's wife) share such a close identity of interests that, for

15  purposes of this litigation, they are effectively one and the same. Courts across this

16  country have recognized that conflicts of interests preclude a lawyer from acting as

17  both class representative and class counsel. Similar conflicting interests prevent an

18  attorney from representing a class for which a law partner, spouse or close relative is a

19  named plaintiff.

20      Virtually every court to consider the issue has held that class counsel cannot

21  serve as a class representative because of the inherent conflict of interests. As the

22  Sixth Circuit Court of Appeals noted:

23      For the same individual to attempt representation of the class as plaintiff
        and as counsel presents an inherent conflict of interests. Because the
24      financial recovery for reasonable attorney's fees would dwarf the
        individual's recovery as a member of the class herein, the financial
25      interests of the named plaintiffs and of the class are not coextensive. If
        the interests of a class are to be fairly and adequately protected, <u>if the</u>
26      <u>courts and the public are to be free of manufactured litigation</u>, and if
27      proceedings are to be without cloud, the roles of class representative and
        of class attorney cannot be played by the same person.
28

4

1  *Turoff v. May Co.*, 531 F.2d 1357, 1360 (6th Cir. 1976) (emphasis added).  In view of

2  this disabling conflict of interest, the Sixth Circuit held that an attorney seeking to fill

3  both roles cannot "fairly and adequately protect the interests of the class." *Id.*

4  (quoting Rule 23(a)(4), Fed. R. Civ. P.).  Because the language of Rule 23 is identical

5  under the Arizona and Federal Rules of Civil Procedure, Arizona courts "view federal

6  cases construing the federal rule as authoritative." *ESI Ergonomic Solutions, LLC v.*

7  *United Artists Theatre Circuit, Inc.*, 203 Ariz. 94, 97-98 ¶ 11 n.2, 50 P.3d 844, 847-48

8  (App. 2002).

9         The U.S. District Court for Arizona has ruled in at least two cases that an

10  attorney for a party cannot be certified as a class representative under Federal Rule of

11  Civil Procedure 23(a)(4).  *Shields v. Valley Nat'l Bank of Ariz.*, 56 F.R.D. 448 (D.

12  Ariz. 1971); *Shields v. First Nat'l Bank of Ariz.*, 56 F.R.D. 442 (D. Ariz. 1972).  In

13  the first of these two cases, U.S. District Judge Frey warned that placing an attorney

14  in such a conflicted position renders the attorney incompetent to represent the class:

15         The Court further feels that [the plaintiff/attorney] has not demonstrated
16         competence to represent the class because he seeks to be not only the
        attorney for the class and be awarded a fee for his representation, he
17         seeks in the same action, personal relief.  The practice involved does not
        seem to the Court to comport with the high quality of objectivity, duty
18         and integrity required of lawyers practicing in this Court or elsewhere.
        This case seems to involve a <u>questionable method of soliciting legal</u>
19         <u>business and such solicitation should not be encouraged.</u>

20

21  *Shields v. Valley Nat'l Bank of Ariz.*, 56 F.R.D. at 450 (emphasis added).  The

22  following year, in a different case brought by the same attorney/plaintiff, U.S. District

23  Judge Copple concurred with Judge Frey's admonition, adding that, "Traditionally,

24  courts have expressed particular concern for the adequacy of representation in a class

25  suit because the judgment conclusively determines the rights of the absent class

26  member.  This is a principle with which this Court agrees and on the basis of the facts

27  present here, the court concludes that plaintiff has not met the requirements of

28  Rule 23(a)(4)." *Shields v. First Nat'l Bank of Ariz.*, 56 F.R.D. at 444.

1    Other courts have broadened the disqualification rule to include cases in which
2    an attorney's spouse, close relative or law partner is a class representative or member.
3    Noting that such circumstances raise a "serious question of impropriety," *Kramer v.*
4    *Scientific Control Corp.*, 534 F.2d 1085, 1088 (3d Cir. 1976), the Third Circuit held
5    that the *per se* rule against allowing a conflicted attorney to represent a class applies
6    even when the attorney agrees that he is ethically precluded from receiving any share
7    of the attorneys' fees generated through the action, *see id.* at 1089-90. The Third
8    Circuit held that "if one concludes, as we do, that an appearance of impropriety, at a
9    minimum, ensues when an attorney class representative also serves as counsel for a
10   class that may benefit from an equitable fund, substituting a partner as counsel will
11   not suffice as an antidote." *Id.* at 1092.

12   The Fifth Circuit found a disqualifying appearance of impropriety when a
13   plaintiff's counsel's spouse was the named plaintiff in a purported class action. "We
14   are persuaded . . . that attorneys who are partners or spouses of named plaintiffs, or
15   who themselves are members of the class of plaintiffs should be subject to a per se
16   rule of disqualification under Canon 9 ["appearance of professional impropriety"] and
17   should not be permitted to serve as counsel for the class." *Zylstra v. Safeway Stores,*
18   *Inc.*, 578 F.2d 102, 104 (5th Cir. 1978). Other courts have reached the same result
19   when the attorney seeking to represent the class has a mother or brother who is a
20   named plaintiff. *See, e.g., Susman v. Lincoln Am. Corp.*, 561 F.2d 86 (7th Cir. 1977).

21   Although the "appearance of professional impropriety" test on which some of
22   these cases hinge is no longer a standard under the Arizona Rules of Professional
23   Conduct, "it remains a part of conflict of interest analysis for purposes of
24   disqualifying an attorney." *Amparano v. ASARCO, Inc.*, 208 Ariz. 370, 378 ¶ 29, 93
25   P.3d 1086, 1094 (App. 2004) (internal quotation marks and citation omitted). The
26   dual, conflicting roles that Plaintiff's counsel here seeks to fill violate other ethical
27   duties as well. *See* Rule 42, Ariz. R. Sup. Ct., E.R. 1.7(a)(2) (concurrent conflict of
28   interest involving personal interest of the lawyer); E.R. 1.8(i) ("A lawyer shall not

6

1    acquire a proprietary interest in the cause of action or subject matter of litigation the

2    lawyer is conducting for a client ….").

3    **C.    Plaintiff Has Such a Strong Identity of Interests With Plaintiff's**
4           **Counsel (and Counsel's Wife) That Plaintiff's Counsel Cannot**
             **Adequately and Fairly Represent the Class Interests**
5

6        Corporate public records on file with the Arizona Corporation Commission

7    amply demonstrate that Plaintiff Consumer Protection Corporation ("CPC") has an

8    overwhelming identity of interest with Plaintiff's counsel Peter Strojnik, his wife

9    Tanya Strojnik, and his law firm Peter Strojnik P.C.[1]  As the attached certified copies

10   of CPC's corporate filings show, Peter Strojnik is the incorporator of CPC and Tanya

11   Strojnik is the sole director. (*See* CPC Articles of Incorporation ¶¶ 6, 7, attached at

12   Exhibit A.)  Tanya Strojnik is Peter Strojnik's wife. *See Strojnik v. Gen. Ins. Co. of*

13   *Am.*, 201 Ariz. 430, 36 P.3d 1200 (App. 2001) (identifying Peter and Tanya Strojnik

14   as husband and wife).  The couple created CPC in June 2008. (*See* CPC Certificate of

15   Disclosure and Articles of Incorporation, attached at Exhibit A.)

16       Plaintiff CPC also shares office space with the Peter Strojnik P.C. law office.

17   The CPC corporate address, 3030 North Central Ave., Suite 1401, Phoenix, AZ 85012

18   (*see* Articles of Incorporation ¶ 4, attached at Exhibit A), is the same address as Peter

19   Strojnik P.C. (*see* Amended Complaint at 1).  The fax number, (602) 296-0135, where

20   CPC allegedly received the fax in question (*see* Amended Complaint at Exhibit 1 (fax

21   transmission data at top)), is also the fax number for Peter Strojnik, P.C. listed on the

22   firm's website and State Bar directory, (*see* firm's website (http://www.strojnik.com/

23   contactus.html) and Bar listing (at http://www.myazbar.org/Members/Memberfinder/

24

25

26   ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯
       [1] The Court may consider the certified corporate documents and Internet
27   records cited herein under a Motion to Dismiss because they are public documents as
       to which the Court may take judicial notice. *See Lee v. City of Los Angeles*, 250 F.3d
28   668, 688-89 (9th Cir. 2001).

1  Detail.cfm?ID=38576),[2] and printed on the firm contact information at the first page
2  of the Amended Complaint.

3      In summary, although Plaintiff's counsel has created a corporate entity on
4  whose purported behalf he brings this suit for a fax allegedly sent to his law firm fax
5  machine, the identity of interests between Plaintiff, Plaintiff's counsel and counsel's
6  wife are such that, for purposes of class certification and conflict-of-interest analysis,
7  they cannot be viewed as independent actors.  To allow Plaintiff to pursue the class
8  allegations under these circumstances creates an impermissible conflict of interests
9  and would encourage an improper solicitation of legal business.  As such, this action
10 cannot, as a matter of law, be certified under Rule 23(a), Ariz. R. Civ. P.

11      **D.    The Court Should Dismiss the Class Allegations Without Delay**
12      The U.S. District Court for Arizona recognized in two separate cases that
13 attempts by a conflicted attorney to seek certification amounted to "a questionable
14 method of soliciting legal business and such solicitation should not be encouraged."
15 *Shields v. Valley Nat'l Bank of Ariz.*, 56 F.R.D. at 450 (emphasis added); *Shields v.*
16 *First Nat'l Bank of Ariz.*, 56 F.R.D. at 444.  Other courts have warned that drawing a
17 strict line against this sort of purported class action is necessary "if the courts and the
18 public are to be free of manufactured litigation." *Turoff*, 531 F.2d at 1360 (emphasis
19 added).  These admonitions are especially apt in this case.  Because the ethical rules
20 preclude the pursuit of class allegations by Plaintiff's counsel, the Court should
21 dismiss these class allegations without delay.

22      Defendants should not be forced to incur the considerable expense of discovery
23 and litigation when the complaint, as pled, includes a fundamental conflict of interests
24 which precludes Mr. Strojnik from serving as class counsel.

25
26
27
28      [2] Web pages last visited October 24, 2008.

8

III. **CONCLUSION**

For the reasons set forth above, these Defendants respectfully request that the Court dismiss this action and grant Plaintiff leave to allow Plaintiff to re-file its individual action in Justice Court.

DATED this 29th day of October, 2008.

OSBORN MALEDON, P.A.

By _____
Joan S. Burke
Mark P. Hummels
2929 North Central Avenue, 21st Floor
Phoenix, Arizona 85012-2793

Attorneys for Driftwood Ventures, Inc.,
Driftwood Hospitality I, Inc., DHM Vacations,
LLC, and Driftwood Hospitality
Management, LLC

COPY of the foregoing mailed
this 29th day of October, 2008 to:

Peter Strojnik
3030 North Central Avenue, Suite 1401
Phoenix, Arizona 85012
Attorney for Plaintiff

Craig W. Phillips
John Rawicz
Lewis and Roca LLP
40 North Central Avenue, Suite 1900
Phoenix, Arizona 85004-4429
Attorneys for Defendant Radisson Hotels
        International Inc.

Brenda Wendt
_____

9

**EXHIBIT A**

**PROFIT**
**CERTIFICATE OF DISCLOSURE**
Pursuant to A.R.S. §10-202. (D).

*Consumer Protection Corporation*
EXACT CORPORATE NAME

A. Has any person serving either by election or appointment as officer, director, trustee, incorporator and persons controlling or holding over 10% of the issued and outstanding common shares or 10% of any other proprietary, beneficial or membership interest in the corporation:

   1. Been convicted of a felony involving a transaction in securities, consumer fraud or antitrust in any state or federal jurisdiction within the seven-year period immediately preceding the execution of this Certificate?

   2. Been convicted of a felony, the essential elements of which consisted of fraud, misrepresentation, theft by false pretenses, or restraint of trade or monopoly in any state or federal jurisdiction within the seven-year period immediately preceding the execution of this Certificate?

   3. Been or are subject to an injunction, judgment, decree or permanent order of any state or federal court entered within the seven-year period immediately preceding the execution of this Certificate wherein such injunction, judgment, decree or permanent order:

     (a) Involved the violation of fraud or registration provisions of the securities laws of that jurisdiction?; or

     (b) Involved the violation of the consumer fraud laws of that jurisdiction?; or

     (c) Involved the violation of the antitrust or restraint of trade laws of that jurisdiction?

Yes_____ No__X__

B. IF YES, the following information MUST be attached:

   1. Full name, prior name(s) and aliases, if used.
   2. Full birth name.
   3. Present home address.
   4. Prior addresses (for immediate preceding 7-year period).
   5. Date and location of birth.

   6. Social Security number.
   7. The nature and description of each conviction or judicial action, date and location, the court and public agency involved and file or cause number of case.

C. Has any person serving as an officer, director, trustee, incorporator or holder of over twenty per cent of the issued and outstanding common shares or twenty per cent of any other proprietary, beneficial or membership interest in the corporation served in any such capacity or held a twenty per cent interest in any other corporation in any jurisdiction on the bankruptcy, receivership or charter revocation of the other corporation?

