1  Jason S. Vanacour (#022738)
2  SNELL & WILMER L.L.P.
   One Arizona Center
3  400 E. Van Buren
   Phoenix, AZ 85004-2202
4  Telephone: (602) 382-6369
   Facsimile: (602) 382-6070
5  jvanacour@swlaw.com
   Attorney for Jane Doe Pasternack
6  aka Alla Pasternack

7            FOR UNITED STATES DISTRICT COURT

8               THE DISTRICT OF ARIZONA

9

10  CONSUMER PROTECTION CORP.,        │  No.  CV-08-2205-PHX-NVW
11                  Plaintiff,         │
12                                     │  **MEMORANDUM OF LAW IN**
    vs.                                │  **SUPPORT OF ALLA PASTERNACK'S**
13                                     │  **MOTION TO DISMISS**
14  RADISSON HOTELS INT'L, INC.,       │
        et al.                         │  **(oral argument requested)**
15                                     │
                    Defendants.        │
16

17        Defendant Alla Pasternack ("Defendant Pasternack" or "Ms. Pasternack") submits

18  this memorandum of law in support of her motion, pursuant to Federal Rules 8(a),

19  12(b)(2), and 12(b)(6), to dismiss Plaintiff Consumer Protection Corp.'s ("CPC")

20  Complaint.  This Court lacks jurisdiction over Defendants, Plaintiff's Complaint is

21  deficient under Rule 8(a) as established by the Supreme Court in *Bell Atl. Corp. v.*

22  *Twombly,* 127 S.Ct. 1955 (2007), Plaintiff fails to adequately allege a violation of the

23  Telephone Consumer Protection Act, and Plaintiff's Complaint on its face demonstrates

24  that a class action cannot be sustained as pled because Plaintiff and its counsel cannot

25  fairly and adequately represent the members of the class.

26  **I.    INTRODUCTION**

27        This action is one of a half-dozen virtually identical cases brought by Peter

28  Strojnik, P.C. and/or the Consumer Protection Corporation ("CPC"), a company

Snell & Wilmer
——— L.L.P. ———
LAW OFFICES
One Arizona Center, 400 E. Van Buren
Phoenix, Arizona 85004-2202
(602) 382-6000

1   incorporated earlier this year by Peter Strojnik, counsel for Plaintiff in this case. One (if

2   not the only) director of CPC and its president is Mr. Strojnik's wife, Tanya C. Strojnik.

3   The Complaint names more than thirteen defendants that Plaintiff alleges violated the

4   Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 et seq., by sending an

5   unsolicited facsimile (the "Fax"). Some of the defendants are companies mentioned in the

6   allegedly unsolicited Fax. Others are companies that allegedly provided the

7   telecommunications services underlying the transmission of the alleged Fax. Still others

8   are private individuals, with limited or no connection to this matter. However, Plaintiff

9   would have the Court believe that all of these defendants are interchangeable. While it

10  would seem that the Complaint would detail at least some specific acts of each of the

11  named defendants, a close reading of the Complaint reveals otherwise. Rather, it is clear

12  that Plaintiff has taken a shotgun approach to this litigation, joining as many defendants as

13  possible in hope that some of the allegations in the Complaint will stick.

14          This is especially true with respect to Ms. Pasternack.[1] Ms. Pasternack, a resident

15  of Pennsylvania, is the wife of Adam Pasternack, another named Defendant. The

16  Complaint alleges (albeit with no support) that Adam Pasternack is the Chief Executive

17  Officer of Defendant DigitalSpeed Communications, Inc. as well as the alter ego of both

18  DigitalSpeed Communications, Inc. and another Defendant, namely, Innovative

19  Communications, Inc. Compl. ¶¶ 9. Ms. Pasternack, however, is not an owner, director,

20  officer, agent, or employee of any of the other named corporate defendants in this action,

21  nor is she an agent or employee of her husband, as the attached declaration demonstrates.

22  *See* Declaration of Alla Pasternack ("A Pasternack Decl.") at ¶¶ 4-6, attached hereto as

23  Exh. A. Other than through her marriage to Adam Pasternack, there is no connection

24  between her and any of the named defendants. In fact, there are absolutely no allegations

25  in the Complaint that Ms. Pasternack participated in the transmission of the Fax. Rather,

26  Plaintiff attempts to implicate Ms. Pasternack simply by lumping her in generally with all

27  _____

28  [1]      Ms. Pasternack's correct, first name – Alla – is never mentioned in the Complaint
    or Summons. Rather Ms. Pasternack is identified as "Jane Doe Pasternack" in the caption
    of the Complaint, and as the wife of Adam Pasternack in paragraph 10.

the other defendants allegedly involved in the sending of the Fax.  *See, e.g.,* Compl. ¶ 20 ("Defendants sent to the named Plaintiff and the members of the Class the [unsolicited fax].")   Indeed, Plaintiff neither alleges any specific facts to support Ms. Pasternack's alleged involvement in the sending of the Fax, nor does Plaintiff allege any facts to support personal jurisdiction over Ms. Pasternack in Arizona.

