Jason S. Vanacour (#022738)
SNELL & WILMER L.L.P.
One Arizona Center
400 E. Van Buren
Phoenix, AZ 85004-2202
Telephone: (602) 382-6369
Facsimile: (602) 382-6070
jvanacour@swlaw.com
Attorney for DigitalSpeed Communications Inc.
& Innovative Communications Inc.

FOR UNITED STATES DISTRICT COURT

THE DISTRICT OF ARIZONA

| | |
|---|---|
| CONSUMER PROTECTION CORP., <br><br> Plaintiff, <br><br> vs. <br><br> RADISSON HOTELS INT'L, INC., et *al.* <br><br> Defendants. | No. CV-08-2205-PHX-NVW <br><br> **MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT DIGITAL SPEED COMMUNICATIONS, INC.'S AND DEFENDANT INNOVATIVE COMMUNICATIONS INC.'S MOTION TO DISMISS** <br><br> **(oral argument requested)** |

Defendant DigitalSpeed Communications, Inc. ("DigitalSpeed") and Defendant Innovative Communications, Inc. ("Innovative") (collectively, the "Telecommunications Defendants"), submit this memorandum of law in support of their motion, pursuant to Federal Rules 8(a), 12(b)(2), and 12(b)(6), to dismiss Plaintiff Consumer Protection Corp.'s Complaint. This Court lacks jurisdiction over the Telecommunications Defendants, Plaintiff's Complaint is deficient under Rule 8(a) as established by the Supreme Court in *Bell Atl. Corp. v. Twombly,* 127 S.Ct. 1955 (2007), Plaintiff fails to adequately allege a violation of the Telephone Consumer Protection Act, and Plaintiff's Complaint on its face demonstrates that a class action cannot be sustained as pled because Plaintiff and its counsel cannot fairly and adequately represent the members of the class.

## I. INTRODUCTION

This action is one of a half-dozen virtually identical cases brought by Peter

9324034.1

Strojnik, P.C. and/or the Consumer Protection Corporation ("CPC"), a company incorporated earlier this year by Peter Strojnik, counsel for Plaintiff in this case. One (if not the only) director of CPC and its president is Mr. Strojnik's wife, Tanya C. Strojnik. The Complaint names more than thirteen defendants that Plaintiff alleges violated the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 et seq., by sending an unsolicited facsimile (the "Fax"). Some of the defendants are companies mentioned in the allegedly unsolicited Fax. Others are companies that allegedly provided the telecommunications services underlying the transmission of the alleged Fax. Still others are private individuals, with limited or no connection to this matter. However, Plaintiff would have the Court believe that all of these defendants are interchangeable. While it would seem that the Complaint would detail at least some specific acts of each of the named defendants, a close reading of the Complaint reveals otherwise. Rather, it is clear that Plaintiff has taken a shotgun approach to this litigation, joining as many defendants as possible in hope that some of the allegations in the Complaint will stick.

This Complaint must be dismissed for four independent reasons:

- As an initial matter, this Court cannot exercise personal jurisdiction over the Telecommunications Defendants. They lack contacts with Arizona sufficient for this Court to exercise jurisdiction over them without offending due process.

- Throughout its Complaint, Plaintiff fails to distinguish among the various defendants and simply alleges facts and counts against "Defendants" without differentiating among them as to the role, if any, each defendant (allegedly) had. Indeed, Plaintiff's allegations in the Complaint, both in general and specifically so far as the Telecommunications Defendants are concerned, are impermissibly pled with a "formulaic recitation of the elements of a cause of action" which does not suffice under the Supreme Court's application of Rule 8 in *Bell Atl. Corp. v. Twombly,* 127 S.Ct. 1955, 1965 (2007).

- On its face, the Complaint does not properly plead a sustainable class action in that the class is inadequately represented by Consumer Protection Corporation as lead plaintiff and Peter Strojnik, as counsel for Plaintiff, due to the (i) appearance of impropriety by Peter in representing CPC in violation of Fed. R. Civ. P. 23(a)(4); (ii) the conflict of interest between Strojnik and CPC in that Peter's wife Tonya is the President of CPC; and (iii) the dual loyalties between Peter and Tonya as husband and wife, all of which precludes Peter

from acting as class counsel and/or CPC acting as lead plaintiff under Fed. R. Civ. P. 23(a)(4).

