1 **WO**

**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Consumer Protection Corporation, ) | No. CV-08-2205-PHX-FJM |
| Plaintiff, ) | **ORDER** |
| vs. ) | |
| DigitalSpeed Communications, Inc., et al.,) | |
| Defendants. ) | |

This action is one of many cases brought by Peter Strojnik, P.C., or Consumer Protection Corporation, alleging that individuals and entities transmitted unsolicited facsimile advertisements in violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. The plaintiff in this case is Consumer Protection Corporation ("plaintiff"), an Arizona corporation, incorporated by Peter Strojnik, with Strojnik's wife as the sole shareholder. Strojnik is also acting as plaintiff's counsel. Plaintiff purports to assert claims on behalf of itself and others, alleging that thirteen defendants violated the TCPA by sending an unsolicited facsimile for the purpose of marketing a vacation time-share property. Some of the originally named defendants were mentioned in the unsolicited facsimile, others allegedly provided telecommunications services in the transmission of the facsimile, and others stood to gain increased business as a result of the unsolicited advertisement. After several dismissals, the remaining defendants are DigitalSpeed Communications, Inc.

1 ("DigitalSpeed"), Adam Pasternack, DigitalSpeed's president and CEO, and Alla Pasternack,
2 Adam Pasternack's wife. We now have before us motions to dismiss by Alla Pasternack
3 (doc. 4), Adam Pasternack (doc. 6), and DigitalSpeed (doc. 8); plaintiff's respective
4 responses (docs. 27, 26, 28), and defendants' respective replies (docs. 35, 37, 36).

5 Today we issued an order in one of the companion cases, Peter Strojnik, P.C. v.
6 Signalife, Inc., No. CV-08-1116 (D. Ariz. June 16, 2008), where plaintiff Peter Strojnik,
7 P.C., asserted that DigitalSpeed, Adam Pasternack, Alla Pasternack, and others violated the
8 TCPA by sending an unsolicited facsimile to a fax machine in Arizona for the purpose of
9 advertising Signalife, Inc. stock. In both cases, DigitalSpeed and Adam and Alla Pasternack
10 move to dismiss the complaint for lack of personal jurisdiction. The parties' arguments and
11 evidence, and therefore our conclusion on the issue of personal jurisdiction, are identical in
12 both cases. Accordingly, based on our analysis set forth in our order in Peter Strojnik, P.C.
13 v. Signalife, Inc., No. CV-08-1116 (D. Ariz. March 9, 2009) (doc. 50), we conclude that we
14 lack personal jurisdiction over DigitalSpeed, Adam Pasternack, and Alla Pasternack. We
15 also deny plaintiff's motion for leave to conduct additional jurisdictional discovery.

16 **IT IS ORDERED GRANTING** Alla Pasternack's motion to dismiss (doc. 4),
17 **GRANTING** Adam Pasternack's motion to dismiss (doc. 6), and **GRANTING**
18 DigitalSpeed's motion to dismiss (doc. 8). The complaint is dismissed for lack of personal
19 jurisdiction.

20 DATED this 9th day of March, 2009.

*Frederick J. Martone*
Frederick J. Martone
United States District Judge