Yes_____ No__X__

IF YOUR ANSWER TO THE ABOVE QUESTION IS "YES", YOU MUST ATTACH THE FOLLOWING INFORMATION FOR EACH CORPORATION:

   1. Name and address of the corporation.
   2. Full name (including aliases) and address of each person involved.

   3. State(s) in which the corporation:
     (a) Was incorporated. (b) Has transacted business.
   4. Dates of corporate operation.
   5. Date and case number of Bankruptcy or date of revocation/administrative dissolution.

D. The fiscal year end adopted by the corporation is *December 31*.

Under penalties of law, the undersigned incorporator(s)/officer(s) declare(s) that I(we) have examined this Certificate, including any attachments, and to the best of my(our) knowledge and belief it is true, correct and complete, and hereby declare as indicated above. THE SIGNATURE(S) MUST BE DATED WITHIN THIRTY (30) DAYS OF THE DELIVERY DATE.

BY _____  BY _____

PRINT NAME _Tanya Strojnik_  PRINT NAME _Peter Strojnik_

TITLE _Director_  DATE _6/2/08_  TITLE _Incorporator_  DATE _6/30/08_

**DOMESTIC CORPORATIONS:** ALL INCORPORATORS MUST SIGN THE INITIAL CERTIFICATE OF DISCLOSURE. If within sixty days, any person becomes an officer, director, trustee or person controlling or holding over 10% of the issued and outstanding shares or 10% of any other proprietary, beneficial, or membership interest in the corporation and the person was not included in this disclosure, the corporation must file an AMENDED certificate signed by at least one duly authorized officer of the corporation.

**FOREIGN CORPORATIONS:** MUST BE SIGNED BY AT LEAST ONE DULY AUTHORIZED OFFICER OF THE CORPORATION.

CF: 0022 ~ Business Corporations
Rev. 10/2006

Arizona Corporation Commission
Corporations Division

Consumer Protection Corporation Articles of Incorporation



AZ Corp. Commission

02470913

**AZ CORPORATION COMMISSION**
**FILED**

**JUN 0 3 2008**

FILE NO. 1454302 6

## ARTICLES OF INCORPORATION
## OF
## CONSUMER PROTECTION CORPORATION

Pursuant to A.R.S. §10-202
(An Arizona Business Corporation)

1. <u>Name</u>:

The Name of the Corporation is: **CONSUMER PROTECTION CORPORATION.**

2. <u>Initial Business</u>:

The initial business of the corporation will be the protection of consumers, shareholders, persons and entities from misleading, fraudulent, unethical, illegal or otherwise improper conduct by persons and corporations in the sales of goods, services, merchandise or securities through litigation, demands, orders, stipulations, injunctions, and other methods as may be appropriate, and any and all other business permitted by law.

3. <u>Authorized Capital</u>:

The Corporation shall have authority to issue 1,000,000 shares of Common Stock.

4. <u>Known Place of Business</u>:

The street address of the known place of business of the Corporation is:

3030 North Central Avenue
Suite 1401
Phoenix, Arizona 85012

5. <u>Statutory Agent</u>:

The name and address of the statutory agent of the Corporation is:

Peter Strojnik, P.C.
3030 North Central Avenue
Suite 1401
Phoenix, Arizona 85012

6. <u>Board of Directors</u>:

The initial board of directors shall consist of one director. The name and address of the person who is to serve as the director until the first annual meeting of the members, if a member corporation, or Board of Directors, if the corporation has no members, or until her successors are elected and qualifies is:

Tanya C. Strojnik
3030 North Central Avenue
Suite 1401
Phoenix, Arizona 85012

**AZ CORPORATION COMMISSION**
**FILED**

**JUL 0 1 2008**

FILE NO. 1454302 6

Page 1 of 2

Consumer Protection Corporation Articles of Incorporation

The number of persons to serve on the board of directors thereafter shall be fixed by the Bylaws.

7.  Incorporator:  The incorporator is:

Peter Strojnik
3030 North Central Avenue
Suite 1401
Phoenix, Arizona 85012

All powers, duties and responsibilities of the incorporators shall cease at the time of delivery of these Articles of Incorporation to the Arizona Corporation Commission.

8.  Indemnification of Officers, Directors, Employees and Agents:

The Corporation shall indemnify any person who incurs expenses or liabilities by reason of the fact he or she is or was an officer, director, employee or agent of the Corporation or is or was serving at the request of the Corporation as a director, officer, employee or agent of another Corporation, partnership, joint venture, trust or other enterprise. This indemnification shall be mandatory in all circumstances in which indemnification is permitted by law.

9.  Limitation of Liability:

To the fullest extent permitted by the Arizona Revised Statutes, as the same exists or may hereafter be amended, a director of the Corporation shall not be liable to the Corporation or its stockholders for monetary damages for any action taken or any failure to take any action as a director. No repeal, amendment or modification of this article, whether direct or indirect, shall eliminate or reduce its effect with respect to any act or omission of a director of the Corporation occurring prior to such repeal, amendment or modification.

Executed this 2ⁿᵈ day of June, 2008, by all of the incorporators.

Signed:
Peter Strojnik, Incorporator
3030 North Central Avenue, Suite 1401
Phoenix, Arizona 85012

## ACCEPTANCE OF APPOINTMENT BY STATUTORY AGENT

The undersigned hereby acknowledges and accepts the appointment as statutory agent of the above-named corporation effective this 2ⁿᵈ day of June, 2008.

Signed
Peter Strojnik
President, Peter Strojnik, P.C.
3030 North Central Ave. # 1401
Phoenix, Arizona 85012



**STATE OF ARIZONA**

**CORPORATION COMMISSION**

I hereby certify this to be a true
and complete copy of the document filed
in this office and admitted to record in
File No. ~1454000-6 .

Executive Director

Dated: 10/24/2008 By: Jeffrey A. Baker

LEWIS
AND
ROCA
——LLP——
L A W Y E R S

40 North Central Avenue
Phoenix, Arizona 85004-4429
Telephone: (602) 262-5311
Craig W. Phillips, State Bar No. 009245
Robert G. Schaffer, State Bar No. 017475
Telephone (602) 262-5311
Fax (602) 734-3795
E-mail: cphillips@lrlaw.com
E-mail: rschaffer@lrlaw.com

MICHAEL K. JEANES, CLERK
RECEIVED CCC #0
DOCUMENT DEPOSITORY

08 OCT 28 PM 3: 44

FILED
BY M. Knaf, DEP

Attorneys for Defendant
Radisson Hotels International, Inc.

IN THE MARICOPA COUNTY SUPERIOR COURT

IN AND FOR THE STATE OF ARIZONA

| | |
|---|---|
| CONSUMER PROTECTION CORPORATION, an Arizona corporation, | No. CV2008-018530 |
| Plaintiff, | **MOTION AND CONSENT OF LOCAL COUNSEL FOR PRO HAC VICE ADMISSION OF AMY R. FREESTONE** |
| vs. | |
| RADISSON HOTELS INTERNATIONAL, INC., a Delaware Corporation; TROPICAL TRAVEL MARKETING, INC., a Florida Corporation; LOUIS QUILES, an individual; JANE DOE QUILES, an individual; DIGITALSPEED COMMUNICATIONS, INC., a Pennsylvania corporation; INNOVATIVE COMMUNICATIONS, INC., a Pennsylvania corporation; ADAM PASTERNACK a/k/a ADAM HARRIS PASTERNACK, an individual; JANE DOE PASTERNACK, an individual; DHM VACATIONS, LLC, a Florida Limited Liability Company; DRIFTWOOD VENTURES, INC., a Florida Corporation; DRIFTWOOD HOSPITALITY I, INC., a Florida Corporation; DRIFTWOOD HOSPITALITY MANAGEMENT, LLC, a Delaware Limited Liability Company; MAINGATE HOSPITALITY, LP, a Delaware Limited Partnership. | (Assigned to the Honorable Joseph Heilman) |
| Defendants. | |

. . .

. . .

1987296.1

LEWIS
AND
ROCA
—LLP—
L A W Y E R S

1    CRAIG W. PHILLIPS, pursuant to Rule 33(c) and (d), Rules of the Arizona

2    Supreme Court, moves the court to admit Amy R. Freestone as co-counsel pro hac vice in

3    this action and attaches the following exhibits:

4        1.    The original Verified Application;

5        2.    The original Certificate of Good Standing; and,

6        3.    The State Bar of Arizona Notice of Receipt.

7        The filing fee as required by Rule 33(d) has been submitted to the State Bar of

8    Arizona. Craig W. Phillips hereby agrees to serve as designated local counsel for the

9    subject case. A proposed order admitting Amy R. Freestone accompanies this motion.

10       DATED this 28th day of October 2008.

11                                LEWIS AND ROCA LLP

12

13                                By

14                                    Craig W. Phillips
                                     Robert G. Schaffer
15                                   LEWIS AND ROCA LLP
                                     40 N. Central Avenue
16                                   Phoenix, AZ 85004
                                     Attorneys for Defendant Radisson Hotels
17                                   International, Inc.

18

19

20

21

22

23

24

25

26

27

28

                                    2



1

**CONSENT**

2          I, Craig W. Phillips, am a member in good standing of the State Bar of Arizona, and

3   hereby consent to being associated as the attorney of record in the above-referenced action

4   with Amy R. Freestone.

5                              LEWIS AND ROCA LLP

6

7                    By

8                         Craig W. Phillips
                         Attorneys for Defendant Radisson Hotels
9                         International, Inc.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

3

LEWIS
AND
ROCA
—LLP—
L A W Y E R S

1   ORIGINAL of the foregoing filed this 28th day
    of October 2008, with the Clerk of the Court.

2
    COPY hand-delivered this 28th day of October 2008, to:

3
    Honorable Joseph Heilman
4   Maricopa County Superior Court
    East Court Building – 814
5   101 West Jefferson
    Phoenix, AZ 85003

6
    COPY mailed this 28th day of October 2008, to:

7
    Peter Strojnik, Esq.
8   Peter Strojnik, P.C.
    3030 N. Central Avenue, Suite 1401
9   Phoenix, AZ 85012-2720
    Attorneys for Plaintiff

10

11  Amy R. Freestone, Esq.
    David Snieg, Esq.
12  Faegre & Benson LLP
    2200 Wells Fargo Center
13  90 S. Seventh Street
14  Minneapolis, MN 55402-3901
    Attorneys for Defendant
15  Radisson Hotels International, Inc.

16  Joan S. Burke, Esq.
    Osborn Maledon P.A.
17  2929 North Central Avenue, Suite 2100
    P.O. Box 36379
18  Phoenix, AZ 85067-6379
    Attorneys for Defendant
19  Driftwood

20  _____

21

22

23

24

25

26

27

28

4

# EXHIBIT 1



STATE BAR
of ARIZONA

For Official Use Only
App# ID0929Q
Pro Hac ID # PI086682 ·

## NONRESIDENT ATTORNEY
## PRO HAC VICE APPLICATION

Name:                  Amy R. Freestone
Residence Address:     5249 Drew Ave. S.
                       Minneapolis, MN 55410
Office Address:        Faegre & Benson, 2200 Wells Fargo Center, 90 South Seventh Street,
                       Minneapolis, MN 55402

Telephone: (612) 766-7000                    Fax: (612) 766-1600

Title of cause or case where applicant seeks to appear: Consumer Protection Corporation v. Radisson Hotels International, Inc., et al.
Docket Number: CV 2008-018530
Court, Board, or Administrative Agency: Maricopa County Superior Court of Arizona
Party on whose behalf applicant seeks to appear: Radisson Hotels International, Inc.

| Courts to Which Applicant Has Been Admitted: | Date of Admission: | Bar Number: |
|---|---|---|
| Courts of the State of Minnesota | October 30, 1998 | #285493 |
| Federal District Court of the State of Minnesota | February 19, 1999 | |
| United States Court of Appeals, Eighth Circuit | May 9, 2006 | |

Applicant is a member in good standing in such courts.

Applicant is not currently disbarred or suspended in any court.

Applicant is / is not (select one) currently subject to any pending disciplinary proceeding or investigation by any court, agency or organization authorized to discipline attorneys at law.

| Jurisdiction(s) Where Discipline Matter Pending: | Nature of Matter Under Investigation: | Name / Address of Disciplinary Authority: |
|---|---|---|
| | | |

Applicant has / has not (select one) been disciplined by any court, agency or organization authorized to discipline attorneys at law.