This Complaint must be dismissed for two independent reasons:

- As an initial matter, this Court cannot exercise personal jurisdiction over Ms. Pasternack.  She lacks contacts with Arizona sufficient for this Court to exercise jurisdiction over her without offending due process.

- Throughout its Complaint, Plaintiff fails to distinguish among the various defendants and simply alleges facts and counts against "Defendants" without differentiating among them as to the role, if any, each defendant (allegedly) had.   Indeed, Plaintiff's allegations in the Complaint, both in general and specifically so far as Ms. Pasternack is concerned, are impermissibly pled with a "formulaic recitation of the elements of a cause of action" which does not suffice under the Supreme Court's application of Rule 8 in  *Bell Atl. Corp. v. Twombly,* 127 S.Ct. 1955, 1965 (2007).

- On its face, the Complaint does not properly plead a sustainable class action in that the class is inadequately represented by  Consumer Protection Corporation as lead plaintiff and Peter Strojnik, as counsel for Plaintiff, due to the (i) appearance of impropriety by Peter in representing CPC in violation of Fed. R. Civ. P. 23(a)(4); (ii) the conflict of  interest between Strojnik and CPC in that Peter's wife Tonya is the President of  CPC; and (iii) the dual loyalties between Peter and Tonya as husband and wife, all of which precludes Peter from acting as class counsel and/or CPC acting as lead plaintiff.

## II.   STATEMENT OF FACTS

Defendant Alla Pasternack is a resident of Pennsylvania.  Compl. ¶ 9-10.  Ms. Pasternack is the wife of Defendant Adam Pasternack.  Compl. ¶ 10.  Ms. Pasternack is not an owner, director, agent, or employee of any of the named corporate or individual defendants, including her husband.  A. Pasternack Decl. ¶¶ 6-7.  Ms. Pasternack does not live in Arizona, conduct business in Arizona, maintain assets in Arizona, own any property in Arizona, or send unsolicited faxes to Arizona.  A. Pasternack Decl. ¶¶ 3, 8.

CPC is an Arizona corporation created by its incorporator Peter Strojnik, who also

Snell & Wilmer
L.L.P.
LAW OFFICES
One Arizona Center, 400 E. Van Buren
Phoenix, Arizona 85004-2202
(602) 382-6000

is acting as counsel for Plaintiff CPC in this action. *See* CPC Articles of Incorporation and Certificate of Disclosure, attached hereto as Ex. B. According to CPC's Articles of Incorporation and Certificate of Disclosure, Tanya C. Strojnik, Peter Strojnik's wife, is the sole director of CPC. *Id.* The address listed on CPC's Articles of Incorporation is identical to that used for the Law Firm of Peter Strojnik. Compl. at 1; Exh. B – CPC Articles of Incorporation at 1. The Certificate of Disclosure was signed by Peter Strojnik as the incorporator for CPC on June 30, 2008. *Id.*

## III.    LEGAL ARGUMENT

### A.    The Complaint Should be Dismissed Against Alla Pasternack for Lack of Personal Jurisdiction

A federal court applies the personal jurisdiction rules of the forum state. *Scott v. Breeland*, 792 F.2d 925, 927 (9th Cir. 1986). Arizona's long-arm statute permits exercise of personal jurisdiction "to the maximum extent permitted by the [Arizona] Constitution . . . and the Constitution of the United States." Ariz. R. Civ. P. 4.2(a). Because the limits of Arizona's statute are co-extensive with those of due process, the Court must determine whether Arizona may constitutionally assert jurisdiction over Ms. Pasternack. *Batton v. Tennessee Farmers Mut. Ins. Co.*, 153 Ariz. 268, 270, 736 P.2d 2, 4 (Ariz. 1987); *Armstrong v. Aramco Services Co.*, 155 Ariz. 345, 348, 746 P.2d 917, 920 (Ariz. Ct. App. 1987).