## II.   STATEMENT OF FACTS

Defendant Innovative is a telecommunications management company.  Businesses hire Innovative to review telecommunications bills for the purpose of identifying errors and suggesting alternative service options to save money.  *See* Declaration of Adam Pasternack ("Pasternack Declaration") at ¶ 5, attached hereto as Exh. A.  Innovative is incorporated and headquartered in Pennsylvania.  *Id*.  Innovative does not provide telecommunications services and has never advertised or provided services in Arizona.  *Id*.  Innovative does not broadcast faxes as part of any service it provides to customers.  *Id*.  Innovative is wholly-owned by Adam H. Pasternack, a named defendant in this lawsuit. *Id*.

Defendant DigitalSpeed is incorporated and headquartered in Pennsylvania.  Pasternack Decl. ¶ 4.  DigitalSpeed is a common carrier that offers inbound and outbound telecommunications services to a variety of business customers through direct sales.  *Id*.  DigitalSpeed does not broadcast faxes as part of any service it provides to customers.  *Id*.  DigitalSpeed does offer toll-free (800, 888, 877, 866 *etc.*) services to its customers. *Id*.  It would appear (though DigitalSpeed does not have definitive knowledge and does not admit at this time) that the individual or company involved in the sending of the facsimile in question may have purchased for its own use toll-free service from DigitalSpeed in order to obtain transport services to the customer's location where a removal service was provided either by the customer or a third party.  *See* Compl. ¶¶ 25-26.  DigitalSpeed is wholly-owned by Adam H. Pasternak, a named defendant in this lawsuit.  Pasternack Decl. ¶ 4.

CPC is an Arizona corporation created by its incorporator Peter Strojnik, who also is acting as counsel for Plaintiff CPC in this action.  *See* CPC Articles of Incorporation and Certificate of Disclosure, attached hereto as Ex. B.  According to CPC's Articles of Incorporation and Certificate of Disclosure, Tanya C. Strojnik, Peter Strojnik's wife, is the

9324034.1

- 3 -

sole director of CPC. *Id.* The address listed on CPC's Articles of Incorporation is identical to that used for the Law Firm of Peter Strojnik. Compl. at 1; Exh. B – CPC Articles of Incorporation at 1. The Certificate of Disclosure was signed by Peter Strojnik as the incorporator for CPC on June 30, 2008. *Id.*

### III. LEGAL ARGUMENT

#### A. The Complaint Should be Dismissed Against DigitalSpeed and Innovative for Lack of Personal Jurisdiction

A federal court applies the personal jurisdiction rules of the forum state. *Scott v. Breeland*, 792 F.2d 925, 927 (9th Cir. 1986). Arizona's long-arm statute permits exercise of personal jurisdiction "to the maximum extent permitted by the [Arizona] Constitution . . . and the Constitution of the United States." Ariz. R. Civ. P. 4.2(a). Because the limits of Arizona's statute are co-extensive with those of due process, the Court must determine whether Arizona may constitutionally assert jurisdiction over the Telecommunications Defendants. *Batton v. Tennesee Farmers Mut. Ins. Co.*, 153 Ariz. 268, 270, 736 P.2d 2, 4 (Ariz. 1987); *Armstrong v. Aramco Services Co.*, 155 Ariz. 345, 348, 746 P.2d 917, 920 (Ariz. Ct. App. 1987).

Courts may assert either general or specific jurisdiction over defendants. *Id.* The former is available only where the defendant "has 'substantial' or 'continuous and systematic' contacts with the forum state." *Id.* (*citing Helicopteros Nacionales v. Hall*, 466 U.S. 408, 414 (1984)). In contrast, a court may exercise specific jurisdiction over a foreign defendant if its less substantial contacts with the forum give rise to the cause of action before the court. *Id.* at 271 (holding that whether specific jurisdiction exists depends on whether "the defendant's conduct and connection with the forum State are such that he should reasonably anticipate being haled into court there") (*citing World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980)).