In the preceding three (3) years, applicant has filed applications to appear as counsel under Rule 38(a), Arizona Rules of Supreme Court in the following:

Title of Matter:                          Docket #:      Court or Agency:      Application Granted? (Y/N)

Name of local counsel:          Craig W. Phillips
State Bar of Arizona Number:    009245
Address:                        Lewis and Roca LLP, 40 North Central Avenue, Suite 1900, Phoenix, AZ 85004

Telephone :    (602) 262-5345                      Fax:  (602) 734-3795

Name(s) of each party in this cause and name and address of all counsel of record:

| Party: | Counsel of Record: | Address: |
|---|---|---|
| _Consumer Protection Corporation | _Peter Strojnik | The Law Firm of Peter Strojnik, 3030 North Central Avenue, Suite 1401, Phoenix, Arizona 85012 |
| Tropical Travel Marketing, Inc. | Unknown at this time | |
| Louis Quiles | Unknown at this time | |
| Jane Doe Quiles | Unknown at this time | |
| Digitalspeed Communications, Inc. | Unknown at this time | |
| Innovative Communications, Inc. | Unknown at this time | |
| Adam Pasternack | Unknown at this time | |
| Jane Doe Pasternack | Unknown at this time | |
| DHM Vacations, LLC | Unknown at this time | |
| Driftwood Hospitality Management, LLC | Unknown at this time | |
| Maingate Hospitality, LLP | Unknown at this time | |

Applicant is including with this application a nonrefundable application fee, payable to the State Bar of Arizona, in the amount of $391.00.

This case or cause  is ( is not )(select one) a related or consolidated matter for which applicant has previously applied to appear pro hac vice in Arizona.  If this matter is a related or consolidated with any previous application, applicant certifies the following:

Applicant certifies the following:
1. Applicant shall be subject to the jurisdiction of the courts and agencies of the State of Arizona and to the State Bar of Arizona with respect to the law of this state governing the conduct of attorneys to the same extent as an active member of the State Bar of Arizona, as provided in Rule 46(b) Rules of the Supreme Court.
2. Applicant will review and comply with appropriate rules of procedure as required in the underlying cause.
3. Applicant understands and shall comply with the standards of conduct required of members of the State Bar of Arizona.

Verification

STATE OF MINNESOTA )
COUNTY OF HENNEPIN)    ss.

I, the Applicant, swear that all statements in the application are true, correct and complete to the best of my knowledge and belief.

Dated: October 7, 2008                    Applicant's signature _____

SUBSCRIBED AND SWORN TO before me this 7th day of October, 2008, by
Amy R. Freestone
Name of Applicant

Notary Public

NOTE – As the application requires original signatures of the applicant and notary ~~the application cannot be filed~~ electronically. Please submit all documents and fees by mail to:

BARBARA H. SALSEG
Notary Public
Minnesota
My Commission Expires January 31, 2010

State Bar of Arizona
Pro Hac Vice
4201 N. 24th Street, Suite 200
Phoenix, AZ 85016

For further information, please contact our Resource Center at 602-340-7239.

# EXHIBIT 2

# STATE OF MINNESOTA
# IN SUPREME COURT

*Certificate of Good Standing*

This is to certify that the following lawyer is in good standing.

AMY RAE FREESTONE

was duly admitted to practice as a lawyer and counselor at law in all the courts of this state on

October 30, 1998

Given under my hand and seal of this court on

September 23, 2008

Fredrick K. Grittner

Fredrick K. Grittner
Clerk of Appellate Courts

# EXHIBIT 3

**Superior Court**
**Maricopa County**

Consumer Protection Corp                )
    Plaintiff,                                         )          CASE # **CV2008-018530**
                              )
           v.                                              )          SBA App # 1004290
                               )
Radisson Hotel International Inc          )
    Defendant.                                    )          **NOTICE OF RECEIPT OF**
                               )          **COMPLETE APPLICATION**

      NOTICE IS HEREBY given by THE STATE BAR OF ARIZONA that it has
received the verified application and fee from Amy Freestone .
      In addition to this application, applicant has made the following applications to appear
pro hac vice, pursuant to Rule38 (a), within the previous three (3) years:

| Title of Matter | Court/Agency | Date | Granted? | |
|---|---|---|---|---|
| _____ | _____ | _____ | ☐<br>Yes | ☐<br>No |
| _____ | _____ | _____ | ☐<br>Yes | ☐<br>No |

      Exhibit A, the original verified application and Exhibit B, the original Certificate(s) of
Good Standing are attached hereto.

DATED this 17th day of October 2008

                                        Mirna A Lerma
                                        Resource Center
                                        State Bar of Arizona

Original Mailed on this 17th day of October 2008 to:

Mr Craig Phillips
Lewis and Roca  LLP
40 N Central
Phoenix, AZ 85004-4429

-1-

LEWIS
AND
ROCA
——LLP——
L A W Y E R S

40 North Central Avenue
Phoenix, Arizona 85004-4429
Telephone: (602) 262-5311
Craig W. Phillips, State Bar No. 009245
Robert G. Schaffer, State Bar No. 017475
Telephone (602) 262-5311
Fax (602) 734-3795
E-mail: cphillips@lrlaw.com
E-mail: rschaffer@lrlaw.com

Attorneys for Defendant
Radisson Hotels International, Inc.

MICHAEL K. JEANES, CLERK
RECEIVED CCC #6
DOCUMENT DEPOSITORY

08 OCT 28 PM 3: 44

FILED
BY *M. Knof*, DEP

IN THE MARICOPA COUNTY SUPERIOR COURT

IN AND FOR THE STATE OF ARIZONA

| | |
|---|---|
| CONSUMER PROTECTION CORPORATION, an Arizona corporation, <br><br> Plaintiff, <br><br> vs. <br><br> RADISSON HOTELS INTERNATIONAL, INC., a Delaware Corporation; TROPICAL TRAVEL MARKETING, INC., a Florida Corporation; LOUIS QUILES, an individual; JANE DOE QUILES, an individual; DIGITALSPEED COMMUNICATIONS, INC., a Pennsylvania corporation; INNOVATIVE COMMUNICATIONS, INC., a Pennsylvania corporation; ADAM PASTERNACK a/k/a ADAM HARRIS PASTERNACK, an individual; JANE DOE PASTERNACK, an individual; DHM VACATIONS, LLC, a Florida Limited Liability Company; DRIFTWOOD VENTURES, INC., a Florida Corporation; DRIFTWOOD HOSPITALITY I, INC., a Florida Corporation; DRIFTWOOD HOSPITALITY MANAGEMENT, LLC, a Delaware Limited Liability Company; MAINGATE HOSPITALITY, LP, a Delaware Limited Partnership. <br><br> Defendants. | No. CV2008-018530 <br><br> **MOTION AND CONSENT OF LOCAL COUNSEL FOR PRO HAC VICE ADMISSION OF DAVID SNIEG** <br><br> (Assigned to the Honorable Joseph Heilman) |

. . .

. . .

1987243.1

LEWIS
AND
ROCA
—LLP—
LAWYERS

1    CRAIG W. PHILLIPS, pursuant to Rule 33(c) and (d), Rules of the Arizona

2    Supreme Court, moves the court to admit David Snieg as co-counsel pro hac vice in this

3    action and attaches the following exhibits:

4        1.    The original Verified Application;

5        2.    The original Certificate of Good Standing; and,

6        3.    The State Bar of Arizona Notice of Receipt.

7        The filing fee as required by Rule 33(d) has been submitted to the State Bar of

8    Arizona. Craig W. Phillips hereby agrees to serve as designated local counsel for the

9    subject case. A proposed order admitting David Snieg accompanies this motion.

10       DATED this 28th day of October 2008.

11                                     LEWIS AND ROCA LLP

12

13                                 By

14                                     Craig W. Phillips
                                       Robert G. Schaffer
15                                     LEWIS AND ROCA LLP
                                       40 N. Central Avenue
16                                     Phoenix, AZ 85004
                                       Attorneys for Defendant Radisson Hotels
17                                     International, Inc.

18

19

20

21

22

23

24

25

26

27

28

                                       2                              1987243.1

LEWIS
AND
ROCA
——LLP——
L A W Y E R S

1    **CONSENT**

2        I, Craig W. Phillips, am a member in good standing of the State Bar of Arizona, and

3    hereby consent to being associated as the attorney of record in the above-referenced action

4    with David Snieg.

5                                  LEWIS AND ROCA LLP

6

7    By

8        Craig W. Phillips
         Attorneys for Defendant Radisson Hotels
9        International, Inc.

10

11

12

13

14

15

16    :

17

18

19

20

21

22

23

24

25

26

27

28

                                  3                                1987243.1

LEWIS
AND
ROCA
——LLP——
LAWYERS

1   ORIGINAL of the foregoing filed this 28th day
    of October 2008, with the Clerk of the Court.
2
    COPY hand-delivered this 28th day of October 2008, to:
3
    Honorable Joseph Heilman
4   Maricopa County Superior Court
    East Court Building – 814
5   101 West Jefferson
    Phoenix, AZ 85003
6
    COPY mailed this 28th day of October 2008, to:
7
    Peter Strojnik, Esq.
8   Peter Strojnik, P.C.
    3030 N. Central Avenue, Suite 1401
9   Phoenix, AZ  85012-2720
    Attorneys for Plaintiff
10
    Amy R. Freestone, Esq.
11  David Snieg, Esq.
12  Faegre & Benson LLP
    2200 Wells Fargo Center
13  90 S. Seventh Street
14  Minneapolis, MN  55402-3901
    Attorneys for Defendant
15  Radisson Hotels International, Inc.
16  Joan S. Burke, Esq.
    Osborn Maledon P.A.
17  2929 North Central Avenue, Suite 2100
    P.O. Box 36379
18  Phoenix, AZ  85067-6379
    Attorneys for Defendant
19  Driftwood
20  _____
21
22
23
24
25
26
27
28

4

# EXHIBIT 1



**STATE BAR**
*of* **ARIZONA**

For Official Use Only
App# 1009093
Pro Hac ID # 0110808S

## NONRESIDENT ATTORNEY
## PRO HAC VICE APPLICATION

Name:                        _David A. Snieg

Residence Address:       _2044 St. Clair Ave. #1
                             Minneapolis, MN 55105

Office Address:          _Faegre & Benson, 2200 Wells Fargo Center, 90 South Seventh Street,
                             Minneapolis, MN 55402

Telephone: (612) 766-7000_                    Fax: _(612) 766-1600

Title of cause or case where applicant seeks to appear: <u>Consumer Protection Corporation v. Radisson Hotels International,</u>
<u>Inc., et al.</u>
Docket Number: <u>CV 2008-018530</u>
Court, Board, or Administrative Agency: <u>Maricopa County Superior Court of Arizona</u>
Party on whose behalf applicant seeks to appear: <u>Radisson Hotels International, Inc.</u>

| Courts to Which Applicant Has Been Admitted: | Date of Admission: | Bar Number: |
|---|---|---|
| Courts of the State of Minnesota | _October 26, 2007 | #387945 |
| Federal District Court of the State of Minnesota | April 14, 2008 | |
| United States Court of Appeals, Eighth Circuit | July 21, 2008 | |

Applicant is a member in good standing in such courts.

Applicant is not currently disbarred or suspended in any court.

Applicant   is / **is not** (select one) currently subject to any pending disciplinary proceeding or investigation by any court,
agency or organization authorized to discipline attorneys at law.

| Jurisdiction(s) Where | Nature of Matter | Name / Address of |
|---|---|---|
| Discipline Matter Pending: | Under Investigation: | Disciplinary Authority: |

Applicant  has / **has not** (select one) been disciplined by any court, agency or organization authorized to discipline
attorneys at law.

In the preceding three (3) years, applicant has filed applications to appear as counsel under Rule 38(a), Arizona Rules of Supreme Court in the following:

| Title of Matter: | Docket #: | Court or Agency: | Application Granted? (Y/N) |
|---|---|---|---|

Name of local counsel:            Craig W. Phillips
State Bar of Arizona Number:    009245
Address:                                    Lewis and Roca LLP, 40 North Central Avenue, Suite 1900, Phoenix, AZ 85004

Telephone :    (602) 262-5345                            Fax:  (602) 734-3795

Name(s) of each party in this cause and name and address of all counsel of record:

| Party: | Counsel of Record: | Address: |
|---|---|---|
| Consumer Protection Corporation | Peter Strojnik | The Law Firm of Peter Strojnik, 3030 North Central Avenue, Suite 1401, Phoenix, Arizona 85012 |
| Tropical Travel Marketing, Inc. | Unknown at this time | |
| Louis Quiles | Unknown at this time | |
| Jane Doe Quiles | Unknown at this time | |
| Digitalspeed Communications, Inc. | Unknown at this time | |
| Innovative Communications, Inc. | Unknown at this time | |
| Adam Pasternack | Unknown at this time | |
| Jane Doe Pasternack | Unknown at this time | |
| DHM Vacations, LLC | Unknown at this time | |
| Driftwood Hospitality Management, LLC | Unknown at this time | |
| Maingate Hospitality, LLP | Unknown at this time | |

Applicant is including with this application a nonrefundable application fee, payable to the State Bar of Arizona, in the amount of $391.00.

This case or cause  is /(is not)(select one) a related or consolidated matter for which applicant has previously applied to appear pro hac vice in Arizona.  If this matter is a related or consolidated with any previous application, applicant certifies the following:

Applicant certifies the following:

1.  Applicant shall be subject to the jurisdiction of the courts and agencies of the State of Arizona and to the State Bar of Arizona with respect to the law of this state governing the conduct of attorneys to the same extent as an active member of the State Bar of Arizona, as provided in Rule 46(b) Rules of the Supreme Court.
2.  Applicant will review and comply with appropriate rules of procedure as required in the underlying cause.
3.  Applicant understands and shall comply with the standards of conduct required of members of the State Bar of Arizona.