Courts may assert either general or specific jurisdiction over defendants. *Id.* The former is available only where the defendant "has 'substantial' or 'continuous and systematic' contacts with the forum state." *Id.* (*citing Helicopteros Nacionales v. Hall*, 466 U.S. 408, 414 (1984)). In contrast, a court may exercise specific jurisdiction over a foreign defendant if its less substantial contacts with the forum give rise to the cause of action before the court. *Id.* at 271 (holding that whether specific jurisdiction exists depends on whether "the defendant's conduct and connection with the forum State are such that he should reasonably anticipate being haled into court there.") (*citing World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980)).

Snell & Wilmer
L.L.P.
LAW OFFICES
One Arizona Center, 400 E. Van Buren
Phoenix, Arizona 85004-2202
(602) 382-6000

1    As the party seeking to establish jurisdiction, Plaintiff bears the burden of

2  establishing that jurisdiction exists. *Scott v. Breeland*, 792 F.2d 925, 927 (9th Cir. 1986)

3  ("When a defendant moves to dismiss for lack of personal jurisdiction, the plaintiff is

4  obligated to come forward with facts, by affidavit or otherwise, supporting personal

5  jurisdiction.") (*internal quotations omitted*). Plaintiff has failed to allege sufficient facts

6  to indicate that Ms. Pasternack is subject to personal jurisdiction in Arizona. In fact, Ms.

7  Pasternack lacks such contacts and no Arizona court can exercise general or specific

8  jurisdiction over her without offending due process.

9    1.    **The Exercise of General Jurisdiction is Inappropriate**

10    "The level of contact required to show general jurisdiction is quite high," *Williams*

11  *v. Lakeview Co.*, 199 Ariz. 1, 3, 13 P.3d 280, 283 (Ariz. 2000), and "requires that the

12  defendant's contacts be of the sort that approximate physical presence." *Bancroft &*

13  *Masters, Inc. v. Augusta Nat'l Inc.*, 223 F.3d 1082, 1086 (9th Cir. 2000) (internal

14  quotations omitted). For a court to exercise general jurisdiction over a defendant, the

15  court must find that the defendant's contacts with the forum state are "substantial" or

16  "continuous and systematic." *Id.* (*citing Helicopteros*, 466 U.S. at 415). In addition, the

17  defendant must "have sufficient minimum contacts with the forum such that exercising

18  jurisdiction does not offend traditional notions of fair play and substantial justice."

19  *Armstrong*, 155 Ariz. at 350, 746 P.2d at 922.

20    The Complaint makes a feeble attempt to allege general jurisdiction over Ms.

21  Pasternack by grouping her with the other twelve defendants and alleging that "[u]pon

22  information and belief, Defendants continuously and systematically sent unsolicited faxes

23  to the state of Arizona." Compl. ¶ 17.d. However, no support is provided for this

24  conclusory allegation and only a single facsimile has been attached to the Complaint.

25    Ms. Pasternack has no contacts with Arizona and thus no grounds exist for the

26  exercise of general jurisdiction. Ms. Pasternack does not live in Arizona nor has she lived

27  there in the past. Ms. Pasternack does not visit Arizona regularly, conduct business in

28  Arizona, pay taxes in Arizona, maintain bank accounts in Arizona, or own property in

Snell & Wilmer
L.L.P.
LAW OFFICES
One Arizona Center, 400 E. Van Buren
Phoenix, Arizona 85004-2202
(602) 382-6000

Arizona.  A. Pasternack Decl. ¶ 3.  As such, this Court should refrain from exercising general jurisdiction over Ms. Pasternack.  *Armstrong*, 155 Ariz. at 350.

### 2.    **The Exercise of Specific Jurisdiction is Inappropriate**

When a defendant's activities in the forum state do not subject it to general jurisdiction, the court may still exercise specific jurisdiction over a defendant if "(1) the defendant purposefully directs its activities, or consummates some transaction with the forum state, such that it purposely avails itself of the privilege of conducting business in the forum state; (2) the plaintiff's claim arises out of or relates to the defendant's activities in the forum; and (3) the exercise of jurisdiction in the forum state is reasonable." *Menken v. Emm*, 503 F.3d 1050, 1057 (9th Cir. 2007).  Although specific jurisdiction may arise without the defendant ever being physically present in the forum state, "it does not arise from the plaintiff's or a third party's unilateral activity." *Williams*, 199 Ariz. at 3 (citing *World-Wide Volkswagen v. Woodson*, 444 U.S. 286, 295 (1980)).