As the party seeking to establish jurisdiction, Plaintiff bears the burden of establishing that jurisdiction exists. *Scott v. Breeland*, 792 F.2d 925, 927 (9th Cir. 1986) ("When a defendant moves to dismiss for lack of personal jurisdiction, the plaintiff is

9324034.1

- 4 -

1  obligated to come forward with facts, by affidavit or otherwise, supporting personal
2  jurisdiction.") (internal quotations omitted).  Plaintiff has failed to allege sufficient facts to
3  indicate that the Telecommunications Defendants are subject to personal jurisdiction in
4  Arizona.  In fact, the Telecommunications Defendants lack such contacts and no Arizona
5  court can exercise general or specific jurisdiction over them without offending due
6  process.

7          1.  **The Exercise of General Jurisdiction is Inappropriate**

8  "The level of contact required to show general jurisdiction is quite high," *Williams*
9  *v. Lakeview Co.*, 199 Ariz. 1, 3, 13 P.3d 280, 283 (Ariz. 2000), and "requires that the
10 defendant's contacts be of the sort that approximate physical presence." *Bancroft &*
11 *Masters, Inc. v. Augusta Nat'l Inc.*, 223 F.3d 1082, 1086 (9th Cir. 2000) (internal
12 quotations omitted).  For a court to exercise general jurisdiction over a defendant, the
13 court must find that the defendant's contacts with the forum state are "substantial" or
14 "continuous and systematic."  *Id.* (*citing Helicopteros*, 466 U.S. at 415).  In addition, the
15 defendant must "have sufficient minimum contacts with the forum such that exercising
16 jurisdiction does not offend traditional notions of fair play and substantial justice."
17 *Armstrong*, 155 Ariz. at 350, 746 P.2d at 922.  Factors considered in evaluating the extent
18 of contacts include whether the defendant makes sales, solicits or engages in business,
19 designates an agent for service of process, holds a license, or is incorporated in the forum
20 state.  *Bancroft & Masters, Inc.*, 223 F.3d at 1086.

21 The Complaint makes a feeble attempt to allege general jurisdiction over the
22 Telecommunications Defendants by grouping them with the other twelve defendants and
23 alleging that "[u]pon information and belief, Defendants continuously and systematically
24 sent unsolicited faxes to the state of Arizona."  Compl. ¶ 17.d.  However, no support is
25 provided for this conclusory allegation and only a single facsimile has been attached to the
26 Complaint.

27 In fact, the Telecommunications Defendants have no significant contacts with
28 Arizona and thus no grounds exist for the exercise of general jurisdiction.  The

9324034.1

- 5 -

1  Telecommunications Defendants do not regularly conduct business in Arizona; they are
2  neither headquartered nor incorporated in Arizona; they do not maintain bank accounts in
3  Arizona, own property in Arizona, or pay taxes in Arizona.  Employees of the
4  Telecommunications Defendants do not visit there regularly.  Pasternack Decl. ¶ 6.  As
5  such, this Court should refrain from exercising general jurisdiction over the
6  Telecommunications Defendants.  *Armstrong*, 155 Ariz. at 350.

       2.  **The Exercise of Specific Jurisdiction is Inappropriate**

8    When a defendant's activities in the forum state do not subject it to general
9  jurisdiction, the court may still exercise specific jurisdiction over a defendant if "(1) the
10 defendant purposefully directs its activities, or consummates some transaction with the
11 forum state, such that it purposely avails itself of the privilege of conducting business in
12 the forum state; (2) the plaintiff's claim arises out of or relates to the defendant's activities
13 in the forum; and (3) the exercise of jurisdiction in the forum state is reasonable."
14 *Menken v. Emm*, 503 F.3d 1050, 1057 (9th Cir. 2007).  Although specific jurisdiction may
15 arise without the defendant ever being physically present in the forum state, "it does not
16 arise from the plaintiff's or a third party's unilateral activity."  *Williams*, 199 Ariz. at 3
17 (citing *World-Wide Volkswagen v. Woodson*, 444 U.S. 286, 295 (1980)).