Verification

STATE OF MINNESOTA)
COUNTY OF HENNEPIN) ss.

I, the Applicant, swear that all statements in the application are true, correct and complete to the best of my knowledge and belief.

Dated: September 26, 2008          Applicant's signature

SUBSCRIBED AND SWORN TO before me this 26th day of September, 2008, by
    David A. Snieg
Name of Applicant



Notary Public

**NOTE – As the application requires original signatures of the applicant and notary, this application cannot be filed electronically. Please submit all documents and fees by mail to:**

State Bar of Arizona
Pro Hac Vice
4201 N. 24th Street, Suite 200
Phoenix, AZ 85016

BARBARA H. SALSEG
Notary Public
Minnesota
My Commission Expires January 31, 2010

For further information, please contact our Resource Center at 602-340-7239.

# EXHIBIT 2

# STATE OF MINNESOTA
# IN SUPREME COURT

*Certificate of Good Standing*

This is to certify that the following lawyer is in good standing.

DAVID ANTHONY SNIEG

was duly admitted to practice as a lawyer and counselor at law in all the courts of this state on

October 26, 2007

Given under my hand and seal of this court on

September 23, 2008

*Fredrick K. Grittner*

Fredrick K. Grittner
Clerk of Appellate Courts

# EXHIBIT 3

**Superior Court**
**Maricopa County**

| | |
|---|---|
| Consumer Protection Corporation ) | |
|     Plaintiff, ) | **CASE # CV2008-018530** |
| ) | |
|     v. ) | SBA App # 1004293 |
| ) | |
| Radisson Hotels International ) | |
|     Defendant. ) | **NOTICE OF RECEIPT OF** |
| ) | **COMPLETE APPLICATION** |

    NOTICE IS HEREBY given by THE STATE BAR OF ARIZONA that it has received the verified application and fee from David  Snieg .

    In addition to this application, applicant has made the following applications to appear pro hac vice, pursuant to Rule38 (a), within the previous three (3) years:

| Title of Matter | Court/Agency | Date | Granted? |
|---|---|---|---|
| _____ | _____ | _____ | ☐ Yes  ☐ No |
| _____ | _____ | _____ | |
| _____ | _____ | _____ | ☐ Yes  ☐ No |

    Exhibit A, the original verified application and Exhibit B, the original Certificate(s) of Good Standing are attached hereto.

DATED this 17th day of October 2008

Mirna A Lerma
Resource Center
State Bar of Arizona

Original Mailed on this 17th day of October 2008 to:

Mr Craig Phillips
Lewis and Roca  LLP
40 N Central
Phoenix, AZ 85004-4429

-1-

LEWIS
AND
ROCA
—LLP—
L A W Y E R S

40 North Central Avenue
Phoenix, Arizona 85004-4429
Telephone: (602) 262-5311
  Craig W. Phillips, State Bar No. 009245
  Robert G. Schaffer, State Bar No. 017475
  Telephone (602) 262-5311
  Fax (602) 734-3795
  E-mail: cphillips@lrlaw.com
  E-mail: rschaffer@lrlaw.com

*Faegre & Benson LLP*
2200 Wells Fargo Center
90 S. Seventh Street
Minneapolis, Minnesota 55402-3901
  Amy R. Freestone, Pro Hac Vice Pending
  David Snieg, Pro Hac Vice Pending
  Telephone: (612) 766-7000
  Facsimile (612) 766-1600

Attorneys for Defendant
Radisson Hotels International, Inc.

MICHAEL K. JEANES
Clerk of the Superior Court

By MONSERRAT VEJAR, Deputy
Date 09/19/2008 Time 04:20 PM
Description      Qty      Amount
---------    CASE# CV2008-018530 -------
CIVIL SEPARATE ANS    001    191.00
-------------------------------------
TOTAL AMOUNT              191.00
    Receipt# 00010275462

IN THE MARICOPA COUNTY SUPERIOR COURT

IN AND FOR THE STATE OF ARIZONA

| | |
|---|---|
| CONSUMER PROTECTION CORPORATION, an Arizona corporation, | No. CV2008-018530 |
| Plaintiff, | **RADISSON HOTELS INTERNATIONAL, INC.'S ANSWER TO PLAINTIFF'S FIRST AMENDED CLASS ACTION COMPLAINT** |
| vs. | |
| RADISSON HOTELS INTERNATIONAL, INC., a Delaware Corporation; TROPICAL TRAVEL MARKETING, INC., a Florida Corporation; LOUIS QUILES, an individual; JANE DOE QUILES, an individual; DIGITALSPEED COMMUNICATIONS, INC., a Pennsylvania corporation; INNOVATIVE COMMUNICATIONS, INC., a Pennsylvania corporation; ADAM PASTERNACK a/k/a ADAM HARRIS PASTERNACK, an individual; JANE DOE PASTERNACK, an individual; DHM VACATIONS, LLC, a Florida Limited Liability Company; DRIFTWOOD VENTURES, INC., a Florida Corporation; DRIFTWOOD HOSPITALITY I, INC., a Florida Corporation; DRIFTWOOD HOSPITALITY MANAGEMENT, LLC, a Delaware Limited Liability Company; MAINGATE HOSPITALITY, LP, a Delaware Limited Partnership. | (Assigned to the Honorable Joseph Heilman) |
| Defendants. | |

1974519.1



1    Defendant Radisson Hotels International, Inc. ("Radisson") hereby denies each

2  allegation in the plaintiff's First Amended Class Action Complaint ("Amended

3
4  Complaint"), and each part or portion thereof, except as hereinafter specifically admitted,

5  and further answers as follows:

6                    **THE PARTIES, JURISDICTION AND VENUE**

7  1.    Radisson lacks knowledge or information sufficient to form a belief about the truth

8  of the allegations of paragraph 1 of the Amended Complaint.

9
10  2.    Radisson admits that it is the franchisor of the Radisson® brand with franchisees in

11  Arizona and across the United States, and that an affiliate operates a website for

12  reservations for Radisson® brand hotels worldwide. Radisson denies the remaining

13  allegations paragraph 2 of the Amended Complaint.

14
15  3.    Radisson admits that it is a franchisor of Radisson® hotels with franchisees in

16  Arizona and across the United States. Radisson denies the remaining allegations of

17  paragraph 3 of the Amended Complaint, and Radisson specifically denies that it owns or

18  operates the Radisson Maingate hotel and denies that it owns or operates, or offers for sale

19
20  the timeshare units that are the subject matter of this Amended Complaint.

21  4.    Radisson lacks knowledge or information sufficient to form a belief about the truth

22  of the allegations of paragraph 4 of the Amended Complaint.

23  5.    Radisson lacks knowledge or information sufficient to form a belief about the truth

24
25  of the allegations of paragraph 5 of the Amended Complaint.

26  6.    Radisson lacks knowledge or information sufficient to form a belief about the truth

27  of the allegations of paragraph 6 of the Amended Complaint.

28

1974519.1



7.    Radisson lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 7 of the Amended Complaint.

8.    Radisson lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 8 of the Amended Complaint.

9.    Radisson lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 9 of the Amended Complaint.

10.   Radisson lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 10 of the Amended Complaint.

11.   Radisson lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 11 of the Amended Complaint.

12.   Radisson lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 12 of the Amended Complaint.

13.   Radisson lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 13 of the Amended Complaint.

14.   Radisson lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 14 of the Amended Complaint.

15.   Radisson lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 15 of the Amended Complaint.

16.   Radisson states that paragraph 16 of the Amended Complaint contains a statement to which no response is required.

17.   Radisson admits that the plaintiff alleges jurisdiction is proper. Radisson denies the remaining allegations of paragraph 17 of the Amended Complaint to the extent they

1974519.1



1  pertain to Radisson, and specifically denies that it has caused unsolicited faxes to be

2  transmitted in the State of Arizona or elsewhere. Radisson lacks knowledge or

3
4  information sufficient to form a belief regarding the truth of the remaining allegations of

5  paragraph 17 of the Amended Complaint.

6  18.    Radisson denies the allegations of paragraph 18 of the Amended Complaint to the

7  extent they pertain to Radisson. Radisson lacks knowledge or information sufficient to

8
9  form a belief regarding the truth of the remaining allegations in paragraph 18 of the

10  Amended Complaint as they relate to entities other than Radisson.

11  19.    Radisson denies the allegations of paragraph 19 of the Amended Complaint to the

12  extent they pertain to Radisson. Radisson lacks knowledge or information sufficient to

13
14  form a belief regarding the truth of the remaining allegations in paragraph 19 of the

15  Amended Complaint as they relate to entities other than Radisson.

16  **ALLEGATIONS APPLICABLE TO ALL COUNTS**

17  20.    Radisson denies the allegations of paragraph 20 of the Amended Complaint to the

18  extent they pertain to Radisson. Radisson lacks knowledge or information sufficient to

19
20  form a belief regarding the truth of the remaining allegations in paragraph 20 of the

21  Amended Complaint, as they relate to entities other than Radisson.

22  21.    Radisson admits that the Radisson Resort Worldgate is located at 3011 Maingate

23  Lane, Kissimmee, Florida 34747. Radisson denies the remaining allegations of paragraph

24
25  21 of the Amended Complaint to the extent they pertain to Radisson. Radisson lacks

26  knowledge or information sufficient to form a belief about the truth of the remaining

27
28

4

1974519.1



allegations of paragraph 21 of the Amended Complaint, as they relate to entities and a document transmitted by entities other than Radisson.

22.    Radisson lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 22 of the Amended Complaint, as they relate to entities other than Radisson.

23.    Radisson lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 23 of the Amended Complaint, as they relate to entities other than Radisson.

24.    Radisson lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 24 of the Amended Complaint, as they relate to entities other than Radisson.

25.    Radisson lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 25 of the Amended Complaint, as they relate to entities other than Radisson.

26.    Radisson lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 26 of the Amended Complaint, as they relate to entities other than Radisson.

27.    Radisson admits on information and belief that its licensee – Maingate Hospitality, L.P. ("Maingate") - operates an informational kiosk and/or office in the public area of the Radisson Resort Worldgate as part of Maingate's marketing of timeshares.  By way of further response, Radisson states that Radisson has no involvement with, interest in, or connection with Maingate's sale of timeshares, except that such timeshares are located in

5

LEWIS
AND
ROCA·
——LLP——
L A W Y E R S

the same building complex as the Radisson Resort Worldgate. Radisson further denies that it has in any way authorized Maingate to use its Reservation System for the sale of timeshares. Radisson further denies that said timeshares in any way relate to, are under the control of Radisson, or are authorized to use the Radisson® trademark, and it objects to the use of the name "Radisson Timeshares" in the Amended Complaint. Radisson lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of paragraph 27 of the Amended Complaint, as they relate to entities other than Radisson.

28.    Radisson lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 28 of the Amended Complaint, as they relate to entities other than Radisson.

29.    Radisson lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 29 of the Amended Complaint, as they relate to entities other than Radisson.

30.    Radisson lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 30 of the Amended Complaint, as they relate to entities other than Radisson.

31.    Radisson lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 31 of the Amended Complaint, as they relate to entities other than Radisson.

1974519.1

LEWIS
AND
ROCA
——LLP——
L A W Y E R S

## CLASS ACTION ALLEGATIONS

32.    Radisson admits that plaintiff brings this case as a purported class action, but denies that it is properly maintainable as such against Radisson.

33.    Radisson denies the allegations of paragraph 33 of the Amended Complaint to the extent they pertain to Radisson. Radisson further states that the Arizona statute referenced speaks for itself and any attempt to characterize it is denied. Radisson lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 33 of the Amended Complaint to the extent they relate to entities other than Radisson.

34.    Radisson admits that plaintiff brings this case as a purported class action, but deny that it is properly maintainable as such against Radisson.

35.    Radisson denies the allegations of paragraph 35 of the Amended Complaint to the extent they pertain to Radisson. Radisson lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of paragraph 35 of the Amended Complaint, as they relate to entities other than Radisson.

36.    Radisson denies the allegations of paragraph 36 of the Amended Complaint to the extent they pertain to Radisson. Radisson lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of paragraph 36 of the Amended Complaint, as they relate to entities other than Radisson.

37.    Radisson denies the allegations of paragraph 37 of the Amended Complaint to the extent they pertain to Radisson. Radisson lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of paragraph 37 of the Amended Complaint as they relate to entities other than Radisson.

7

LEWIS
AND
ROCA
—LLP—
LAWYERS

38.    Radisson states that paragraph 38 of the Amended Complaint calls for a legal conclusion which does not require a response, but if a response is required admits that it does not have any business relationship with the named plaintiff Consumer Protection Corporation. Radisson lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of paragraph 38 of the Amended Complaint to the extent they pertain to entities other than Radisson.

39.    Radisson lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 39 of the Amended Complaint.

40.    Radisson states that paragraph 40 of the Amended Complaint contains a conclusion of law to which no response is required, but if a response is required Radisson states that the TCPA speaks for itself and any attempt to characterize it is denied.