This Court lacks personal jurisdiction over Defendants as none of the three requirements for specific jurisdiction described above are met or even alleged.  With respect to the first requirement, the Ninth Circuit utilizes a three part "effects test" as the test for "purposeful availment" in tort cases.  *Menken*, 503 F.3d. at 1058.  There are three elements to the effects test: "the defendant allegedly must have (1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state." *Id.*  Plaintiff's allegations with respect to Ms. Pasternack do not satisfy the "effects test" because the Complaint fails to allege that any intentional action taken by Ms. Pasternack that was aimed at Arizona   Rather, the Complaint contains only conclusory allegations in which all defendants are grouped together. *See, e.g.,* Compl ¶ 17.a ("Defendants caused unsolicited faxes to be transmitted to the residents of the State of Arizona, including the Plaintiff herein."); Compl. ¶ 44 ("Defendants … used a telephone facsimile machine … to broadcast unsolicited advertisements to telephone facsimile machines to Plaintiff and members of the Class").  Ms. Pasternack is a private citizen residing in Pennsylvania, and has no contacts with

Snell & Wilmer

L.L.P.

LAW OFFICES
One Arizona Center, 400 E. Van Buren
Phoenix, Arizona 85004-2202
(602) 382-6000

Arizona.  Not only did Ms. Pasternack not *purposefully* create contacts with Arizona, no such contacts exist, nor are any specific contacts alleged in the Complaint.  *See, e.g.,* A. Pasternack Decl. ¶ 3.  Ms. Pasternack does not own, operate, work for, or provide services to any of the other companies or individuals named in the lawsuit.  A. Pasternack Decl. ¶ 6.  Ms Pasternack was not involved in the creation or transmission of the unsolicited Fax alleged in the Complaint, nor does the Complaint specifically allege that she was.  *See, e.g.,* A. Pasternack Decl. ¶ 8.  Simply put, Ms. Pasternack has no connection with Arizona or with any of the allegations made by Plaintiff in the Complaint.  For the same reasons, the second requirement for the Court to exercise personal jurisdiction over Ms. Pasternack is not met; Plaintiff fails to allege sufficient facts to suggest that its claim "arises out of or relates to" Ms. Pasternack's (non-existent) contacts with Arizona because none exist.

Ultimately, the sole basis for the assertion of jurisdiction over Ms. Pasternack is Plaintiff's conclusory allegation that "Defendants caused unsolicited faxes to be transmitted to the residents of the State of Arizona" is too vague to provide for jurisdiction over Defendants.  Compl. ¶ 17.a.  Another District Court in this circuit, when faced with a nearly identical pleading, found the pleading inadequate and dismissed the Complaint for lack of jurisdiction with respect to the defendant.  In *Kirsch v. Cuadra*, 2005 U.S. Dist. LEXIS 25386 (N. Cal. 2005), the Court found that:

> Starting with Plaintiff's Complaint, as the excerpt set forth above illustrates,[2] Plaintiff has not made any allegations as to Defendant Ross's conduct, specifically.  Rather, Plaintiff alleges that the defendants, generally, violated the [TCPA] by sending 18 faxes to him containing unsolicited advertisements.  These conclusory statements  . . . are insufficient to sustain a finding that Defendant Ross either purposefully availed himself of the privilege of conducting activities in California, or committed an intentional act aimed at California.

*Kirsch*, 2005 U.S. Dist. LEXIS 25386 at *20-21 (internal citations omitted).[3]  Here, as in

---

[2]     In *Kirsh*, plaintiff's Complaint simply stated "Defendants sent eighteen such facsimiles to a facsimile line owned by plaintiff."  *Kirsh*, 2005 U.S. Dist LEXIS 25386, at *10.

[3]     In *dictum*, *Kirsh* stated that the "conclusory statements" satisfied FRCP8(a).  *Id.* at *20-21.  It is to be noted, however, that *Kirsh* was decided before the Supreme Court's decision in *Twombly,* which is discussed below.

*Kirsch*, Plaintiff "fails to identify any conduct by [the Defendant] that would support a finding that [the Defendant] had the requisite minimum contacts with [the forum state]." *Id.* at *21.

Finally, the third part of the specific jurisdiction test requires that the exercise of jurisdiction be reasonable. "For jurisdiction to be reasonable, it must comport with fair play and substantial justice." *Bancroft & Masters*, 223 F.3d at 1088 (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476 (1985)). Specifically, the "reasonableness" determination requires the consideration of several factors:

> (1) the extent of the defendant's purposeful interjection into the forum state, (2) the burden on the defendant in defending in the forum, (3) the extent of the conflict with the sovereignty of the defendant's state, (4) the forum state's interest in adjudicating the dispute, (5) the most efficient judicial resolution of the controversy, (6) the importance of the forum to the plaintiff's interest in convenient and effective relief, and (7) the existence of an alternative forum.