18   This Court lacks personal jurisdiction over the Telecommunications Defendants as
19 none of the three requirements for specific jurisdiction described above are met or even
20 alleged.  With respect to the first requirement, the Ninth Circuit utilizes a three part
21 "effects test" as the test for "purposeful availment" in tort cases.  *Menken*, 503 F.3d. at
22 1058.   There are three elements to the effects test: "the defendant allegedly must have (1)
23 committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that
24 the defendant knows is likely to be suffered in the forum state."  *Id.*

25   Plaintiff's allegations with respect to the Telecommunications Defendants do not
26 satisfy the "effects test" because the Complaint fails to allege that any action specifically
27 taken by the Telecommunications Defendants was aimed at Arizona.  Rather, the
28 Complaint contains only conclusory allegations in which all defendants are grouped

9324034.1

- 6 -

1  together.  Compl ¶ 17.a  ("Defendants caused unsolicited faxes to be transmitted to the
2  residents of the State of Arizona, including the Plaintiff herein."); Compl. ¶ 44
3  ("Defendants … used a telephone facsimile machine … to broadcast unsolicited
4  advertisements to telephone facsimile machines to Plaintiff and members of the Class").
5  Indeed, Defendant Innovative is only mentioned individually in paragraph 8 where it is
6  listed as a defendant and in paragraph 9 where it is (groundlessly) alleged to be an "alter
7  ego" of Adam Pasternack.  Plaintiff makes no specific allegations against Defendant
8  Innovative regarding the sending of the facsimile.
9       Similarly, Plaintiff fails to make any allegations with respect to DigitalSpeed that
10  would subject it to personal jurisdiction in Arizona.  The sole individualized allegation
11  against DigitalSpeed is that "[t]he Removal Number [at the bottom of the alleged Fax] is
12  owned and/or issued to Digital[S]peed."  Compl. ¶ 25.  As described above, DigitalSpeed
13  provides toll-free services to its customers, one of whom appears to have used this number
14  to obtain transport services to the customer's location where a removal service was
15  provided either by the customer or a third party.  However, issuance of a phone number to
16  a customer that might receive calls from Arizona cannot be sufficient grounds to justify
17  the exercise of personal jurisdiction over a company – otherwise every business in the
18  country utilizing a phone number would be subject to personal jurisdiction in Arizona.
19  Plaintiff does not make any other allegation specific to DigitalSpeed that suggests that
20  DigitalSpeed's actions were aimed at Arizona.
21       Nothing indicates that DigitalSpeed's apparent assignment of the phone number to
22  a customer was expressly aimed at the state, and Plaintiff's general conclusory allegation
23  that "Defendants caused unsolicited faxes to be sent to be transmitted to the residents of
24  the State of Arizona, including the Plaintiff herein" is too vague to provide for jurisdiction
25  over Telecommunications Defendants.  Compl. ¶ 17.a.  Another District Court in this
26  circuit, when faced with a nearly identical pleading, found the pleading inadequate and
27  dismissed the Complaint for lack of jurisdiction with respect to the defendant.  In *Kirsch
28  v. Cuadra*, 2005 U.S. Dist. LEXIS 25386 (N. Cal. 2005), the Court found that:

9324034.1

- 7 -

> Starting with Plaintiff's Complaint, as the excerpt set forth above illustrates,[1] Plaintiff has not made any allegations as to Defendant Ross's conduct, specifically. Rather, Plaintiff alleges that the defendants, generally, violated the [TCPA] by sending 18 faxes to him containing unsolicited advertisements. These conclusory statements . . . are insufficient to sustain a finding that Defendant Ross either purposefully availed himself of the privilege of conducting activities in California, or committed an intentional act aimed at California.

*Kirsch*, 2005 U.S. Dist. LEXIS 25386 at *20-21 (internal citations omitted).[2]  Here, as in *Kirsch*, Plaintiff "fails to identify any conduct by [the Telecommunications Defendants] that would support a finding that [the Telecommunications Defendants] had the requisite minimum contacts with [the forum state]." *Id.* at *21.