41.    Radisson denies the allegations of paragraph 41 of the Amended Complaint to the extent they pertain to Radisson. Radisson lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 41 of the Amended Complaint, as they relate to entities other than Radisson.

42.    Radisson admits that plaintiff brings this case as a purported class action, but denies that it is properly maintainable as such against Radisson.

43.    Radisson denies the allegations of paragraph 43, and its subparts (a) through (h), of the Amended Complaint.

**COUNT ONE**
(Violation of the Telephone Consumer Protection Act)
(47 U.S.C. § 227 *et seq*)

44.    Radisson denies the allegations of paragraph 44 of the Amended Complaint to the extent they pertain to Radisson. Radisson lacks knowledge or information sufficient to

8

1974519.1



1  form a belief about the truth of the remaining allegations of paragraph 44 of the Amended

2  Complaint as they relate to entities other than Radisson.

3
4  45.    Radisson denies the allegations of paragraph 45 of the Amended Complaint to the

5  extent they pertain to Radisson.  Radisson lacks knowledge or information sufficient to

6  form a belief about the truth of the remaining allegations of paragraph 45 of the Amended

7  Complaint as they relate to entities other than Radisson.

8
9  46.    Radisson denies the allegations of paragraph 46 of the Amended Complaint to the

10  extent they pertain to Radisson.  Radisson lacks knowledge or information sufficient to

11  form a belief about the truth of the remaining allegations of paragraph 46 of the Amended

12  Complaint as they relate to entities other than Radisson.

13
14  47.    Radisson denies the allegations of paragraph 47 of the Amended Complaint to the

15  extent they pertain to Radisson.  Radisson lacks knowledge or information sufficient to

16  form a belief about the truth of the remaining allegations of paragraph 47 of the Amended

17  Complaint as they relate to entities other than Radisson.

18                          **COUNT TWO**
19                       (Declaratory Judgment)

20  48.    Radisson incorporates by reference all paragraphs of this Answer as if fully set

21  forth herein.

22
23  49.    Radisson admits that plaintiff purports to bring this action pursuant to the statutes

24  referenced in paragraph 49 of the Amended Complaint, but deny that this action is

25  properly maintainable under said statutes against Radisson.

26  50.    Radisson denies the allegations of paragraph 50 of the Amended Complaint to the
27
28  extent they pertain to Radisson.  Radisson lacks knowledge or information sufficient to

9                                        1974519.1



LEWIS
AND
ROCA
— LLP —
L A W Y E R S

form a belief about the truth of the remaining allegations of paragraph 50 of the Amended

Complaint as they relate to entities other than Radisson.

51.    Radisson denies the allegations of paragraph 51 of the Amended Complaint to the

extent they pertain to Radisson. Radisson lacks knowledge or information sufficient to

form a belief about the truth of the remaining allegations of paragraph 51 of the Amended

Complaint as they relate to entities other than Radisson.

52.    Radisson denies the allegations of paragraph 52 of the Amended Complaint to the

extent they pertain to Radisson. Radisson lacks knowledge or information sufficient to

form a belief about the truth of the remaining allegations of paragraph 52 of the Amended

Complaint as they relate to entities other than Radisson.

53.    Radisson states that paragraph 53 of the Amended Complaint calls for a legal

conclusion, to which no response is required, but if a response is required Radisson denies

the allegations of paragraph 53 of the Amended Complaint to the extent they pertain to

Radisson and the named plaintiff Consumer Protection Corporation. Radisson lacks

knowledge or information sufficient to form a belief about the truth of the allegations of

paragraph 53 of the Amended Complaint to the extent they pertain to entities other than

Radisson and/or unnamed class members.

54.    Radisson admits that plaintiff claims that Defendants violated the FTCA but denies

plaintiff's allegations with respect to Radisson. Radisson lacks knowledge or information

sufficient to form a belief as to the truth of the remaining allegations in paragraph 54 of

the Amended Complaint.

1974519.1



## COUNT THREE
### (Civil Conspiracy)

55.    Radisson incorporates by reference all paragraphs of this Answer as if fully set forth herein.

56.    Radisson denies the allegations of paragraph 56 of the Amended Complaint to the extent they pertain to Radisson.  Radisson lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of paragraph 56 of the Amended Complaint as they relate to entities other than Radisson.

57.    Radisson denies the allegations of paragraph 57 of the Amended Complaint to the extent they pertain to Radisson.  Radisson lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of paragraph 57 of the Amended Complaint as they relate to entities other than Radisson.

58.    Radisson denies the allegations of paragraph 58 of the Amended Complaint to the extent they pertain to Radisson.  Radisson lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of paragraph 58 of the Amended Complaint as they relate to entities other than Radisson.

59.    Radisson denies the allegations of paragraph 59 of the Amended Complaint to the extent they pertain to Radisson.  Radisson lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of paragraph 59 of the Amended Complaint as they relate to entities other than Radisson.

## COUNT FOUR
### (Aiding and Abetting)

60.    Radisson incorporates by reference all paragraphs of this Answer as if fully set forth herein.

1974519.1

LEWIS
AND
ROCA·
—LLP—
L A W Y E R S

61.     Radisson denies the allegations of paragraph 61, and its subparts (a) through (c), of the Amended Complaint to the extent they pertain to Radisson.  Radisson lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of paragraph 61 of the Amended Complaint as they relate to entities other than Radisson.

62.     Radisson denies the allegations of paragraph 62 of the Amended Complaint to the extent they pertain to Radisson.  Radisson lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of paragraph 62 of the Amended Complaint as they relate to entities other than Radisson.

63.     Radisson denies the allegations of paragraph 63 of the Amended Complaint to the extent they pertain to Radisson.  Radisson lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of paragraph 63 of the Amended Complaint as they relate to entities other than Radisson.

64.     Radisson denies the allegations of paragraph 64 of the Amended Complaint to the extent they pertain to Radisson.  Radisson lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of paragraph 64 of the Amended Complaint as they relate to entities other than Radisson.

65.     Radisson denies that plaintiff is entitled to recover from or against Radisson any of the relief they seek in the paragraph of the Amended Complaint entitled "Relief Sought."

66.     Radisson denies all allegations of the Amended Complaint not specifically admitted or modified.

1974519.1



# **AFFIRMATIVE DEFENSES**

67.    Plaintiff's Amended Complaint fails to state a claim against Radisson for which relief can be granted.

68.    Plaintiff's claims may be barred by the applicable statute of limitations.

69.    Plaintiff's claims against Radisson are not properly certifiable as a class action.

70.    Plaintiff's alleged service of the Amended Complaint upon Radisson was insufficient or defective under the Arizona Rules of Civil Procedure.

71.    Radisson expressly reserves the right to assert any additional defenses that may become apparent through discovery in this case and expressly reserves the right to amend its Answer to assert any such affirmative defenses.

WHEREFORE, Defendant Radisson Hotels International, Inc. prays for judgment as follows:

1.    That Radisson is dismissed from the action with prejudice;

2.    That  plaintiff takes nothing by its Amended Complaint against Radisson;

3.    That the Court deny plaintiffs' request for certification of the Action as a class action against Radisson;

4.    That Radisson recovers its costs and disbursements in defending this action;

5.    For other relief as the Court deems just and equitable.

DATED this 19th day of September, 2008.

13

1974519.1

LEWIS
AND
ROCA
——LLP——
L A W Y E R S

LEWIS AND ROCA LLP

By _____
      Craig W. Phillips
      Robert G. Schaffer
      LEWIS AND ROCA LLP
      40 N. Central Avenue
      Phoenix, AZ 85004

      - and -
      **OF COUNSEL**
      Amy R. Freestone (pro hac vice pending)
      David Snieg (pro hac vice pending)
      Faegre & Benson LLP
      2200 Wells Fargo Center
      90 S. Seventh Street
      Minneapolis, MN 55402-3901
      Attorneys for Defendant Radisson Hotels
      International, Inc.

ORIGINAL of the foregoing filed this 19th day
of September, 2008, with the Clerk of the Court.

COPY hand-delivered this 19th day
of September, 2008, to:

Honorable Joseph Heilman
Maricopa County Superior Court
East Court Building – 814
101 West Jefferson
Phoenix, AZ 85003

COPY mailed this 19th day
of September, 2008, to:

Peter Strojnik, Esq.
Peter Strojnik, P.C.
3030 N. Central Avenue, Suite 1401
Phoenix, AZ 85012-2720
Attorneys for Plaintiff

Amy R. Freestone, Esq.
David Snieg, Esq.
Faegre & Benson LLP
2200 Wells Fargo Center
90 S. Seventh Street
Minneapolis, MN 55402-3901
Attorneys for Defendant
Radisson Hotels International, Inc.

14



LEWIS
AND
ROCA
—— LLP ——
L A W Y E R S

MICHAEL JEANES: CLERK
BY  M. Vejar  DEP
FILED

08  SEP 19  PM 4: 18

1   40 North Central Avenue
    Phoenix, Arizona 85004-4429
    Telephone: (602) 262-5311
2   Craig W. Phillips, State Bar No. 009245
    Robert G. Schaffer, State Bar No. 017475
    Telephone (602) 262-5311
3   Fax (602) 734-3795
    E-mail: cphillips@lrlaw.com
    E-mail: rschaffer@lrlaw.com
4
    *Faegre & Benson LLP*
5   2200 Wells Fargo Center
    90 S. Seventh Street
    Minneapolis, Minnesota 55402-3901
6   Amy R. Freestone, Pro Hac Vice Pending
    David Snieg, Pro Hac Vice Pending
    Telephone: (612) 766-7000
7   Facsimile (612) 766-1600

    Attorneys for Defendant
8   Radisson Hotels International, Inc.

9           IN THE MARICOPA COUNTY SUPERIOR COURT

10              IN AND FOR THE STATE OF ARIZONA

11  CONSUMER PROTECTION                )
12  CORPORATION, an Arizona corporation, )   No. CV2008-018530
                                         )
13                     Plaintiff,        )   **CERTIFICATE RE COMPULSORY**
                                         )   **ARBITRATION**
14          vs.                          )
                                         )   (Assigned to the Honorable Joseph
15  RADISSON HOTELS INTERNATIONAL, )        Heilman)
    INC., a Delaware Corporation; TROPICAL )
16  TRAVEL MARKETING, INC., a Florida )
    Corporation; LOUIS QUILES, an        )
17  individual; JANE DOE QUILES, an      )
    individual; DIGITALSPEED             )
18  COMMUNICATIONS, INC., a              )
    Pennsylvania corporation; INNOVATIVE )
19  COMMUNICATIONS, INC., a              )
    Pennsylvania corporation; ADAM       )
20  PASTERNACK a/k/a ADAM HARRIS         )
    PASTERNACK, an individual; JANE DOE )
21  PASTERNACK, an individual; DHM       )
    VACATIONS, LLC, a Florida Limited    )
22  Liability Company; DRIFTWOOD         )
    VENTURES, INC., a Florida Corporation; )
23  DRIFTWOOD HOSPITALITY I, INC., a     )
    Florida Corporation; DRIFTWOOD       )
24  HOSPITALITY MANAGEMENT, LLC, a )
    Delaware Limited Liability Company;   )
25  MAINGATE HOSPITALITY, LP, a          )
    Delaware Limited Partnership.         )
26                                       )
                      Defendants.        )
27  _____ )

28

1974445.1



1    The undersigned certifies that he knows the dollar limits and any other limitations

2    set forth by the local rules of practice for Maricopa County Superior Court, and further

3    certifies that based upon his knowledge this case is not subject to compulsory arbitration,

4    as provided by Rules 72 through 76 of the Arizona Rules of Civil Procedure

5        DATED this 19th day of September, 2008.

6                                    LEWIS AND ROCA LLP

7

8                                    By

9                                        Craig W. Phillips
                                         Robert G. Schaffer
10                                       LEWIS AND ROCA LLP
                                         40 N. Central Avenue
11                                       Phoenix, AZ 85004

12                                       - and -

13                                       **OF COUNSEL**
                                         Amy R. Freestone (pro hac vice pending)
14                                       David Snieg  (pro hac vice pending)
                                         Faegre & Benson LLP
15                                       2200 Wells Fargo Center
                                         90 S. Seventh Street
16                                       Minneapolis, MN  55402-3901

17                                       Attorneys for Defendant Radisson Hotels
18                                       International, Inc.

19

20

21

22

23

24

25

26

27

28

                                    2                                    1974474.1

LEWIS
AND
ROCA
— LLP —
L A W Y E R S

1 | ORIGINAL of the foregoing filed this 19th day
of September 19, 2008, with the Clerk of the Court.

2

COPY hand-delivered this 19th day of September, 2008, to:

3

Honorable Joseph Heilman
4 | Maricopa County Superior Court
East Court Building – 814
5 | 101 West Jefferson
Phoenix, AZ 85003

6

COPY mailed this 19th day of September, 2008, to:

7

Peter Strojnik, Esq.
8 | Peter Strojnik, P.C.
3030 N. Central Avenue, Suite 1401
9 | Phoenix, AZ  85012-2720
Attorneys for Plaintiff

10

11 | Amy R. Freestone, Esq.
David Snieg, Esq.
12 | Faegre & Benson LLP
2200 Wells Fargo Center
13 | 90 S. Seventh Street
14 | Minneapolis, MN  55402-3901
Attorneys for Defendant
15 | Radisson Hotels International, Inc.