*Bancroft & Masters*, 223 F.3d at 1088.

Here, Plaintiff cannot make the required showing that the exercise of specific jurisdiction over Ms. Pasternack in Arizona would be reasonable. First, Ms. Pasternack has not injected herself into Arizona, purposefully or otherwise. A. Pasternack Decl. ¶ 3. Second, defending a lawsuit across the country and three time zones away would place a significant legal and financial burden upon Ms. Pasternack. Third, assertion of personal jurisdiction by a court in Arizona over a citizen of Pennsylvania with no ties to the forum state greatly offends the sovereignty of Pennsylvania. Fourth, Arizona's interest in adjudicating this dispute is minor – nothing in the record indicates that Arizona's citizens were uniquely targeted to receive the alleged Fax and other forums are more convenient for the Defendant. Fifth, there is no reason to believe that this dispute could not be adequately handled by the Pennsylvania courts, particularly given that Defendant Adam Pasternack, Defendant DigitalSpeed Communications, Inc., and Defendant Innovative Communications, Inc. are all located in that state. Finally, Plaintiff has made no showing

that having its claims resolved in Arizona is important to the Plaintiff's interests. Clearly, the great weight of the factors listed above suggests that the exercise of personal jurisdiction by this Court over Ms. Pasternack would not comport with the principles of "fair play" and substantial justice" established by the Supreme Court in *Burger King*. *See Burger King*, 471 U.S. at 476.

**B.    Plaintiff's Complaint Should be Dismissed for Failure to Properly Plead Claims Under Fed. R. Civ. P. 8(a)**

1.    **Plaintiff Fails To Adequately Specify How Ms. Pasternack Participated in the Alleged Wrongs.**

Rule 8(a)(2) of the Federal Rules of Civil Procedure provides that a plaintiff's complaint must set forth "a short and plain statement of the claim . . .." It is proper to dismiss a complaint that fails to comply with Rule 8(a). *See, e.g.*, *Bell Atl. Corp.*, 127 S.Ct. at 1965 ("a formulaic recitation of the elements of a cause of action will not do"); *Lory v. Ryan*, 2008 WL 4630306 (D.Ariz.) (applying *Twombly*); *Closterman v. Johnson*, 1992 WL 220683 (D. Or. 1992); s*ee also Hatch v. Reliance Ins. Co.*, 758 F.2d 409, 415 (9th Cir. 1985) (affirming dismissal under FRCP 8 of complaint that was "confusing and conclusory").

In *Closterman*, the court dismissed the complaint for failure to comply with Rule 8 because, in part, the complaint "did not separately state [plaintiff's] claims for relief or adequately specify how each named defendant participated in the alleged wrongs." *Id.* at *1. The instant case is one of nearly a half-dozen that Consumer Protection Corp. or Peter Strojnik have brought against dozens of companies in which Plaintiff recites the formulaic elements of a TCPA claim.[4] Here, the Complaint is 16 pages long and its recitations are disjointed, confusing and, most importantly, non-specific as to Defendants. Throughout, Plaintiff refers collectively to "Defendants" in reference to the six individually named

[4]    *Peter Strojnik, P.C. v. The Energy Bull, et al.*, No. 2:08-cv-1017-PHX-ROS (D. Ariz, filed Jun. 2, 2008); *Peter Strojnik, P.C. v. Signalife, Inc., et al.*, No. 2:08-cv-1116-PHX-FJM (D. Ariz, filed Jun. 16, 2008); *Consumer Protection Corp. v. Stock RX*, No. CV-08-1853-PHX-ROS (D. Ariz, filed Sep. 3, 2008); *Consumer Protection Corp. v. Radisson Hotels Int'l, Inc.*, No. CV2008-018530 (Maricopa Cnty. D., filed Sep. 9, 2008); *Consumer Protection Corp. v. Hot Stocks on the Street*, No. CV2008-021681 (Maricopa Cnty D., filed Jun. 9, 2008).

Snell & Wilmer
— L.L.P. —
LAW OFFICES
One Arizona Center, 400 E. Van Buren
Phoenix, Arizona 85004-2202
(602) 382-6000

Snell & Wilmer

L.L.P.