Finally, the third part of the specific jurisdiction test requires that the exercise of jurisdiction be reasonable. "For jurisdiction to be reasonable, it must comport with fair play and substantial justice." *Bancroft & Masters*, 223 F.3d at 1088 (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476 (1985)). Specifically, the "reasonableness" determination requires the consideration of several factors:

> (1) the extent of the defendant's purposeful interjection into the forum state, (2) the burden on the defendant in defending in the forum, (3) the extent of the conflict with the sovereignty of the defendant's state, (4) the forum state's interest in adjudicating the dispute, (5) the most efficient judicial resolution of the controversy, (6) the importance of the forum to the plaintiff's interest in convenient and effective relief, and (7) the existence of an alternative forum.

*Bancroft & Masters*, 223 F.3d at 1088.

Here, Plaintiff cannot make the required showing that the exercise of specific jurisdiction over the Telecommunications Defendants in Arizona would be reasonable. First, the Telecommunications Defendants have not injected themselves into Arizona,

---

[1] In *Kirsh*, plaintiff's Complaint simply stated "Defendants sent eighteen such facsimiles to a facsimile line owned by plaintiff." *Kirsh*, 2005 U.S. Dist LEXIS 25386, at *10.

[2] In *dictum*, *Kirsh* stated that the "conclusory statements" satisfied FRCP8(a). *Id.* at *20-21. It is to be noted, however, that *Kirsh* was decided before the Supreme Court's decision in *Twombly*, which is discussed below.

9324034.1

- 8 -

purposefully or otherwise.  Second, defending a lawsuit across the country and three time zones away would place a significant legal and financial burden upon the Telecommunications Defendants.  Third, assertion of personal jurisdiction by a court in Arizona over a Pennsylvania corporation with no ties to Arizona greatly offends the sovereignty of Pennsylvania.  Fourth, Arizona's interest in adjudicating this dispute is minor – nothing in the record indicates that Arizona's citizens were uniquely targeted to receive the alleged Fax and other forums are more convenient for the Telecommunications Defendants.  Indeed, if, as Plaintiff alleges, a person broadcast the facsimile nationwide, just as many (if nor more) persons received the fax in Pennsylvania as in Arizona.  Fifth, there is no reason to believe that this dispute could not be adequately handled by the Pennsylvania courts, particularly given that, upon information and belief, Defendant Adam Pasternack, Defendant Jane Doe [*i.e.,* Alla ] Pasternack,[3] Defendant DigitalSpeed Communications, Inc., and Defendant Innovative Communications, Inc. are all located in that state.  Finally, Plaintiff has made no showing that having its claims resolved in Arizona is important to the Plaintiff's interests.  Clearly, the great weight of the factors listed above suggests that the exercise of personal jurisdiction by this Court over the Telecommunications Defendants would not comport with the principles of "fair play" and substantial justice" established by the Supreme Court in *Burger King*.  *See Burger King*, 471 U.S. at 476.

**B.     Plaintiff's Complaint Should be Dismissed for Failure to Properly Plead Claims Under Fed. R. Civ. P. 8(a)**

Rule 8(a)(2) of the Federal Rules of Civil Procedure provides that a plaintiff's complaint must set forth "a short and plain statement of the claim . . .."  It is proper to dismiss a complaint that fails to comply with Rule 8(a).  *See*, *e.g.*, *Bell Atl. Corp.*, 127 S.Ct. at 1965 ("a formulaic recitation of the elements of a cause of action will not do"); *Lory v. Ryan,* 2008 WL 4630306 (D.Ariz.) (applying *Twombly*); *Closterman v. Johnson*, 1992 WL 220683 (D. Or. 1992); s*ee also Hatch v. Reliance Ins. Co.*, 758 F.2d 409, 415

---

[3]     Alla Pasternack is Adam's wife. She has filed a motion before this Court to dismiss her from this  litigation, *inter alia,* for lack of personal jurisdiction

9324034.1

- 9 -

1  (9th Cir. 1985) (affirming dismissal under FRCP 8 of complaint that was "confusing and
2  conclusory").