16

17

18

19

20

21

22

23

24

25

26

27

28

3

1974474.1

MICHAEL K. JEANES, CLERK
BY K Kee DEP
FILED

08 SEP -9 PM 3: 20

Peter Strojnik, 006464
3030 North Central Avenue, Suite 1401
Phoenix, Arizona 85012
Telephone: 602-524-6602
Facsimile: 602-296-0135
e-mail: *Strojnik@aol.com*
Attorney for Plaintiff

# IN THE MARICOPA COUNTY SUPERIOR COURT

## IN AND FOR THE STATE OF ARIZONA

|  |  |
|---|---|
| CONSUMER PROTECTION CORPORATION, an Arizona Corporation, | NO. CV2008-018530 |
| Plaintiff, | **FIRST AMENDED CLASS ACTION COMPLAINT (AS OF RIGHT) FOR INJUNCTIVE RELIEF AND FOR DAMAGES ARISING OUT OF TRANSMISSION OF UNSOLICITED FAXES - 47 U.S.C. § 227** |
| vs. | |
| RADISSON HOTELS INTERNATIONAL, INC., a Delaware Corporation; TROPICAL TRAVEL MARKETING, INC., a Florida Corporation; LOUIS QUILES, an individual; JANE DOE QUILES, an individual; DIGITALSPEED COMMUNICATIONS, INC., a Pennsylvania Corporation; INNOVATIVE COMMUNICATIONS, INC., a Pennsylvania Corporation; ADAM PASTERNACK a/k/a ADAM HARRIS PASTERNACK, an individual; JANE DOE PASTERNACK, an individual; DHM VACATIONS, LLC, a Florida Limited Liability Company; DRIFTWOOD VENTURES, INC., a Florida Corporation; DRIFTWOOD HOSPITALITY I, INC., a Florida Corporation; DRIFTWOOD HOSPITALITY MANAGEMENT, LLC, a Delaware Limited Liability Company; MAINGATE HOSPITALITY, LP, a | **REQUEST FOR TRIAL BY JURY** |

-1-

Delaware Limited Partnership.

Defendants.

Plaintiff alleges, on Plaintiff's behalf and on behalf of a class of persons defined below, as follows:

## THE PARTIES, JURISDICTION AND VENUE

1) Plaintiff CONSUMER PROTECTION CORPORATION is an Arizona Professional Corporation authorized to and conducting business in Maricopa County, State of Arizona.

2) Defendant RADISSON HOTELS INTERNATIONAL, INC. is a Delaware Corporation authorized to and conducting business in the State of Delaware, and conducts business across the United States of America including Maricopa County, State of Arizona ("Radisson").

3) Radisson is engaged, directly and indirectly, in the business of renting hotel rooms in hotels across the United States of American as well as selling and offering for sale timeshares in the State of Florida for the Radisson Resort Worldgate.

4) Defendant TROPICAL TRAVEL MARKETING, INC. ("Tropical Travel") is a Florida Corporation doing business in the State of Florida and across the United States of America, including the State of Arizona. Tropical Travel has been cited in the past by the Federal Communications Commission for violation of the TCPA.

5) Defendant LOUIS QUILES ("Quiles") is an individual residing in the State of Florida and conducting business as the President of Tropical Travel. Tropical Travel is the alter ego of Quiles.

6) Defendant JANE DOE QUILES is an individual and the wife of Quiles.

-2-

7) Defendant DIGITALSPEED COMMUNICATIONS, INC. ("Digitalspeed") is a Pennsylvania Corporation authorized to and conducting business in the State of Pennsylvania, and conducting business across the United States of America including the State of Arizona. On information, Digitalspeed is in the business of mass-broadcasting of unsolicited facsimiles for other businesses.

8) Defendant INNOVATIVE COMMUNICATIONS, INC. ("Innovative") is a Pennsylvania Corporation authorized to and conducting business in the State of Pennsylvania, and conducting business across the United States of America including the State of Arizona. On information, Innovative is in the business of mass-broadcasting of unsolicited facsimiles.

9) Defendant ADAM PASTERNACK a/k/a ADAM HARRIS PASTERNACK ("Pasternack") is an individual residing and conducting business in the State of Pennsylvania. Pasternack is the President and Chief Executive Officer of Digitalspeed and Innovative. Digitalspeed and Innovative are the alter egos of Pasternack.

10) Defendant JANE DOE PASTERNACK is an individual and the wife of Pasternack.

11) Defendant DHM VACATIONS, LLC is a Florida Limited Liability Company authorized to and conducting business in the State of Florida, and conducting business across the United States of America including the State of Arizona.

12) Defendant DRIFTWOOD VENTURES, INC. is a Florida Corporation authorized to and conducting business in the State of Florida, and conducting business across the United States of America including the State of Arizona.

-3-

13) Defendant DRIFTWOOD HOSPITALITY I, INC. is a Florida Corporation authorized to and conducting business in the State of Florida, and conducting business across the United States of America including the State of Arizona.

14) Defendant DRIFTWOOD HOSPITALITY MANAGEMENT, LLC is a Delaware Limited Liability Company authorized to and conducting business in the State of Delaware, and conducting business across the United States of America including the States of Florida and Arizona.

15) Defendant MAINGATE HOSPITALITY, LP is a Delaware Limited Partnership conducting business in the State of Florida and across the United States of America including the State of Arizona.

16) Defendants stated in Lines 12 – 16 herein are collectively referred to as "Driftwood."

17) This Court has personal jurisdiction over all Defendants by virtue of the following facts:

   a) Defendants caused unsolicited faxes to be transmitted to the residents of the State of Arizona, including the Plaintiff herein; and

   b) The State of Arizona has interest in providing a forum for its residents, including the named Plaintiff and the Class identified herein; and

   c) It would be extremely burdensome for the named Plaintiff to access another forum; and

   d) Upon information and belief, all Defendants continuously and systematically transmitted unsolicited faxes to the State of Arizona; and

   e) Defendants purposefully availed themselves of economic benefits and resources of the State of Arizona in conducting their business here; and

f) Defendants may be hailed in court here under the liberal "effects" test in this tort action; and

g) Defendants did and should have foreseen being hailed to Court in the State of Arizona.

18) Defendants transmitted unsolicited faxes to the named Plaintiff as follows:

a) Radisson transmitted to the named Plaintiff the unsolicited fax appearing in Exhibit 1 attached hereto ("Exhibit 1 Fax" or "Unsolicited Fax").

19) At times relevant hereto, Defendants were engaged in mass facsimile transmissions of unsolicited faxes in violation of Telephone Consumer Protection Act of 1991 and the Junk Fax Prevention Act of 2005 ("TCPA"), 47 U.S.C. § 227 *et seq.* case ("TCPA"). Pursuant to the TCPA, Defendants are liable in statutory damages the sum of $500 to $1,500 for each unsolicited fax. Therefore, upon information and belief, the amount of controversy in this exceeds the statutory requirement of 5 million dollars.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

20) Defendants sent to the named Plaintiff and the members of the Class the facsimile attached hereto as Exhibit 1 (the "Exhibit 1 Fax" or "Unsolicited Fax").

21) The Exhibit 1 Fax advertises the sale of vacation packages to various destinations in the State of Florida, including Orlando, Daytona Beach, and Fort Lauderdale. On information, the Exhibit 1 Fax is a tool used by Defendants to "hook" travelers to attend sales presentations at the Radisson Resort Worldgate for the sale of timeshare resorts at the Radisson Resort, which is located at 3011 Maingate Lane, Kissimmee, Florida 34747 (the "Radisson Resort").

22) On the bottom of the Exhibit 1 Fax is a telephone number that the receiver may telephone to order the vacation packages listed on the Exhibit 1 Fax. That telephone number is 1-800-469-1275 ("Order Number"). The Order Number is owned and/or issued to Tropical Travel.

23) On June 29, 2007, the Federal Communications Commission ("FCC") issued a citation to Tropical Travel for its violation of the TCPA.

24) On July 3, 2008, the Federal Communications Commission issued a Notice of Apparent Liability for Forfeiture to Tropical Travel for continued violations of the TCPA, to wit: FCC File Number EB-07-TC-2540.

25) On the bottom of the Exhibit 1 Fax is a telephone number that the receiver may telephone to remove the receiver's facsimile number from the sender's list of numbers. That telephone number is 1-888-277-7346 ("Removal Number"). The Removal Number is owned and/or issued to Digitalspeed.

26) On February 17, 2005, Adam Harris was cited by the FCC for a violation of the TCPA, to wit: FCC Citation Number EB-05-TC-020. On information, Adam Harris is Adam Pasternack a/k/a Adam Harris Pasternack.

27) Driftwood operates a kiosk and/or similar sales pad in the lobby of the Radisson Resort. Driftwood's telephone number is a very similar telephone number for the Radisson Resort, to wit: 407-396-1400 (Radisson Resort), 407-396-1400 ext. 3210 (Driftwood).

28) The ultimate purpose of the Driftwood sales kiosk is to sell timeshares located at the Radisson Resort ("Radisson Timeshares"). One of the means Driftwood uses to sell the

Radisson Timeshares is to have sales presentations ("Sales Presentations") on the benefits of ownership of the Radisson Timeshares.

29) Driftwood gives the Sales Presentations to persons who have purchased the travel packages listed on the Exhibit 1 Fax, or "hooked" travelers (the "Hooked Traveler(s)"). The Sales Presentation is a requirement for the Hooked Traveler.

30) Driftwood and Tropical Travel have entered into a Marketing Agreement, the purpose of which is for Hooked Travelers to go to the Sales Presentations through the guise of inexpensive travel packages to vacation destinations. The consideration flowing between Driftwood and Tropical Travel is that Tropical Travel will induce persons to attend the Sales Presentations. In return, Tropical Travel will receive $350.00, or similar amount, for each qualified Hooked Traveler who completes a Sales Presentation.

31) Tropical Travel induces the Hooked Travelers to attend the Sales Presentations by advertising via unsolicited fax inexpensive travel packages to, *inter alia*, Orlando, Florida. When a Hooked Traveler calls the Order Number, Tropical Travel informs him or her that he/she must attend a 90-120 minute sales presentation on the benefits of ownership of the timeshare resorts at the Radisson Resort.

### CLASS ACTION ALLEGATIONS

32) This class action is brought on behalf of the named Plaintiff and the Class of persons who received unsolicited fax advertisement(s) to their facsimile machines.

33) The named Plaintiff claims and alleges that Defendants' use of the telephone facsimile machine, computer, or other device to send an unsolicited facsimile advertisement to a

telephone facsimile line violates the TCPA. This cause of action is specifically authorized pursuant to Arizona Revised Statutes § 44-1482(C).

34) The named Plaintiff brings this action in the named Plaintiff's individual capacity as well as on behalf of a class of persons and entities similarly situated (the "Class").

35) The named Plaintiff operates a business located in Maricopa County, State of Arizona, and receives and has received an unsolicited fax that caused it damages due to the loss of paper and toner, the temporary loss of use of the facsimile machine and computer, the potential loss of business, and a violation of its right to privacy.

36) Defendants knowingly or intentionally transmitted said unsolicited advertisement or caused said unsolicited advertisement to be transmitted to Plaintiff and the members of the Class.

37) Defendants had direct personal participation in or personally authorized the sending of said unsolicited advertisement to Plaintiff and the members of the Class.

38) Defendants did not have an established business relationship with the named Plaintiff or the members of the Class.

39) Said unsolicited facsimile did not contain in a margin at the top or bottom of each transmitted page or on the first page of each transmission, an identification of the business, other entity, or individual sending the message, and the telephone number of the sending machine or of such business, other entity, or individual.

40) The sending of the unsolicited faxes is unlawful under the TCPA.

41) As a direct and proximate result of Defendants' conduct heretofore described, the named Plaintiff and the members of the Class suffered damages due to the loss of paper and toner,

-8-

the temporary loss of use of their facsimile machine and the potential loss of business while its facsimile machine was in use.

42)This Class Action is brought and may be maintained pursuant to Rule 23 of the Arizona Rules of Civil Procedure.  Plaintiff seeks to represent a Class comprised of:

> All persons who received an unsolicited advertisement though a facsimile transmission from Defendants or for which Defendants are otherwise primarily or secondarily liable at any time during the applicable statute of limitations.