LAW OFFICES
One Arizona Center, 400 E. Van Buren
Phoenix, Arizona 85004-2202
(602) 382-6000

1   parties and numerous unnamed parties without specifying how the allegations apply to

2   any particular defendant.  Compl. ¶ 1-15.  For example, Plaintiff's Count 1 asserts, in

3   conclusory fashion, that "Defendants … used a telephone facsimile machine … to

4   broadcast unsolicited advertisements to telephone facsimile machines to Plaintiff and the

5   members of the Class" (Compl. ¶ 44) without reciting either in the factual background

6   portion of the Complaint or elsewhere any facts that would "adequately specify how each

7   named defendant participated in the alleged wrongs." *Closterman*, *supra.* [5]  Indeed, other

8   than identifying Defendants, the Complaint is nearly silent as to any specific role that

9   Defendants had in violating the Act.

10       In addition, Plaintiff makes numerous references to subsets of defendants, making

11   it impossible to determine any precise acts alleged against any particular defendant.  For

12   example, in separate Plaintiff alleges that "Radisson transmitted to the named Plaintiff the

13   unsolicited fax" (Compl. ¶ 18.a), "[All] Defendants sent to the named Plaintiff and

14   members of the class the [unsolicited faxes]," (Compl. ¶ 20), and then suggests that the

15   faxes were "a tool used by Defendants to 'hook' travelers to attend sales presentations at

16   the Radisson Resort Worldgate" (Compl. ¶ 21) completely ignoring the fact that some of

17   the named defendants are private individuals, some are publicly traded organizations, and

18   still others are privately-owned telecommunications companies.  Most significantly for

19   present purposes, the Complaint does not specifically tie Ms. Pasternack to any of these

20   allegations beyond the fact that she is married to one of the other defendants.

21       The same is true with regard to the allegations of Conspiracy and Aiding and

22   Abetting (Counts 3 and 4).  Counts 3 and 4 are utterly void of any allegations specific to

23   Ms. Pasternack.  Instead, these counts are pled in a conclusory fashion, and again do not

24   allege how or when Ms. Pasternack conspired with or aided or abetted anyone.

25       In short, the allegations in all four counts of the Complaint against Ms. Pasternak

26   are merely "a formulaic recitation of the elements of a cause of action" and do not suffice

27

28   [5]   Count 2 for Declaratory Judgment is similarly conclusory and inadequate in failing
           to particularize the acts of each individual defendant.

1   under *Twombly, supra.*  Accordingly, the Complaint should be dismissed as to them.

2      2. **Plaintiff's Motion Fails To Adequately Allege Ms. Pasternack is the "Alter Ego" of Innovative Communications or DigitalSpeed Communications.**

3

4     Plaintiff seeks to hale Ms. Pasternack before this Court by virtue of her marriage to

5   Defendant Adam Pasternack and his alleged status as the "alter ego" of Innovative

6   Communications and DigitalSpeed Communications.  Compl. ¶ 10.  However, Plaintiff

7   fails to provide sufficient support to for these allegations, relying on the bare statement

8   that "Digital[S]peed and Innovative are the alter egos of Pasternack."  Compl. ¶ 9.   Such

9   statements are insufficient to maintain a claim against an individual defendant on an alter

10   ego theory.  *Skydive Ariz., Inc. v. Quattrochi*, 2006 U.S. Dist. LEXIS 63299 (D. Ariz.

11   Aug. 22, 2006) ("Complaint, without explanation, alleges that each of the Corporate

12   Defendants named in the Complaint are alleged to be the alter ego of the Individual

13   Defendants") "Conclusory allegations of alter ego status will not survive a motion to

14   dismiss." *Maganallez v. Hilltop Lending Corp.*, 505 F.Supp.2d 594, 607 (N.D. Cal.

15   2007); *see also Med. Supply Chain, Inc. v. Gen. Elec. Co.*, 144 Fed. Appx. 708, 713 (10th

16   Cir. 2005) (affirming ruling that complaint failed to adequately plead alter ego claim

17   because it lacked any "factual allegations to support these conclusory statements."); *De

18   Jesus v. Sears, Roebuck & Co.*, 87 F.3d 65, 70 (2d Cir. 1996) (affirming dismissal of alter

19   ego claim because the pleadings were "devoid of any specific facts or circumstances

20   supporting this assertion.").  Plaintiff provides **only** conclusory allegations of Mr.

21   Pasternack's status as an "alter ego" of DigitalSpeed and Innovative and completely fails

22   to allege any type of "alter ego" status for Ms. Pasternack, and as such these allegations

23   must be dismissed.