3  In *Closterman*, the court dismissed the complaint for failure to comply with Rule 8
4  because, in part, the complaint "did not separately state [plaintiff's] claims for relief or
5  adequately specify how each named defendant participated in the alleged wrongs." *Id.* at
6  *1. The instant case is one of nearly a half-dozen that Consumer Protection Corp. or Peter
7  Strojnik have brought against the Telecommunications Defendants and more than a dozen
8  other companies in which Plaintiff recites the formulaic elements of a TCPA claim.[4]
9  Here, the Complaint is 16 pages long and its recitations are disjointed, confusing and,
10 most importantly, non-specific as to the Telecommunications Defendants.[5]  Throughout,
11 Plaintiff refers collectively to "Defendants" in reference to the eight individually named
12 parties and numerous unnamed parties without specifying how the allegations apply to
13 any particular defendant. Compl. ¶ 1-15. For example, Plaintiff's Count 1 asserts, in
14 conclusory fashion, that "Defendants … used a telephone facsimile machine … to
15 broadcast unsolicited advertisements to telephone facsimile machines to Plaintiff and the
16 members of the Class" (Compl. ¶ 44) without reciting either in the factual background
17 portion of the Complaint or elsewhere any facts that would "adequately specify how each
18 named defendant participated in the alleged wrongs." *Closterman*, *supra.* [6]  Indeed, other
19 than identifying the Telecommunications Defendants, the Complaint is nearly silent as to
20 any specific role that the Telecommunications Defendants had in violating the Act.

21 In addition, Plaintiff makes numerous references to subsets of defendants, making

---

[4] *Peter Strojnik, P.C. v. The Energy Bull, et al.*, No. 2:08-cv-1017-PHX-ROS (D. Ariz, filed Jun. 2, 2008); *Peter Strojnik, P.C. v. Signalife, Inc., et al.*, No. 2:08-cv-1116-PHX-FJM (D. Ariz, filed Jun. 16, 2008); *Consumer Protection Corp. v. Stock RX,* No. CV-08-1853-PHX-ROS (D. Ariz, filed Sep. 3, 2008); *Consumer Protection Corp. v. Radisson Hotels Int'l, Inc.*, No. CV2008-018530 (Maricopa Cnty. D., filed Sep. 9, 2008); *Consumer Protection Corp. v. Hot Stocks on the Street*, No. CV2008-021681 (Maricopa Cnty D., filed Jun. 9, 2008).

[5] As noted above, Plaintiff makes no specific allegations as to Defendant Innovative Communications role in allegedly sending the fax. The only substantive allegation against Defendant DigitalSpeed Communications is that the removal number on the facsimile is assigned to DigitalSpeed for use by its numbers. Compl. ¶ 25.

[6] Count 2 for Declaratory Judgment is similarly conclusory and inadequate in failing to particularize the acts of each individual defendant.

9324034.1

- 10 -

it impossible to determine any precise acts alleged against any particular defendant. *For example, Plaintiff alleges that "Radisson transmitted to the named Plaintiff the unsolicited fax" (Compl. ¶ 18.a), "[All] Defendants sent to the named Plaintiff and members of the class the [unsolicited faxes]," (Compl. ¶ 20), and then suggests that the faxes were "a tool used by Defendants to 'hook' travelers to attend sales presentations at the Radisson Resort Worldgate" (Compl. ¶ 21) completely ignoring the fact that some of the named defendants are private individuals, some are publicly traded organizations, and still others are privately-owned telecommunications companies. Most significantly for present purposes, the Complaint does not specifically tie Telecommunications Defendants Innovative and DigitalSpeed to any of these allegations beyond the claim that a number for which DigitalSpeed provides telecommunications services is listed on the disputed faxes.

The same is true with regard to the allegations of Conspiracy and Aiding and Abetting (Counts 3 and 4). Counts 3 and 4 are utterly void of any allegations specific to the Telecommunications Defendants. Instead, these counts are pled in a conclusory fashion, and again do not demonstrate how or when the Telecommunications Defendants conspired with or aided abetted anyone.

In short, the allegations in all four counts of the Complaint against the Telecommunications Defendants are merely "a formulaic recitation of the elements of a cause of action" and do not suffice under *Twombly, supra.* Accordingly, the Complaint should be dismissed as to them.

### C.  **Plaintiff's Class Action Claims Should Be Dismissed**

Plaintiff's class action claims should be dismissed because *prima facie* with Peter Strojnik as its attorney, Consumer Protection Corporation cannot fairly and adequately protect the interests of any purported class. Under Rule 23(a) of the Federal Rules of Civil Procedure, there are four preliminary requirements which must be met before an action may be maintained on behalf of a class. It is premature to assess some of these elements. However, for purposes of the present motion, it is clear that Plaintiff will not

9324034.1

- 11 -

1  must be able to meet the requirement in Rule 23 that Plaintiff will "fairly and adequately
2  protect the interests of the class."