43)This action is properly brought as a class action pursuant to Rule 23 of the Arizona Rules of Civil Procedure, for the following reasons:

a) The class is so numerous that joinder of all members is impracticable; and

b) There are questions of law or fact common to the class, to wit:

   i) Whether Defendants violated the TCPA when transmitting the unsolicited fax in the form attached as Exhibit 1 or in a similar manner; and

   ii) Whether the facsimile that is the same or similar to that in Exhibit 1 constitutes "unsolicited advertisements" under TCPA; and

   iii) Whether the named Plaintiff and the members of the Class are entitled to damages under the TCPA; and

   iv) Whether the named Plaintiff and the members of the Class are entitled to treble damages under the TCPA; and

   v) Whether the named Plaintiff and the members of the Class are entitled to injunctive relief under the TCPA; and

vi) Whether the named Plaintiff and the members of the Class are entitled to declaratory relief.

c) The claims or defenses of the representative party is typical of the claims or defenses of the Class because all members of the Class received the same fax; and

d) The named Plaintiff (representative party) will fairly and adequately protect the interests of the class because:

    i) The named Plaintiff seeks no relief that is antagonistic to the other members of the Class; and

    ii) The named Plaintiff has no established business relationship with any Defendant or any potential additional Defendant; and

    iii) The named Plaintiff intends to vigorously pursue the claims of the Class; and

    iv) The named Plaintiff is represented by counsel with 28 years of experience in litigation matters who is competent in representing the interests of the Class.

e) A Rule 23 Class Action is superior to any other available means for the adjudication of this controversy in the following particulars:

    i) This action will cause an orderly and expeditious administration of the Class's claims; and

    ii) The economies of time, effort and expense will be fostered; and

    iii) Uniformity of decisions will be ensured at the lowest costs and with the least expenditures of judicial resources.

f) Because of the size of the Class, the expense and burden of individual litigation makes it impractical for the individual members of the Class to individually seek redress for the

wrongs done to them. The named Plaintiff believes that the members of the Class, to the extent they are aware of their rights against Defendant, would be unable to secure counsel to litigate their claims on an individual basis because of the relatively small nature of the individual damages warranted and/or the value of individual injunctive relief. Hence, a class action is the only feasible means of recovery for the members of the Class. Furthermore, without a class action, the members of the Class will continue to suffer damages and Defendant will continue to violate federal law, retaining and reaping the proceeds of their wrongful marketing practices.

g) Plaintiff does not anticipate any difficulty in management of this action because the evidence proving Defendants' violations of the TCPA is ascertainable through discovery. The identities of the members of the Class are known by Defendants, and damages can be calculated from Defendant's records. This action poses no unusual difficulties that would impede its management by the Court as a Class action.

h) This Class Action will be maintainable, *inter alia*, pursuant to Arizona Rules of Civil Procedure Rule 23 (b).

**COUNT ONE**
(Violation of the Telephone Consumer Protection Act)
(47 U.S.C. § 227 *et seq*)

44) Defendants and/or their agents used a telephone facsimile machine, computer, or other device to broadcast unsolicited advertisements to telephone facsimile machines to Plaintiff and the members of the Class.

45) On information and belief, in each instance Defendants transmitted or caused to be transmitted unsolicited faxes to telephone machines themselves, or had a high degree of

involvement in the transmission of the unsolicited faxes to telephone facsimile machines. For example:

a) Defendants knew that the transmitted faxes were advertisements;

b) Defendants participated in the preparation of their content;

c) Defendants provided or obtained the fax telephone numbers of Plaintiff and the members of the Class;

d) Defendants compensated a third party for transmitting the unsolicited faxes to telephone facsimile machines; and/or

e) Defendants knew that Plaintiff and the members of the Class had not authorized the faxes' transmission by prior express invitation or permission.

46) As a direct and proximate result of said conduct, Plaintiff and members of the Class have sustained damages. Under the TCPA, Plaintiff and each member of the Class are entitled to injunctive and declaratory relief enjoining Defendant's unlawful conduct, as well as incidental statutory damages.

47) As a result of said conduct, Plaintiff and members of the Class suffered property damage, and Defendant has invaded their privacy.

### COUNT TWO
(Declaratory Judgment)

48) Plaintiff realleges all allegations heretofore set forth.

49) This count is brought pursuant to the Arizona version of the Uniform Declaratory Judgment Act, A.R.S. § 13-1821 *et seq* and the Federal Declaratory Judgment Act 28 U.S.C. § 2201 *et seq.*

-12-

50) A justiciable controversy exists between Plaintiff and the members of the Class and Defendants regarding the legality of Defendants' unsolicited fax transmissions.

51) Defendants claim, or may claim, that their conduct in sending unsolicited fax transmissions does not violate the TCPA.

52) Defendants claim, or may claim, that they obtained express invitation or consent to send the faxes to Plaintiff and the members of the Class.

53) Defendants claim, or may claim, that they enjoyed an established business relationship with the named Plaintiffs and the members of the Class.

54) The named Plaintiff claims that Defendants' practices violate the TCPA.

### COUNT THREE
(Civil Conspiracy)

55) Plaintiff realleges all allegations heretofore set forth.

56) Defendants agreed among themselves to engage in a course of conduct involving a violation of 47 U.S.C. § 227.

57) Defendants agreed to accomplish an unlawful purpose or to accomplish a lawful object by unlawful means, causing damages to the named Plaintiff and the members of the Class.

58) The named Plaintiff and the members of the Class have been damaged by acts committed by Defendants pursuant to the civil conspiracy described above.

59) Defendants' conduct was intentional and premeditated, intended to unjustly benefit Defendants at the expense of the named Plaintiff and the members of the Class, entitling named Plaintiff and the members of the Class to punitive damages in an amount sufficient

-13-

to deter these Defendants and others similarly situated from repeating or committing the

wrongful acts complained of herein, but in no event less than $5,000,000.00 each.

### COUNT FOUR
(Aiding and Abetting)

60) Plaintiff realleges all allegations heretofore set forth.

61) Defendants aided and abetted one another as follows:

a) The sender of the Unsolicited Faxes committed a violation of the TCPA; and

b) Defendants knew that the sender of the Unsolicited Fax violated the Telephone Consumer Protection Act; and

c) The Defendants substantially assisted or encouraged the sender of the Unsolicited Fax in the following non-exclusive actions:

i) They provided the information contained in the Unsolicited Fax; and

ii) They provided the opportunity to the sender of the Unsolicited Fax to violate the TCPA; and

iii) They sought the benefits of the Unsolicited Fax; and

iv) They accepted the benefits of the Unsolicited Fax.

62) The named Plaintiff and the Class have been harmed by Defendants' aiding and abetting.

63) Defendants are responsible to the named Plaintiff and the Class as aiders and abettors for the same amount of damages as the principal violators of the TCPA.

64) Defendants' conduct was intentional and premeditated, intended to unjustly benefit Defendants at the expense of the named Plaintiffs and the members of the Class, entitling named Plaintiffs and the members of the Class to punitive damages in an amount sufficient

-14-

to deter these Defendants and others similarly situated from repeating or committing the wrongful acts complained of herein, but in no event less than $5,000,000.00 each.

**RELIEF SOUGHT**

Plaintiffs pray for relief as follows:

a) For Certification of the Class pursuant to Rule 23 of the Arizona Rules of Civil Procedure; and

b) For extraordinary, equitable, and/or injunctive relief as permitted by law to ensure that Defendants will not continue to send unsolicited faxes; and

c) For judgment in the amount of $500.00 for each member of the Class for incidental statutory damages for each individual unsolicited fax received from Defendants; and

d) For judgment in the amount equal to three times the damages to Plaintiffs and each member of the Class under the TCPA, to wit, $1,500.00 for each member of the Class; and

e) For a declaration that Defendants have violated the TCPA because they failed to obtain express invitation or consent to send the subject facsimiles to Plaintiff or the Class; and

f) For a declaration that Defendants violated the TCPA because they did not enjoy an established business relationship with Plaintiff or the members of the Class; and

g) For judgment for costs and fees incurred in connection with this action, including reasonable attorneys' fees, expert witness fees, and other costs, as provide by law; and

h) For punitive damages in an amount sufficient to deter these Defendants and others similarly situated from repeating or committing the wrongful acts complained of herein, but in no event less than $5,000,000.00 each.

i)  For such other and further relief as the Court may deem just and proper.

## REQUEST FOR TRIAL BY JURY

Plaintiff requests a trial by a jury on all issues triable by a jury.

RESPECTFULLY SUBMITTED this 9th day of September, 2008.

PETER STROJNIK

Peter Strojnik
Attorney for the Plaintiff

-16-

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

# Exhibit 1

# 11 DAY UNFORGETABLE VACATION .

## Taken together or separate

## 5 Days and 4 Nights in



# ORLANDO

## 3 Days & 2 Nights in

## Daytona Beach and Ft. Lauderdale

## Plus: 3 Day 2 Night BAHAMAS Cruise

*2 Children Free
with 2 Paid Adults!

**Bonus:**   ☼5 Day Cancun or 7 Puerto Vallarta

☼Mini Excursion 3/2 **LAS VEGAS**

## ALL THIS FOR ONLY

# $99

PP based on Double Occupancy
Taxes Apply


- *Ask about 2
- Theme Park
- Tickets!



### For the **FIRST 100** callers!

**NO BLACKOUT DATES!** Travel over **MAJOR** holidays!

## Wholesale Vacation Corporate Department
Licensed – Bonded – Insured

# Toll Free : 1-800-469-1275    **Limited Availability**

To Remove Call 1-888-277-7346

1    Peter Strojnik, 006464
2    3030 North Central Avenue, Suite 1401
     Phoenix, Arizona 85012
3    Telephone: 602-524-6602
     Facsimile: 602-296-0135
4    e-mail: *Strojnik@aol.com*
     Attorney for Plaintiff
5

MICHAEL K. JEANES, CLERK
BY *M. Knox* DEP
FILED

08 AUG -6 PM 3: 11

6                IN THE MARICOPA COUNTY SUPERIOR COURT

7                   IN AND FOR THE STATE OF ARIZONA

8    CONSUMER PROTECTION            )  NO.     CV2008-018530
     CORPORATION, an Arizona        )
9    Corporation,                   )
                                    )  CERTIFICATE OF ARBITRATION
10                                  )
                        Plaintiff,  )
11                                  )
12          vs.                     )
                                    )
13   RADISSON HOTELS               )
     INTERNATIONAL, INC., a Delaware )
14   Corporation d/b/a Wholesale Vacation )
     Corporate Department, d/b/a Tropical )
15   Discount Vacations; RADISSON   )
     WORLDWIDE, INC., a Corporation )
16   Incorporated Outside the United States of )
17   America d/b/a Wholesale Vacation )
     Corporate Department, d/b/a Tropical )
18   Discount Vacations.            )
                                    )
19                                  )
                        Defendants. )
20   _____)

21          The above cause is NOT subject to compulsory arbitration.

22          RESPECTFULLY SUBMITTED this 6th day of August, 2008.

23

24                                  PETER STROJNIK

25                                  Peter Strojnik
                                    Attorney for the Plaintiff

-1-

1

Peter Strojnik, 006464
2   3030 North Central Avenue, Suite 1401
Phoenix, Arizona 85012
3   Telephone: 602-524-6602
Facsimile: 602-296-0135
4   e-mail: *Strojnik@aol.com*
Attorney for Plaintiff
5

MICHAEL K. JEANES
Clerk of the Superior Court

By MIREKA KNOX, Deputy
Date 08/06/2008 Time 03:16 PM
Description    Qty    Amount
--------    CASE# CV2008-018530 --------
CIVIL NEW COMPLAINT  001    245.00
--------------------------------------
TOTAL AMOUNT               245.00
      Receipt# 00010152622

6          **IN THE MARICOPA COUNTY SUPERIOR COURT**

7          **IN AND FOR THE STATE OF ARIZONA**

8   CONSUMER PROTECTION          ) NO.    **CV2008-018530**
CORPORATION, an Arizona       )
9   Corporation,                  )    **CLASS ACTION COMPLAINT FOR**
                                )    **INJUNCTIVE RELIEF AND FOR**
10                                )    **DAMAGES ARISING OUT OF**
                    Plaintiff, )    **TRANSMISSION OF UNSOLICITED**
11                                )    **FAXES - 47 U.S.C. § 227**
                                )
12       vs.                      )
                                )    **REQUEST FOR TRIAL BY JURY**
13  RADISSON HOTELS               )
INTERNATIONAL, INC., a Delaware )
14  Corporation d/b/a Wholesale Vacation )
Corporate Department, d/b/a Tropical )
15  Discount Vacations; RADISSON  )
WORLDWIDE, INC., a Corporation )
16  Incorporated Outside the United States of )
America d/b/a Wholesale Vacation )
17  Corporate Department, d/b/a Tropical )
Discount Vacations.           )
18                                )
                                )
19                  Defendants.  )
                                )
20

21      Plaintiff alleges, on Plaintiff's behalf and on behalf of a class of persons defined below,

22  as follows:

23          **THE PARTIES, JURISDICTION AND VENUE**

24
1) Plaintiff CONSUMER PROTECTION CORPORATION is an Arizona Corporation
25
authorized to and conducting business in Maricopa County, State of Arizona.

-1-

2) Defendant RADISSON HOTELS INTERNATIONAL, INC. is a Delaware Corporation authorized to and conducting business in the State of Delaware, and conducts business across the United States of America including Maricopa County, State of Arizona.

3) Defendant RADISSON WORLDWIDE, INC. is, upon information and belief, a Corporation incorporated outside of the United States of America. It conducts business across the United States of America including Maricopa County, State of Arizona (RADISSON WORLDWIDE, INC. and RADISSON HOTELS INTERNATIONAL, INC. are hereafter cumulatively referred to as "Radisson").