24     **C.**  <u>**Plaintiff's Class Action Claims Should Be Dismissed**</u>

25     Plaintiff's class action claims should be dismissed because *prima facie* with Peter

26   Strojnik as its attorney, Consumer Protection Corporation cannot fairly and adequately

27   protect the interests of any purported class.  Under Rule 23(a) of the Federal Rules of

28   Civil Procedure, there are four preliminary requirements which must be met before an

Snell & Wilmer
L.L.P.
LAW OFFICES
One Arizona Center, 400 E. Van Buren
Phoenix, Arizona 85004-2202
(602) 382-6000

1   action may be maintained on behalf of a class.  It is premature to assess some of these

2   elements.  However, for purposes of the present motion, it is clear that Plaintiff will not

3   must be able to meet the requirement in Rule 23 that Plaintiff will "fairly and adequately

4   protect the interests of the class."

5          In this lawsuit, Consumer Protection Corporation is the lead, and indeed only,

6   plaintiff.  However, Consumer Protection Corporation was incorporated by Peter Strojnik,

7   counsel for Plaintiff, and Peter Strojnik's wife, Tanya C. Strojnik, is CPC's president and

8   sole director.  *See* Exh. B– CPC Articles of Incorporation and Certificate of Disclosure.

9   Because of the obvious connections between Consumer Protection Corporation, Peter and

10  Tanya Strojnik, Peter Strojnik can not act as counsel for Plaintiff, because his financial

11  interest in attorney's fees that may be generated by this lawsuit creates an impermissible

12  appearance of impropriety and conflict of interest that disqualifies him and Consumer

13  Protection Corporation from acting jointly in this suit.

14         Specifically, Peter Strojnik impermissibly stands to gain financially from an award

15  of attorney's fees made out of this class action (should it ever be certified) led by a

16  corporation that he formed and for which his wife is an officer and director.  *Phillips v.*

17  *Joint Legislative Committee*, 637 F.2d 1014, 1023-24 (5th Cir.1981) ("[T]he cause for

18  concern is that the class representative may be too generous with the class's money in

19  granting a fee to his own partner or spouse."); *Apple Computer Inc. v. Superior Court of*

20  *L.A. County*, 126 Cal.App. 4th 1253 (Cal. App. 2005) ("An attorney generally may not

21  serve as both class representative and counsel for the class. The concern is that there

22  would be an irreconcilable conflict of interest because the attorney might stand to gain

23  much more in fees than any class member's individual recovery"); *Bradburn*

24  *Parent/Teacher Store, Inc. v. 3M,* 2004 U.S.. Dist. LEXIS 16193 (E.D. P.A. 2004) ("Most

25  courts have also found a class representative inadequate where that class representative

26  maintained a financial interest in an award of attorney's fees to the class counsel.").

27  Indeed, the spousal relationship between lead counsel and lead plaintiff creates an

28  unavoidable conflict.  The Fifth Circuit has gone so far as to adopt a "*per se* rule … that

Snell & Wilmer
L.L.P.
LAW OFFICES
One Arizona Center, 400 E. Van Buren
Phoenix, Arizona 85004-2202
(602) 382-6000

an attorney who is the partner or spouse of a named class representative is disqualified from acting as counsel for the class." *Phillips*, 637 F.2d at 1270.  The Eighth Circuit has taken a similar stance, although it has not formally adopted a *per se* rule.  *Petrovic v. Amoco Oil Company*, 200 F.3d 11400 (8th Cir. 1999) ("In situations where there is a close familial bond between a class counsel and a class representative, it seems to us that there is a clear danger that the representative may have some interests in conflict with the best interests of the class as a whole when making decisions that could have an impact on attorney fees.").

Here, the husband-wife relationship between Peter Strojnik and Tonya Strojnik, as well as Mr. Strojnik's involvement in the creation of Consumer Protection Corporation, constitutes a clear conflict of interest between him, Consumer Protection Corporation, and the rest of the class.  Indeed, it is clear that Consumer Protection Corporation exists for the sole purpose of generating lawsuits for Mr. Strojnik's law firm to prosecute, according to both CPC's Articles of Incorporation and Strojnik himself.  Exh. B - CPC Articles of Incorporation ("The initial business of the corporation will be the protection of consumers … through litigation"); Letter from Peter Strojnik to Steven Augustino dated November 7, 2008, at p. 6 attached hereto as Ex. C ("[My] Client is motivated to settle so that it may refocus its resources on other TCPA cases").   Consumer Protection Corporation, with Peter Strojnik acting as counsel, has filed at least five different lawsuits just against the Telecommunications Defendants and seeking damages from numerous plaintiffs for facsimiles similar to that at issue in this case.[6]  In some of these lawsuits, Mr. Strojnik filed suit on behalf of his firm; in others, he represents Consumer Protection Corporation.  All the lawsuits share the same underlying complaint that defendants violated the TCPA.