3  In this lawsuit, Consumer Protection Corporation is the lead, and indeed only,
4  plaintiff.  However, Consumer Protection Corporation was incorporated by Peter Strojnik,
5  counsel for Plaintiff, and Peter Strojnik's wife, Tanya C. Strojnik, is CPC's president and
6  sole director.  *See* Exh. B – CPC Articles of Incorporation and Certificate of Disclosure.
7  Because of the obvious connections between Consumer Protection Corporation, Peter and
8  Tanya Strojnik, Peter Strojnik can not act as counsel for Plaintiff, because his financial
9  interest in attorney's fees that may be generated by this lawsuit creates an impermissible
10 appearance of impropriety and conflict of interest that disqualifies him and Consumer
11 Protection Corporation from acting jointly in this suit.

12 Specifically, Peter Strojnik impermissibly stands to gain financially from an award
13 of attorney's fees made out of this class action (should it ever be certified) led by a
14 corporation that he formed and for which his wife is an officer and director.  *Phillips v.*
15 *Joint Legislative Committee*, 637 F.2d 1014, 1023-24 (5th Cir.1981) ("[T]he cause for
16 concern is that the class representative may be too generous with the class's money in
17 granting a fee to his own partner or spouse."); *Apple Computer Inc. v. Superior Court of*
18 *L.A. County*, 126 Cal.App. 4th 1253 (Cal. App. 2005) ("An attorney generally may not
19 serve as both class representative and counsel for the class. The concern is that there
20 would be an irreconcilable conflict of interest because the attorney might stand to gain
21 much more in fees than any class member's individual recovery"); *Bradburn*
22 *Parent/Teacher Store, Inc. v. 3M,* 2004 U.S.. Dist. LEXIS 16193 (E.D. P.A. 2004) ("Most
23 courts have also found a class representative inadequate where that class representative
24 maintained a financial interest in an award of attorney's fees to the class counsel.").
25 Indeed, the spousal relationship between lead counsel and lead plaintiff creates an
26 unavoidable conflict.  The Fifth Circuit has gone so far as to adopt a "*per se* rule … that
27 an attorney who is the partner or spouse of a named class representative is disqualified
28 from acting as counsel for the class." *Phillips*, 637 F.2d at 1270.  The Eighth Circuit has

9324034.1

1  taken a similar stance, although it has not formally adopted a *per se* rule.  *Petrovic v.*
2  *Amoco Oil Company*, 200 F.3d 11400 (8th Cir. 1999) ("In situations where there is a close
3  familial bond between a class counsel and a class representative, it seems to us that there
4  is a clear danger that the representative may have some interests in conflict with the best
5  interests of the class as a whole when making decisions that could have an impact on
6  attorney fees.").

7  Here, the husband-wife relationship between Peter Strojnik and Tonya Strojnik, as
8  well as Mr. Strojnik's involvement in the creation of Consumer Protection Corporation,
9  constitutes a clear conflict of interest between him, Consumer Protection Corporation, and
10  the rest of the class.  Indeed, it is clear that Consumer Protection Corporation exists for the
11  sole purpose of generating lawsuits for Mr. Strojnik's law firm to prosecute, according to
12  both CPC's Articles of Incorporation and Strojnik himself.  Exh. B - CPC Articles of
13  Incorporation ("The initial business of the corporation will be the protection of consumers
14  … through litigation"); Letter from Peter Strojnik to Steven Augustino dated November 7,
15  2008, at p. 6 attached hereto as Ex. C ("[My] Client is motivated to settle so that it may
16  refocus its resources on other TCPA cases").   Consumer Protection Corporation, with
17  Peter Strojnik acting as counsel, has filed at least five different lawsuits just against the
18  Telecommunications Defendants and seeking damages from numerous plaintiffs for
19  facsimiles similar to that at issue in this case.[7]  In some of these lawsuits, Mr. Strojnik
20  filed suit on behalf of his firm; in others, he represents Consumer Protection Corporation.
21  All the lawsuits share the same underlying complaint that defendants violated the TCPA.