4) Radisson is engaged in the business of selling timeshares in the State of Florida for the Radisson Resort Worldgate.

5) This Court has personal jurisdiction over all Defendants by virtue of the following facts:

   a) Defendants caused unsolicited faxes to be transmitted to the residents of the State of Arizona, including the Plaintiff herein; and

   b) The State of Arizona has interest in providing a forum for its residents, including the named Plaintiff and the Class identified herein; and

   c) It would be extremely burdensome for the named Plaintiff to access another forum; and

   d) Upon information and belief, all Defendants continuously and systematically transmitted unsolicited faxes to the State of Arizona; and

   e) Defendants purposefully availed themselves of economic benefits and resources of the State of Arizona in conducting their business here; and

   f) Defendants may be hailed in court here under the liberal "effects" test in this tort action; and

-2-

g)  Defendants did and should have foreseen being hailed to Court in the State of Arizona.

6)  Defendants transmitted unsolicited faxes to the named Plaintiff as follows:

    a)  Radisson transmitted to the named Plaintiff the unsolicited fax appearing in Exhibit 1 attached hereto.

7)  At times relevant hereto, Defendants were engaged in mass facsimile transmissions of unsolicited faxes in violation of Telephone Consumer Protection Act of 1991 and the Junk Fax Prevention Act of 2005 ("TCPA"), 47 U.S.C. § 227 *et seq.* case ("TCPA"). Pursuant to the TCPA, Defendants are liable in statutory damages the sum of $500 to $1,500 for each unsolicited fax.

## CLASS ACTION ALLEGATIONS

8)  This class action is brought on behalf of the named Plaintiff and the Class of persons who received unsolicited fax advertisement(s) to their facsimile machines.

9)  The named Plaintiff claims and alleges that Defendants' use of the telephone facsimile machine, computer, or other device to send an unsolicited facsimile advertisement to a telephone facsimile line violates the TCPA.

10) The named Plaintiff brings this action in the named Plaintiff's individual capacity as well as on behalf of a class of persons and entities similarly situated (the "Class").

11) The named Plaintiff operates a business located in Maricopa County, State of Arizona, and receives and has received an unsolicited fax that caused it damages due to the loss of paper and toner, the temporary loss of use of the facsimile machine and computer, the potential loss of business, and a violation of its right to privacy.

12) Defendants knowingly or intentionally transmitted said unsolicited advertisement or caused said unsolicited advertisement to be transmitted to Plaintiff and the members of the Class.

13) Defendants had direct personal participation in or personally authorized the sending of said unsolicited advertisement to Plaintiff and the members of the Class.

14) Defendants did not have an established business relationship with the named Plaintiff or the members of the Class.

15) Said unsolicited facsimile did not contain in a margin at the top or bottom of each transmitted page or on the first page of each transmission, an identification of the business, other entity, or individual sending the message, and the telephone number of the sending machine or of such business, other entity, or individual.

16) The sending of the unsolicited faxes is unlawful under the TCPA.

17) As a direct and proximate result of Defendants' conduct heretofore described, the named Plaintiff and the members of the Class suffered damages due to the loss of paper and toner, the temporary loss of use of their facsimile machine and the potential loss of business while its facsimile machine was in use.

18) This Class Action is brought and may be maintained pursuant to Rule 23 of the Arizona Rules of Civil Procedure.  Plaintiff seeks to represent a Class comprised of:

> All persons who received an unsolicited advertisement though a facsimile transmission from Defendants or for which Defendants are otherwise primarily or secondarily liable at any time during the applicable statute of limitations.

19) This action is properly brought as a class action pursuant to Rule 23 of the Arizona Rules of Civil Procedure, for the following reasons:

-4-

a)  The class is so numerous that joinder of all members is impracticable; and

b)  There are questions of law or fact common to the class, to wit:

    i)  Whether Defendants violated the TCPA when transmitting the unsolicited fax in the form attached as Exhibit 1 or in a similar manner; and

    ii)  Whether the facsimile that is the same or similar to that in Exhibit 1 constitutes "unsolicited advertisements" under TCPA; and

    iii)  Whether the named Plaintiff and the members of the Class are entitled to damages under the TCPA; and

    iv)  Whether the named Plaintiff and the members of the Class are entitled to treble damages under the TCPA; and

    v)  Whether the named Plaintiff and the members of the Class are entitled to injunctive relief under the TCPA; and

    vi)  Whether the named Plaintiff and the members of the Class are entitled to declaratory relief.

c)  The claims or defenses of the representative party is typical of the claims or defenses of the Class because all members of the Class received the same fax; and

d)  The named Plaintiff (representative party) will fairly and adequately protect the interests of the class because:

    i)  The named Plaintiff seeks no relief that is antagonistic to the other members of the Class; and

    ii)  The named Plaintiff has no established business relationship with any Defendant or any potential additional Defendant; and

-5-

iii) The named Plaintiff intends to vigorously pursue the claims of the Class; and

iv) The named Plaintiff is represented by counsel with 28 years of experience in litigation matters who is competent in representing the interests of the Class.

e) A Rule 23 Class Action is superior to any other available means for the adjudication of this controversy in the following particulars:

   i) This action will cause an orderly and expeditious administration of the Class's claims; and

   ii) The economies of time, effort and expense will be fostered; and

   iii) Uniformity of decisions will be ensured at the lowest costs and with the least expenditures of judicial resources.

f) Because of the size of the Class, the expense and burden of individual litigation makes it impractical for the individual members of the Class to individually seek redress for the wrongs done to them. The named Plaintiff believes that the members of the Class, to the extent they are aware of their rights against Defendant, would be unable to secure counsel to litigate their claims on an individual basis because of the relatively small nature of the individual damages warranted and/or the value of individual injunctive relief. Hence, a class action is the only feasible means of recovery for the members of the Class. Furthermore, without a class action, the members of the Class will continue to suffer damages and Defendant will continue to violate federal law, retaining and reaping the proceeds of their wrongful marketing practices.

g) Plaintiff does not anticipate any difficulty in management of this action because the evidence proving Defendants' violations of the TCPA is ascertainable through

-6-

discovery.  The identities of the members of the Class are known by Defendants, and damages can be calculated from Defendant's records. This action poses no unusual difficulties that would impede its management by the Court as a Class action.

h) This Class Action will be maintainable, *inter alia*, pursuant to Arizona Rules of Civil Procedure Rule 23 (b).

### COUNT ONE
(Violation of the Telephone Consumer Protection Act)
(47 U.S.C. § 227 *et seq*)

20) Defendants and/or their agents used a telephone facsimile machine, computer, or other device to broadcast unsolicited advertisements to telephone facsimile machines to Plaintiff and the members of the Class.

21) On information and belief, in each instance Defendants transmitted or caused to be transmitted unsolicited faxes to telephone machines themselves, or had a high degree of involvement in the transmission of the unsolicited faxes to telephone facsimile machines. For example:

a) Defendants knew that the transmitted faxes were advertisements;

b) Defendants participated in the preparation of their content;

c) Defendants provided or obtained the fax telephone numbers of Plaintiff and the members of the Class;

d) Defendants compensated a third party for transmitting the unsolicited faxes to telephone facsimile machines; and/or

e) Defendants knew that Plaintiff and the members of the Class had not authorized the faxes' transmission by prior express invitation or permission.

-7-

22) As a direct and proximate result of said conduct, Plaintiff and members of the Class have sustained damages. Under the TCPA, Plaintiff and each member of the Class are entitled to injunctive and declaratory relief enjoining Defendant's unlawful conduct, as well as incidental statutory damages.

23) As a result of said conduct, Plaintiff and members of the Class suffered property damage, and Defendant has invaded their privacy.

### COUNT TWO
#### (Declaratory Judgment)

24) Plaintiff realleges all allegations heretofore set forth.

25) This count is brought pursuant to the Arizona version of the Uniform Declaratory Judgment Act, A.R.S. § 13-1821 *et seq* and the Federal Declaratory Judgment Act 28 U.S.C. § 2201 *et seq*.

26) A justiciable controversy exists between Plaintiff and the members of the Class and Defendants regarding the legality of Defendants' unsolicited fax transmissions.

27) Defendants claim, or may claim, that their conduct in sending unsolicited fax transmissions does not violate the TCPA.

28) Defendants claim, or may claim, that they obtained express invitation or consent to send the faxes to Plaintiff and the members of the Class.

29) Defendants claim, or may claim, that they enjoyed an established business relationship with the named Plaintiffs and the members of the Class.

30) The named Plaintiff claims that Defendants' practices violate the TCPA.

## COUNT THREE
(Civil Conspiracy)

31) Plaintiff realleges all allegations heretofore set forth.

32) Defendants agreed among themselves to engage in a course of conduct involving a violation of 47 U.S.C. § 227.

33) Defendants agreed to accomplish an unlawful purpose or to accomplish a lawful object by unlawful means, causing damages to the named Plaintiff and the members of the Class.

34) The named Plaintiff and the members of the Class have been damaged by acts committed by Defendants pursuant to the civil conspiracy described above.

35) Defendants' conduct was intentional and premeditated, intended to unjustly benefit Defendants at the expense of the named Plaintiff and the members of the Class, entitling named Plaintiff and the members of the Class to punitive damages in an amount sufficient to deter these Defendants and others similarly situated from repeating or committing the wrongful acts complained of herein, but in no event less than $5,000,000.00 each.

## COUNT FOUR
(Aiding and Abetting)

36) Plaintiff realleges all allegations heretofore set forth.

37) Defendants aided and abetted one another and the broadcasters of the unsolicited fax as follows:

   a) The broadcaster of the Unsolicited Faxes committed a violation of the TCPA; and

   b) Defendants knew that the broadcaster of the Unsolicited Fax violated the Telephone Consumer Protection Act; and

-9-

c) The Defendants substantially assisted or encouraged the broadcaster of the Unsolicited Fax in the following non-exclusive actions:

i) They provided the information contained in the Unsolicited Fax; and

ii) They provided the opportunity to the broadcaster of the Unsolicited Fax to violate the TCPA; and

iii) They sought the benefits of the Unsolicited Fax; and

iv) They accepted the benefits of the Unsolicited Fax.

38) The named Plaintiff and the Class have been harmed by Defendants' aiding and abetting.

39) Defendants are responsible to the named Plaintiff and the Class as aiders and abettors for the same amount of damages as the principal violators of the TCPA.

40) Defendants' conduct was intentional and premeditated, intended to unjustly benefit Defendants at the expense of the named Plaintiffs and the members of the Class, entitling named Plaintiffs and the members of the Class to punitive damages in an amount sufficient to deter these Defendants and others similarly situated from repeating or committing the wrongful acts complained of herein, but in no event less than $5,000,000.00 each.

## RELIEF SOUGHT

Plaintiffs pray for relief as follows:

a) For Certification of the Class pursuant to Rule 23 of the Arizona Rules of Civil Procedure; and

b) For extraordinary, equitable, and/or injunctive relief as permitted by law to ensure that Defendants will not continue to send unsolicited faxes; and

-10-

c) For judgment in the amount of $500.00 for each member of the Class for incidental statutory damages for each individual unsolicited fax received from Defendants; and

d) For judgment in the amount equal to three times the damages to Plaintiffs and each member of the Class under the TCPA, to wit, $1,500.00 for each member of the Class; and

e) For a declaration that Defendants have violated the TCPA because they failed to obtain express invitation or consent to send the subject facsimiles to Plaintiff or the Class; and

f) For a declaration that Defendants violated the TCPA because they did not enjoy an established business relationship with Plaintiff or the members of the Class; and

g) For judgment for costs and fees incurred in connection with this action, including reasonable attorneys' fees, expert witness fees, and other costs, as provide by law; and

h) For punitive damages in an amount sufficient to deter these Defendants and others similarly situated from repeating or committing the wrongful acts complained of herein, but in no event less than $5,000,000.00 each.

i) For such other and further relief as the Court may deem just and proper.

## REQUEST FOR TRIAL BY JURY

Plaintiff requests a trial by a jury on all issues triable by a jury.

RESPECTFULLY SUBMITTED this 6th day of August, 2008.

PETER STROJNIK

Peter Strojnik
Attorney for the Plaintiff

-11-

*Exhibit 1*

# 11 DAY UNFORGETABLE VACATION . 

## Taken together or separate

## 5 Days and 4 Nights in

# ORLANDO

## 3 Days & 2 Nights in

## Daytona Beach and Ft. Lauderdale

Plus: 3 Day 2 Night BAHAMAS Cruise

*2 Children Free with 2 Paid Adults!

Bonus:

☼5 Day Cancun or 7 Puerto Vallarta

☼Mini Excursion 3/2 LAS VEGAS

## ALL THIS FOR ONLY

# $99

PP based on Double Occupancy
Taxes Apply



*Ask about 2 Theme Park Tickets!



### For the FIRST 100 callers!

**NO BLACKOUT DATES!** Travel over **MAJOR** holidays!

## Wholesale Vacation Corporate Department

### Licensed – Bonded – Insured

## Toll Free : 1-800-469-1275

**Limited Availability**

To Remove Call 1-888-277-7346