That obtaining attorney's fees is the ultimate goal of the Consumer Protection Corporation and Mr. Strojnik is made clear in Mr. Strojnik's correspondence with counsel

---

[6]  *See* n.4, *supra*.  Strojnik, his firm and/or CPC has filed even more lawsuits similar to the ones against the Telecommunications Defendants.  *See, e.g., Peter Strojnik, P.C. v. Signalife, Inc., et al*., No. 2:08-cv-1116-PHX-FJM (D. Ariz, filed Jun. 16, 2008); *Consumer Protection Corp. v. Stock RX,* No. CV-08-1853-PHX-ROS (D. Ariz, filed Sep. 3, 2008).

Snell & Wilmer

L.L.P.
LAW OFFICES
One Arizona Center, 400 E. Van Buren
Phoenix, Arizona 85004-2202
(602) 382-6000

for DigitalSpeed.  By letter dated November 7, 2008 and relating to all the cases filed on behalf of the Consumer Protection Corporation and Mr. Strojnik's firm against the Telecommunications Defendants, **Mr. Strojnik demanded $750,000 in attorney's fees as a condition of settlement.**  *See* Exh. C - Strojnik Letter at 6 (plaintiff's calculation of defendant's exposure).[7]  According to Strojnik, these fees, will be dedicated to ensuring "[Consumer Protection Corporation's] continued financial ability to prosecute TCPA offenders," presumably by continuing to employ Mr. Strojnik as lead counsel.  Thus, it is manifest that Consumer Protection Corporation's (and the Strojnik's firm's) real agenda is to ensure a steady stream of work and attorney's fees for Peter Strojnik, and continued income for the Strojnik family (*i.e.,* including Tanya Strojnik as an officer and director of CPC) – a result clearly in conflict with the interests of the class as a whole, and grounds even at this early stage for dismissal of the class action portion of this suit as it is currently brought since it clearly does not comport with the requirement under FRCP 23 that the plaintiff must be able to "fairly and adequately protect the interests of the class."

## IV.    CONCLUSION

For the reasons stated above, Defendant Alla Pasternack respectfully requests that this Court dismiss the Complaint.

---

[7] Plaintiff's letter is admissible under Rule 408(b) because it is offered for motive and is not offered for any of the purposes prohibited under FRE 408(a).  *See Resolution Trust Corp. v. Blasdell*, 154 F.R.D. 675, 681 (D. Ariz. 1993) (holding that because defendant introduced settlement letter as evidence to prove motive rather than liability, Rule 408 did not render evidence inadmissible); *see also Cohn v. PetSmart, Inc.*, 281 F.3d 837, 839 (9th Cir. 2002) (allowing evidence from settlement because the evidence was not offered to establish the amount of liability, but merely to indicate Plaintiff's assessment of the value of a trademark).

Snell & Wilmer
—— L.L.P. ——
LAW OFFICES
One Arizona Center, 400 E. Van Buren
Phoenix, Arizona 85004-2202
(602) 382-6000

1    DATED this 3rd day of December, 2008.

2                                    SNELL & WILMER L.L.P.

3

4                        By  s/Jason S. Vanacour

5                            Jason S. Vanacour
                             One Arizona Center
6                            400 E. Van Buren
                             Phoenix, AZ  85004-2202
7                            Attorney for Defendant

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CERTIFICATE OF SERVICE**

I hereby certify that on December 3, 2008, I electronically transmitted the foregoing to the Clerk's Office using the CM/ECF System for filing and mailed a copy via U.S. Mail to the following:

Peter Strojnik
3030 North Central Ave., Suite 1401
Phoenix, Arizona 85012
Attorney for Plaintiff

Joan S. Burke
Mark P. Hummels
Osborn Maledon, P.A.
2929 North Central Ave., 21st Floor
Phoenix, Arizona 85012-2793
Attorneys for Defendants
Driftwood Ventures, Inc.,
Driftwood Hospitality I, Inc.,
DHM Vacations, LLC,
Driftwood Hospitality Management, LLC

Craig W. Phillips
Robert G. Schaffer
Lewis and Roca LLP
40 North Central Ave.
Phoenix, AZ 85004-4429
Attorneys for Defendant
Radisson Hotels International, Inc.


s/ Jason S. Vanacour      .


9323839.1

*Snell & Wilmer*
L.L.P.
LAW OFFICES
One Arizona Center, 400 E. Van Buren
Phoenix, Arizona 85004-2202
(602) 382-6000