22  That obtaining attorney's fees is the ultimate goal of the Consumer Protection
23  Corporation and Mr. Strojnik is made clear in Mr. Strojnik's correspondence with counsel
24  for DigitalSpeed.  By letter dated November 7, 2008 and relating to all the cases filed on
25  behalf of the Consumer Protection Corporation and Mr. Strojnik's firm against the

---

[7] *See* n.4, *supra*.  Strojnik, his firm and/or CPC has filed even more lawsuits similar to the ones against the Telecommunications Defendants.  *See, e.g., Peter Strojnik, P.C. v. Signalife, Inc., et al.*, No. 2:08-cv-1116-PHX-FJM (D. Ariz, filed Jun. 16, 2008); *Consumer Protection Corp. v. Stock RX,* No. CV-08-1853-PHX-ROS (D. Ariz, filed Sep. 3, 2008).

9324034.1

- 13 -

Telecommunications Defendants, **Mr. Strojnik demanded $750,000 in attorney's fees as a condition of settlement.** *See* Exh. C - Strojnik Letter at 6 (plaintiff's calculation of defendant's exposure).[8] According to Strojnik, these fees, will be dedicated to ensuring "[Consumer Protection Corporation's] continued financial ability to prosecute TCPA offenders," presumably by continuing to employ Mr. Strojnik as lead counsel. Thus, it is manifest that Consumer Protection Corporation's (and the Strojnik's firm's) real agenda is to ensure a steady stream of work and attorney's fees for Peter Strojnik, and continued income for the Strojnik family (*i.e.,* including Tanya Strojnik as an officer and director of CPC) – a result clearly in conflict with the interests of the class as a whole, and grounds even at this early stage for dismissal of the class action portion of this suit as it is currently brought since it clearly does not comport with the requirement under FRCP 23 that the plaintiff must be able to "fairly and adequately protect the interests of the class."

## IV. CONCLUSION

For the reasons stated above, Defendants DigitalSpeed Communications Inc. and Innovative Communications Inc. respectfully requests that this Court dismiss the Complaint.

DATED this 3 day of December, 2008.

                          SNELL & WILMER L.L.P.

                          By  s/ Jason S. Vanacour
                                Jason S. Vanacour
                                One Arizona Center
                                400 E. Van Buren
                                Phoenix, AZ  85004-2202
                                Attorney for Defendant

---

[8] Plaintiff's letter is admissible under Rule 408(b) because it is offered for motive and is not offered for any of the purposes prohibited under FRE 408(a). *See Resolution Trust Corp. v. Blasdell*, 154 F.R.D. 675, 681 (D. Ariz. 1993) (holding that because defendant introduced settlement letter as evidence to prove motive rather than liability, Rule 408 did not render evidence inadmissible); *see also Cohn v. PetSmart, Inc.*, 281 F.3d 837, 839 (9th Cir. 2002) (allowing evidence from settlement because the evidence was not offered to establish the amount of liability, but merely to indicate Plaintiff's assessment of the value of a trademark).

9324034.1

- 14 -

# **CERTIFICATE OF SERVICE**

I hereby certify that on December 3, 2008, I electronically transmitted the foregoing to the Clerk's Office using the CM/ECF System for filing and mailed a copy via U.S. Mail to the following:

Peter Strojnik
3030 North Central Ave., Suite 1401
Phoenix, Arizona 85012
Attorney for Plaintiff

Joan S. Burke
Mark P. Hummels
Osborn Maledon, P.A.
2929 North Central Ave., 21st Floor
Phoenix, Arizona 85012-2793
Attorneys for Defendants
Driftwood Ventures, Inc.,
Driftwood Hospitality I, Inc.,
DHM Vacations, LLC,
Driftwood Hospitality Management, LLC

Craig W. Phillips
Robert G. Schaffer
Lewis and Roca LLP
40 North Central Ave.
Phoenix, AZ 85004-4429
Attorneys for Defendant
Radisson Hotels International, Inc.


s/ Jason S. Vanacour            .

9324034.1